IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-BNB

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DAVID OBA,
PATRICK BLAKE,
ANGIE TURNER,
CORRECTIONS CORPORATION OF AMERICA,
DOLORES MONTOYA,
DEBRA FOSTER,
JULIE RUSSELL,
SUSAN JONES,
KATHY HOWELL,
TIM CREANY,
ANTHONY DECESARO,
PAUL CLINE,
LOU ARCHULETTA,
YVETTE BROWN,
DAVID TESSIERE,
RICK RAEMISCH, and
KELLIE WASKO,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Jason Brooks, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Brooks has filed *pro se* an eighty-five-page Prisoner Complaint (ECF No. 1) including fifty-eight pages of attachments asserting claims under 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12133.

The Court must construe the Prisoner Complaint liberally because Mr. Brooks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brooks will be ordered to file an amended Prisoner Complaint if he wishes to pursue claims against all of the named Defendants in this action.

The Court finds that the complaint is deficient in various respects. First, the Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Brooks' complaint is unnecessarily prolix.  Plaintiff asserts four claims of cruel and unusual punishment, denial of due process, discrimination under the ADA, and denial of access to the courts.  He bases each of his four claims on the same allegations contained in sixteen pages in the section designated "C.  Nature of the Case."  ECF No. 1 at 7-22.  Those assertions stem from his allegedly inadequate dental treatment for a tooth and inadequate medical treatment for chronic ulcerative colitis that arose while he was incarcerated at the Bent County Correctional Facility and continues during his current incarceration at the Fremont Correctional Facility.  In addition, it is not clear how Mr. Brooks rights under the ADA have been violated by the Defendants he names.

As a result, Mr. Brooks fails to assert his claims in a manner that is clear and concise and allows the Court and Respondents to understand and respond to each asserted claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The complaint also is deficient because Mr. Brooks fails to allege facts that demonstrate that each of the named Defendants personally participated in the asserted constitutional violations.  For example, Mr. Brooks is suing a grievance officer, Anthony A. DeCesaro, whose only apparent involvement in the alleged constitutional violations was to deny his grievances.  Such allegations are not sufficient to hold this Defendant liable under § 1983.  "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal

participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

In addition, Mr. Brooks may not hold Defendants such as Susan Jones, warden at the Fremont Correctional Facility, or Angie Turner, health service administrator at the Bent County Correctional Facility, liable based on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Similarly, Mr. Brooks may not hold Corrections Corporation of America (CCA) liable on a theory of respondeat superior.  *See Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005).  In order to state a cognizable claim against CCA, Mr. Brooks "must show that CCA directly caused the constitutional violation by instituting an official municipal policy of some nature that was the direct cause or moving force behind the constitutional violation."  *Id.* (internal citation and quotation marks omitted).

Mr. Brooks also may not sue the DOC for money damages.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

If Mr. Brooks wishes to pursue a constitutional claim or claims against the named Defendants, he must file an amended complaint that identifies what those Defendants did that allegedly violated his constitutional rights.  In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). In order to state a claim in federal court, Mr. Brooks "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*

*v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Therefore, Mr. Brooks should name as Defendants only those persons he contends actually violated his federal constitutional rights.

Mr. Brooks may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Brooks uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Lastly, Mr. Brooks fails to provide an address for each named Defendant. Mr. Brooks must provide a current address for each named Defendant so that each Defendant can be properly served.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Brooks will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Jason Brooks, file **within thirty (30) days from the date of this order** an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Brooks shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Brooks fails to file an amended complaint that complies with this order within the time allowed, some or all claims and Defendants may be dismissed.

DATED October 24, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge