IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-BNB

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DAVID OBA,
PATRICK BLAKE,
ANGIE TURNER,
CORRECTIONS CORPORATION OF AMERICA,
DOLORES MONTOYA,
DEBRA FOSTER,
JULIE RUSSELL,
SUSAN JONES,
KATHY HOWELL,
TIM CREANY,
ANTHONY DECESARO,
PAUL CLINE,
LOU ARCHULETTA,
YVETTE BROWN,
DAVID TESSIERE,
RICK RAEMISCH, and
KELLIE WASKO,

    Defendants.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Jason Brooks, is a prisoner in the custody of the Colorado Department of Corrections who is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He has submitted *pro se* a Prisoner Complaint (ECF No. 1), and has been granted leave to proceed pursuant to 28 U.S.C. § 1915. On October 23, 2013, Mr. Brooks filed a motion for a preliminary injunction (ECF No. 4).

The Court must construe liberally the October 23 motion for a preliminary injunction because Mr. Brooks is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion for a preliminary injunction will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  Because Mr. Brooks is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Mr. Brooks asks that medical staff reasonably accommodate his ulcerative colitis

by providing him with a medical pass to eat in the chow hall when he is able, extra toilet paper, and three daily drink supplements, and by eliminating delays in seeing the gastroenterologist. He also asks for additional time in the law library to litigate the instant action and to be transferred to the Colorado Territorial Correctional Facility. The allegations in the motion for preliminary injunction are related to the claims asserted in the complaint Mr. Brooks filed.

Mr. Brooks's allegations do not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for a preliminary injunction will be denied.

Accordingly, it is

ORDERED that the motion for a preliminary injunction (ECF No. 4) that Plaintiff, Jason Brooks, filed on October 23, 2013, is denied. It is

FURTHER ORDERED that the motion for appointment of counsel (ECF No. 7) that Plaintiff filed on November 8, 2013, is denied as premature. It is

FURTHER ORDERED that Plaintiff continues to have thirty days from the date of the order of October 24, 2013 (ECF No. 6) in which to file an amended complaint as directed.

DATED at Denver, Colorado, this  13th  day of   November        , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK
Senior Judge, United States District Court