IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-BNB

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DAVID OBA,
PATRICK BLAKE,
ANGIE TURNER,
CORRECTIONS CORPORATION OF AMERICA,
DEBRA FOSTER,
JULIE RUSSELL,
KATHY HOWELL,
TIM CREANY,
ANTHONY DECESARO,
PAUL CLINE,
LOU ARCHULETTA,
YVETTE BROWN,
DAVID TESSIERE,
RICK RAEMISCH,
DOLORES MONTOYA, and
RON WAGER,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE TO A PRESIDING JUDGE

    Plaintiff, Jason Brooks, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. He submitted *pro se* an amended Prisoner Complaint (ECF No. 11) pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12133. He asks for declaratory and injunctive relief and money damages.

Mr. Brooks has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Brooks is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended Prisoner Complaint liberally because Mr. Brooks is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Prisoner Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Brooks asserts thirteen claims that he suffers from debilitating symptoms of chronic ulcerative colitis and dental issues.  On the basis of these allegations, he asserts violations of his Eighth Amendment right to be free from cruel and unusual punishment, Fourteenth Amendment right to due process, and First Amendment right of

access to the courts.  He also asserts ADA violations.  All but claims seven and ten will be drawn to a presiding judge and, if appropriate, to a magistrate judge.

### Claim Seven

As his seventh claim, Mr. Brooks complains that Defendant, Anthony DeCesaro, violated his Eighth Amendment right to be free from cruel and unusual punishment by denying his 38 grievances and over 100 pages of complaints without alerting Plaintiff's superiors to examine the merits of his medical complaints, taking steps to relieve Plaintiff's pain, or providing reasonable accommodation in violation of the ADA.  Mr. Brooks' claim against Mr. DeCesaro, the Step III grievance officer, fails because "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted).  In addition, Title II of the ADA does not impose liability on individuals. *See Montez v. Romer*, 32 F.Supp.2d 1235, 1240-41 (D. Colo. 1999).  Mr. DeCesaro therefore is an improper party to this action.  The claim against him will be dismissed as legally frivolous, and Mr. DeCesaro will be dismissed as a party to this lawsuit.

### Claim Ten

As his tenth claim, Mr. Brooks complains that Yvette Brown, the law librarian at the Fremont Correctional Facility, and the DOC violated his First Amendment right of access to the courts by limiting his library access to 2 1/2 hours a week until October

3

15, 2013, when DOC policy changed, and by imposing a 30-page limit and requiring Plaintiff to retype his entire Prisoner Complaint when the Court ordered him to file an amended Prisoner Complaint because his original Prisoner Complaint allegedly was deleted from the library computer pursuant to DOC policy. He complains that such actions delayed him in filing his original and amended complaints.

Mr. Brooks' tenth claim is without merit. A prisoner must demonstrate actual injury from interference with his access to the courts – that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351-55 (1996). Mr. Brooks' access-to-the-courts allegations against Ms. Brown and the DOC fail this test because Plaintiff does not allege he was impeded in his ability to file his complaints and pursue his claims in this action. Mr. Brooks' tenth claim will be dismissed as legally frivolous. Ms. Brown will be dismissed as a party to this lawsuit.

<u>Claim Thirteen</u>

To the extent Mr. Brooks sues Mr. DeCesaro for violating his Fourteenth Amendment due process rights, the claim against him will be dismissed as legally frivolous, and Mr. DeCesaro will be dismissed as a party to this lawsuit for the same reasons discussed in claim seven above.

Accordingly, it is

ORDERED that claim seven asserted against Defendant Anthony DeCesaro and claim ten asserted against Defendants Yvette Brown and the Colorado Department of Corrections are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the portion of claim thirteen asserted against Anthony DeCesaro is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that Anthony DeCesaro and Yvette Brown are dismissed as parties to this action.  It is

FURTHER ORDERED that remaining claims one, two, three, four, five, six, eight, nine, eleven, twelve, and thirteen asserted against the remaining Defendants and the case are drawn to a presiding judge and, if appropriate, to a magistrate judge.  It is

FURTHER ORDERED that the only remaining Defendants are the Colorado Department of Corrections, David Oba, Patrick Blake, Angie Turner, Corrections Corporation of America, Debra Foster, Julie Russell, Kathy Howell, Tim Creany, Paul Cline, Lou Archuletta, David Tessiere, Rick Raemisch, Dolores Montoya, and Ron Wager.

DATED March 18, 2014, at Denver, Colorado.

                                      BY THE COURT:


                                        s/Lewis T. Babcock
                                      LEWIS T. BABCOCK
                                      Senior Judge, United States District Court