IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-CBS

JASON BROOKS,

           Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DAVID OBA,
PATRICK BLAKE,
ANGIE TURNER,
CORRECTIONS CORPORATION OF AMERICA,
DEBRA FOSTER,
JULIE RUSSELL,
KATHY HOWELL,
TIM CREANY,
PAUL CLINE,
LOU ARCHULETTA,
DAVID TESSIERE,
RICK RAEMISCH,
DOLORES MONTOYA, and
RON WAGER,
           Defendants.

---

ORDER AND OPINION REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION

---

Magistrate Judge Shaffer

      This matter comes before the court on Plaintiff's Motion for Reconsideration (Doc. 60) filed on October 27, 2014.  Pursuant to the Order of Reference dated July 1, 2014, this civil action was referred to the Magistrate Judge "for all purposes" pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges and Title 28 U.S.C. § 636(c).  (*See* Doc. #44).  This court has carefully considered the motion and related

briefing, as well as the entire case file. For the following reasons, the court denies Plaintiff's Motion for Reconsideration.

## BACKGROUND

On December 26, 2013, Mr. Brooks, a *pro se* prisoner incarcerated in the Colorado Department of Corrections ("CDOC") filed a 72-page amended complaint (Doc. 11), asserting thirteen claims for relief, two of which were dismissed as frivolous. (*See* Doc. 14). Thereafter, Defendants Cline, Archuleta, Tessier, Russell, Wager, Raemisch, Howell, Creany, Montoya, and the CDOC (collectively "CDOC Defendants") filed a Motion to Dismiss the Amended Complaint in part. (Doc. 36). On October 17, 2014, the court granted the motion to dismiss, but gave Plaintiff leave to amend his Eighth Amendment claims ("Order"). (*See* Doc. 59). On October 27, 2014, Plaintiff filed a motion (Doc. 60) styled as a "Motion for Reconsideration." In this motion, Plaintiff ostensibly seeks reconsideration of the court's dismissal of his claim under the Americans with Disabilities Act ("ADA"). However, the substance of Plaintiff's motion requests an opportunity to amend his complaint with additional allegations to support a claim under the ADA. Nevertheless, under either form — reconsideration or amendment — the court concludes that Plaintiff is not entitled to relief.

## DISCUSSION

### A. Motion for Reconsideration

As the Tenth Circuit has discussed, the Federal Rules of Civil Procedure do not recognize a motion to reconsider. *Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Motions styled as "motions for reconsideration" are construed in one of two ways: (1) a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e); or (2) a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).

If the motion is filed timely under both rules, how the court construes it depends on the reasons expressed by the movant. *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (citing *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005)). A motion under Rule 59(e) is the appropriate vehicle "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A Rule 60(b) motion is appropriate for, among other things, "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(1), (2). In the case at hand, Plaintiff's motion for reconsideration both argues that the court incorrectly interpreted the pleadings, and asks for the opportunity to present new allegations. Under the authority above, therefore, this motion is more appropriately construed as a Rule 59(e) motion to alter or amend the judgment.

In the Tenth Circuit, it is well established that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. These motions are not to be used as a vehicle for "revisit[ing] issues already addressed or advanc[ing] arguments that could have been raised in prior briefing." *Id*. (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Furthermore, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark*, 57 F.3d at 944.

Here, Plaintiff does not argue that there have been any intervening changes in the controlling law. Rather, he contends that the court misapprehended his ADA claim because his pleading was insufficient to develop a correct explanation of his claim. Consequently, he offers new allegations in support of his ADA claim. And he attempts to incorporate a declaration (Doc. 57) that was submitted in support of his separate Motion for Preliminary Injunction (Doc. 49). However, these "new" allegations do not involve previously unavailable evidence. Indeed, it is quite clear that Plaintiff has long been aware of the facts underlying these allegations. "Rule 59(e) is aimed at *re*consideration not initial consideration." *Bldg. & Const. Trades Dept., AFL-CIO v. Rockwell Intern. Corp.*, 758 F.Supp. 1428, 1429 (D.Colo. 1991) (citing *Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir. 1990)). Plaintiff cannot use Rule 59(e) to raise arguments and present evidence that could, and should, have been presented before the judgment issued. *Id.*; *see also Logan v. Andrus*, 640 F.2d 269, 271 (10th Cir. 1981), *cert denied*, 454 U.S. 816 (1984) (no error where trial court refused to consider an issue raised for the first time in post-judgment motions).

