IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02894-CBS

JASON BROOKS,

        Plaintiff,

v.

DAVID OBA,
PATRICK BLAKE,
ANGIE TURNER,
CORRECTIONS CORPORATION OF AMERICA,
JULIE RUSSELL,
KATHY HOWELL,
DAVID TESSIERE, and
TRUDY SICOTTE,

        Defendants.

## ORDER

Magistrate Judge Craig B. Shaffer

        This action comes before the court on Plaintiff Jason Brooks' "Motion for Review of Clerk's Bill of Costs Determination." Doc. 176. This court has carefully considered the motion as well as the CCA Defendants' Response (Doc. 178), the entire case file, and the applicable law. For the following reasons, the court denies Plaintiff's Motion.

        In civil litigation, it is inevitable that *someone* must bear the costs associated with the lawsuit. Federal Rule of Civil Procedure 54(d) provides that costs are to be awarded to a prevailing party as a matter of course, unless otherwise provided by statutes, rules, or court orders. "[I]t is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local*

*2021*, 69 F.3d 456, 458-59 (10th Cir. 1995). When a losing party seeks to shift the burden of costs, it necessarily entails a conclusion that it is fairer for the prevailing party to be saddled with those expenses. Consequently, the burden is on the cost-opposing party to overcome this presumption. *Rodriguez v. Whiting Farms, Inc.,* 360 F.3d 1180, 1190 (10th Cir.2004). Furthermore, when a district court denies costs to a prevailing party, it must provide a valid reason for the denial. *Id.*

In this case, Plaintiff proceeded *in forma pauperis*, and his indigence is a factor for this court's consideration in determining whether to deny Defendants' presumptive entitlement to costs. Plaintiff's indigence is by no means dispositive and the court observes that Congress has specifically provided that litigants proceeding *in forma pauperis* shall be liable for costs in the same manner "as in other proceedings." 28 U.S.C. § 1915(f)(1). Further, indigency alone "is not sufficient in itself to overcome the presumption" that costs will be awarded to the prevailing party. *Mundell v. Bd. of County Com'rs of Saguache County,* No. 05-cv-00585-REB-MJW, 2007 WL 1061510, *1 (D. Colo. April 5, 2007) (unpublished decision) (finding that "[a]lthough indigency is one circumstance that may justify a denial of costs, in this circuit, it is not sufficient in itself to overcome the presumption created by Rule 54(d)(1).").

In his motion, Plaintiff relies on his indigence and his good faith in bringing his claims as reasons to deny the Defendants an award of costs. Doc. 176 at 1-2. Plaintiff stated that he would supplement his brief with financial support for his claim of idigency; however, to date, no documents have been provided to this court. While the court is sympathetic to Plaintiff's financial hardships, it also agrees that "[j]ust as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must [indigent plaintiffs] learn to exercise discretion and judgment in their litigious activity and

accept the consequences of their costly lawsuits." *McGill v. Faulkner,* 18 F.3d 456, 460 (7th Cir.1994). "Indeed, because the *in forma pauperis* statute frees them from the obligation of paying filing fees, costs of service, etc., the specter of a judgment for costs is one of the few mechanisms that serve to check and moderate the litigiousness of indigent parties." *Jorgensen v. Montgomery*, No. 06-cv-00853-MSK-BNB, 2009 WL 1537958, at *2 (D. Colo. May 31, 2009).

Furthermore, the court notes that Plaintiff has pointed to nothing that the Defendants have done that caused or exacerbated his indigence, and — as to his good faith — the court assumes that all of the parties to this action have litigated in good faith. Consequently, the court finds that on balance, Plaintiff's indigency does not necessitate a conclusion that the costs associated with this litigation should be imposed on Defendants.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the court DENIES Plaintiff's "Motion for Review of Clerk's Bill of Costs Determination." Doc. 176. Defendants — as the prevailing parties — are entitled to their costs pursuant to Fed. R. Civ. P. 54(d)(1). Plaintiff's counsel shall ensure that Plaintiff is notified of this court's decision and shall provide Plaintiff with a copy of this order.[1]

DATED at Denver, Colorado, this 23rd day of January, 2017.

BY THE COURT:

 *s/Craig B. Shaffer*
United States Magistrate Judge
District of Colorado

---

[1] The court recognizes that Plaintiff's counsel has moved to withdraw as attorney of record in this case. Doc. 177. When Plaintiff's counsel has completed his above obligations — as evidenced by an affidavit filed with the court — the court will address counsel's motion to withdraw.