Furthermore, Plaintiff's motion — at its core — simply attempts to reargue issues and facts that were previously addressed by the court. In the Order, the court noted that Plaintiff "claims only that his ability to attend regularly scheduled meals and recreation is curtailed when his symptoms are inflamed." (Doc. 59 at 28). The court concluded, consequently, that Plaintiff had failed to allege that his ulcerative colitis substantially limited his major life activities and constituted a disability. *Id*. Plaintiff's motion to reconsider contends that this conclusion was erroneous and further argues that his condition does, in fact, limit his major life activities.[1] However, this attempt to reargue is an inappropriate use of a Rule 59 motion and accordingly,

---

[1] The court also notes that Plaintiff's new allegations only provide more detail as to how his condition affects his life *when it is inflamed*. *See* Doc. 60 at 2-4.

4

the court declines to grant Plaintiff the relief that he seeks. *See Does*, 204 F.3d at 1012 (reconsideration "is not appropriate to revisit issues already addressed").

**B.  Motion to Amend Complaint**

To the extent that Plaintiff's motion for reconsideration should be construed as a motion to amend his complaint, the court concludes that relief is not warranted because Plaintiff has not complied with the Federal Rules of Civil Procedure and, moreover, amendment would be futile.

Under Rule 15(a), a party may amend his pleadings once as a matter of course within 21 days after the service of a responsive pleading or a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Thereafter, "a party may amend [his] pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In addition, Colorado's local rules provide, in pertinent part, that "[a] party who files an opposed motion for leave to amend a pleading shall attach as an exhibit a copy of the proposed amended pleading which strikes through (e.g. ~~strikes through~~) the text to be deleted and underlines (e.g. underlines) the text to be added . . . ." D.C.Colo.LCivR 15.1.

Here, instead of attaching a copy of the proposed amended complaint, Plaintiff presents his proposed new allegations within his motion. Thus, Plaintiff has failed to comply with the Rules governing amended pleadings. In considering Plaintiff's filing, the court is mindful that Plaintiff is proceedings *pro se* and, therefore, the court construes his pleadings liberally and holds him to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("*Pro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). The court must apply the same standards to counsel licensed to practice law and to *pro se* parties. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). That Plaintiff failed to comply with the Federal Rules is reason alone to deny his motion.

Furthermore, even if Plaintiff's motion complied with the rules, any amendment based upon the new allegations would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted).

In the Order, the court concluded that Plaintiff had failed to allege "that Defendants had acted with discriminatory motive in denying him the accommodations he requested." (Doc. 59 at 29). In the present motion, Plaintiff now alleges that another inmate with ulcerative colitis received the various accommodations that Plaintiff desires. (Doc. 60 at 7-4). Plaintiff argues:

> So why has the plaintiff be [sic] denied ALL these things? It is discrimination—point blank—and the plaintiff is not being treated the same as those similarly situated. This is objective proof of discrimination and needs to be addressed by this Court.

*Id*. These statements, however, do not establish discriminatory animus on the part of Defendants. Rather, they are simply unsupported conclusion of law. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) ("[A] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted). Because Plaintiff's "new" allegations again fail to establish that a discriminatory motive was a determining factor in Defendants' actions, amendment of the complaint would be futile. *See Carter v. Pathfinder Energy Services, Inc.*, 662 F.3d 1134, 1149 (10th Cir. 2011) (instructing that discriminatory motive must be a "determining factor" in defendants' actions).

6

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 60) is DENIED.

DATED at Denver, Colorado, this 10th day of June, 2015.

                                          BY THE COURT:

                                          s/Craig B. Shaffer_____
                                          United States Magistrate Judge