**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JASON BROOKS,

Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF CORRECTIONS; DAVID OBA; PATRICK BLAKE; ANGIE TURNER; CORRECTIONS CORPORATION OF AMERICA; DEBRA FOSTER; JULIE RUSSELL; KATHY HOWELL; TIMOTHY CREANY; DAVID TESSIERE; DOLORES MONTOYA; TRUDY SICOTTE; LOU ARCHULETTA,

Defendants - Appellees.

No. 16-1469
(D.C. No. 1:13-CV-02894-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.

---

* Oral argument would not materially help us to decide this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we are deciding the appeal based on the briefs.

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

This appeal arises out of a suit by a state prisoner, Mr. Jason Brooks, afflicted with ulcerative colitis and a painful tooth. Unhappy with his medical treatment, meal access, and allotment of toilet paper, Mr. Brooks has sued the state department of corrections, some of its employees, the owner of a private prison, and some of the owner's employees. The suit includes (1) claims under Title II of the Americans with Disabilities Act for failure to accommodate a disability and (2) claims under 42 U.S.C. § 1983 for violation of the Eighth Amendment. The district court

- dismissed Mr. Brooks's claims under Title II of the Americans with Disabilities Act and
- granted summary judgment to the defendants on the remaining § 1983 claims.

In addition, the district court struck Mr. Brooks's requests for partial summary judgment.

We affirm in part and reverse in part.

## I. Mr. Brooks's Requests for Partial Summary Judgment

When responding to the defendants' summary judgment motions, Mr. Brooks requested partial summary judgment for himself. The district court struck these requests because they were late and violated a local rule prohibiting parties from including motions in the body of response briefs. D. Colo. L. Civ. R. 7.1(d). The district court did not err in striking the requests on these grounds.

## II. The Defendants' Motion to Dismiss: Claims Under the Americans with Disabilities Act

The district court dismissed the claims under Title II of the Americans with Disabilities Act against the Colorado Department of Corrections, Ms. Russell, Ms. Howell, and Mr. Tessiere. We affirm the dismissal of the Title II claims against Ms. Russell, Ms. Howell, and Mr. Tessiere in their individual capacities. But we reverse the dismissal of the Title II claims against the three individuals in their official capacities and against the Colorado Department of Corrections.

### A. Individual-Capacity Claims

The individual-capacity claims were properly dismissed because Title II does not create individual liability. *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999).

### B. Official-Capacity Claims and Claims Against the Colorado Department of Corrections

In addition to the individual-capacity claims, Mr. Brooks also brought Title II claims against the same individuals in their official capacities and against the Colorado Department of Corrections. These claims were also dismissed. The dismissal of these claims went too far.

Invoking the Americans with Disabilities Act, Mr. Brooks alleged that prison officials should have provided him with a special meal pass and extra toilet paper because his ulcerative colitis required frequent and unanticipated bathroom trips. The district court concluded that these

allegations were not actionable because (1) Mr. Brooks had not alleged enough facts to find a disability and (2) he had not alleged a denial of services provided to other prisoners.

On appeal, the defendants admit that Mr. Brooks alleged enough facts to find a disability. But the defendants support the district court's ruling that Mr. Brooks did not allege a denial of services, programs, or activities based on his disability.

In considering the dismissal, we engage in de novo review, crediting Mr. Brooks's well-pleaded factual allegations as true and viewing them in the light most favorable to Mr. Brooks. *Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017).

To state a valid claim, Mr. Brooks had to allege that he was excluded from services, programs, or activities because of his disability. *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007). Mr. Brooks could satisfy this requirement by alleging a failure to allow meaningful access to the prison's services, programs, or activities. *Id.* at 1195. But the district court failed to consider whether the first amended complaint had stated enough facts to find a denial of meaningful access.

The defendants argue that (1) they accommodated the disability by providing Mr. Brooks with adult undergarments and (2) a meal pass could have jeopardized security. To evaluate these arguments, we consider the extent of the defendants' obligation to accommodate Mr. Brooks's

disability. The defendants could decline requested accommodations if they would fundamentally alter the nature of the service or create an undue burden. *Robertson*, 500 F.3d at 1196.

First, the defendants contend that adult undergarments sufficiently accommodated Mr. Brooks's disability. But Mr. Brooks's allegations could plausibly suggest that adult undergarments were an insufficient accommodation. Mr. Brooks didn't want adult undergarments; he wanted a special meal pass that would allow him to eat before or after designated times if he was too ill to attend meals.

Second, the defendants allege that a special meal pass would create security problems. But we are addressing a motion to dismiss for failure to state a valid claim, so we are confined to the first amended complaint. *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). There Mr. Brooks alleged that he was given a special meal pass for three months in early 2012, and nothing in the complaint would suggest security problems.[1]

Finally, the defendants argue that the Americans with Disabilities Act does not create a remedy for deficient medical care. But Mr. Brooks is not invoking the Americans with Disabilities Act to complain about his

[1] Mr. Brooks also requested extra toilet paper, and the defendants argue that he has not tied this request to the denial of a service, program, or activity. We need not decide this issue because under Title II, the alleged denial of a special meal pass could create liability even if the denial of extra toilet paper would not.

medical care; he is claiming a failure to provide adequate accommodations to allow the same access to services, programs, and activities that are available to prisoners without disabilities. As a result, the district court erred in dismissing the Title II claims against the Colorado Department of Corrections and the official-capacity claims against Ms. Howell, Ms. Russell, and Mr. Tessiere.[2]

## III. The Defendants' Motion for Summary Judgment: Claims Under the Eighth Amendment

Mr. Brooks also alleges Eighth Amendment violations by the owner of a private prison and six individuals (Mr. Sicotte, Mr. Tessiere, Ms. Russell, Dr. Oba, Ms. Turner, and Dr. Blake). On these claims, the district court granted summary judgment to the defendants. We agree with the grant of summary judgment for the owner of the private prison, Ms. Sicotte, Mr. Tessiere, Dr. Oba, and Ms. Turner. But we reverse the grant of

---

[2] On remand, reconsideration of these claims could affect the district court's jurisdiction over the Title II claims. The Colorado Department of Corrections ordinarily enjoys sovereign immunity. *Griess v. Colo.*, 841 F.2d 1042, 1044 (10th Cir. 1988). But an exception exists when sovereign immunity is abrogated. *Mojsilovic v. Okla. ex rel. Bd. of Regents for Univ. of Okla.*, 841 F.3d 1129, 1131 (10th Cir. 2016). To determine whether Title II abrogates sovereign immunity, the court considers whether the State violated (1) Title II of the Americans with Disabilities Act and (2) the Fourteenth Amendment. *United States v. Georgia*, 546 U.S. 151, 159 (2006). Thus, the district court should revisit its jurisdiction upon further examination of the Title II claims.

summary judgment on the Eighth Amendment claims against Ms. Russell and Dr. Blake.

**A. Standard of Review**

Our review is de novo. *Fields v. City of Tulsa*, 753 F.3d 1000, 1008 (10th Cir. 2014). In undertaking this review, we uphold the summary judgment rulings only if the defendants showed both the absence of a genuine dispute of a material fact and the right to judgment as a matter of law. Fed. R. Civ. P. 56(a). To apply this standard, we view the evidence and all reasonable inferences in the light most favorable to Mr. Brooks. *Fields*, 753 F.3d at 1009.

**B. The Scope of the Eighth Amendment**

The Eighth Amendment prohibits deliberate indifference to an inmate's serious medical needs. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). This prohibition contains objective and subjective components. *Id.* The objective component is met if the deprivation involves a sufficiently serious medical need, and the subjective component is met if a prison official knowingly disregards an excessive risk to an inmate's health or safety. *Id.*

The defendants concede the objective component, admitting that Mr. Brooks's ulcerative colitis entails a sufficiently serious medical need. The disagreement lies in the subjective component.

**C. Defendant Sicotte**

Mr. Brooks claims that he should have been given a gluten-free diet because he is allergic to gluten. Defendant Sicotte is a prison nurse who admittedly refused to provide a gluten-free diet because she did not believe that Mr. Brooks was allergic to gluten.

To contest that belief, Mr. Brooks relied on medical notes, Dr. Vahil's recommendation of a gluten-free diet, and the results of genetic testing on Mr. Brooks's parents. But the medical notes did not refer to testing for gluten sensitivity, Dr. Vahil relied only on what Mr. Brooks had said, and one medical record showed that Mr. Brooks had tested negative for gluten-sensitive enteropathy.

Defendant Sicotte might have been wrong to doubt Mr. Brooks's sensitivity to gluten. But a medical mistake does not suggest a violation of the Eighth Amendment. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). Thus, no genuine issue of material fact exists on the subjective component for Ms. Sicotte: Even if she were wrong, her decision did not knowingly disregard an excessive risk to Mr. Brooks's health or safety.

**D. Defendant Tessiere**

Mr. Brooks wanted not only a gluten-free diet but also Ensure supplements. Nonetheless, Mr. Tessiere, the health services administrator, refused to provide the Ensure supplements. The district court granted summary judgment to Mr. Tessiere, reasoning that he was not personally

involved in the decision. We need not address this reasoning because we can affirm on alternative grounds. *See Hornady Mfg. Co. v. Doubletap, Inc.*, 746 F.3d 995, 1005 n.8 (10th Cir. 2014) ("We are not required to restrict ourselves to the district court's stated reasoning, and we may affirm for any reason supported by the record.").

Defendant Tessiere urged summary judgment based not only on his lack of personal participation but also on the lack of a medical need for the Ensure supplements. We conclude that Mr. Brooks did not create a genuine issue of material fact on his need for the Ensure supplements.

The only evidence of a medical need came from Mr. Brooks's declaration. There Mr. Brooks insisted that he needed the Ensure supplements. But Mr. Tessiere consulted a dietician, who concluded that Mr. Brooks did not need the supplements. This conclusion might have been wrong, but Mr. Tessiere's reliance on the dietitian's opinion does not involve deliberate indifference. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

### E. Defendant Russell

As discussed above, Mr. Brooks wanted a special meal pass and characterized the refusal to provide one as a violation of the Americans with Disabilities Act and the Eighth Amendment. On the Eighth Amendment claim, Ms. Russell obtained summary judgment on the ground

that she had not personally participated in the denial of a special meal pass. In our view, this ruling was erroneous.

Defendants can incur liability under § 1983 only if they participate in, control, or direct the underlying act or omission. *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1152-53 (10th Cir. 2006). Mr. Brooks presented evidence that

- he had submitted a grievance asking for a special meal pass and
- Ms. Russell denied the grievance on the ground that the request was unreasonable.

This evidence linked Ms. Russell to the act underlying the claim (the refusal of a special meal pass).

Ms. Russell acknowledges this link but downplays it because it came from the denial of a grievance. The nature of this link, Ms. Russell insists, is dispositive under *Gallagher v. Shelton*, 587 F.3d 1063 (10th Cir. 2009). There the court held "that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." 587 F.3d at 1069. But there the claim was simply that defendants had rubber-stamped the denial of grievances. *Id.*

Here Mr. Brooks presented evidence that he had directed his request for a special meal pass to only one person, Ms. Russell, who decided to reject the request. The fact that Ms. Russell's decision came in the denial

of a grievance makes no difference. Unlike in *Gallagher*, Mr. Brooks alleged an affirmative link between the denial of the grievance and an alleged constitutional violation, for Ms. Russell was the only person who could and did decide on whether to give Mr. Brooks a special meal pass.

The district court relied on a different theory: that Ms. Russell had no authority to grant the request because a special meal pass could not constitute an accommodation under the Americans with Disabilities Act. We have elsewhere concluded that at the motion-to-dismiss stage a special meal pass could constitute an accommodation under the Americans with Disabilities Act. In light of that conclusion, Ms. Russell could have issued a special pass when confronted with the grievance. In light of her testimony to the contrary, there are genuine disputes of material fact that precluded summary judgment regarding her knowledge of this authority and, more generally, regarding whether she knowingly disregarded an excessive risk to Mr. Brooks's health.

**F. Defendant Oba**

Defendant Oba is a physician who treated Mr. Brooks five times while he was in prison.

On appeal, Mr. Brooks makes two arguments involving Dr. Oba:

1. He should have provided treatment more frequently.
2. He disregarded records by treating the colitis with prednisone.

In addition, Mr. Brooks asserts that the district court acted inconsistently when it regarded Dr. Oba's use of diet as a form of treatment and declined to consider Nurse Sicotte's use of a gluten-free diet as a form of treatment. We reject these arguments.

First, according to Mr. Brooks, Dr. Oba showed deliberate indifference by refusing to provide more frequent treatment. But Mr. Brooks does not identify any instances in which he was denied treatment by Dr. Oba.

Second, Mr. Brooks questions Dr. Oba's medical decisions, like prescribing prednisone even though it had not helped in the past. According to Mr. Brooks, Dr. Oba had medical records showing that prednisone had not helped. A poor medical decision may constitute medical malpractice but not a violation of the Eighth Amendment. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

Finally, Mr. Brooks is incorrect in viewing the rulings as inconsistent. Mr. Brooks insists that the district court rejected the claim against Nurse Sicotte on the ground that a diet could not constitute treatment for his condition. But Mr. Brooks does not provide a citation, and we see no such statement in the district court's ruling.

### G. Defendant Turner

Ms. Turner was an administrator who Mr. Brooks blames for the lack of medical attention. According to Mr. Brooks, Ms. Turner had a duty to

monitor the inmates' health care. For this duty, Mr. Brooks relies on the owner's Policy 13-52. But Mr. Brooks has misread the policy; it did not require Ms. Turner to monitor anyone's health care.

In addition, Mr. Brooks blames Ms. Turner for canceling appointments. But Mr. Brooks has not presented evidence showing that the cancellations were Ms. Turner's fault. Thus, Ms. Turner was properly awarded summary judgment.

**H. Defendant Blake**

Dr. Blake is a dentist who offered to remove a tooth. According to Mr. Brooks, the tooth required removal because Dr. Blake had neglected to provide dental care for months. The district court rejected the claim against Dr. Blake based on his offer to remove the tooth. But the court failed to consider Mr. Brooks's evidence about neglect in the preceding months.

This evidence involved Dr. Blake's alleged delay in treating a cavity. "Although a tooth cavity is not ordinarily deemed a serious medical condition, that is because the condition is readily treatable. Unless the cavity is treated, however, the tooth will degenerate, probably cause severe pain, and eventually require extraction and perhaps further extraordinary invasive treatment." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000); *see also Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980) ("[D]ental care is one of the most important medical needs of inmates.)".

Mr. Brooks presented evidence that

- Dr. Blake had known in May 2010 that Mr. Brooks suffered from a cavity but did nothing,
- Mr. Brooks had cracked the same tooth one month later and asked for a dentist to fix the tooth,
- Mr. Brooks had complained 2-3 months later that he needed to see a dentist as soon as possible because he had a tooth with exposed nerves, resulting in great pain,
- a prison official had recognized the next day that Mr. Brooks was in pain and that his tooth was decaying, and
- Dr. Blake had failed to provide treatment again until January 2011, over 7 months after he had diagnosed the cavity.

This evidence could lead a reasonable fact-finder to conclude that Dr. Blake had turned a blind eye to a sufficiently serious dental condition. *See Harrison v. Barkley*, 219 F.3d 132, 134, 136 (2d Cir. 2000) (holding that continued failure to treat a prisoner's tooth cavity could violate the Eighth Amendment). Thus, the district court erred in granting summary judgment to Dr. Blake.

**I. Defendant Correction Corporation of America**

The district court granted summary judgment to the owner of the prison (Corrections Corporation of America). On appeal, Mr. Brooks argues that he should have been allowed to amend the complaint to revise his claim against Corrections Corporation of America.

We review the denial of a request to amend a complaint under the abuse-of-discretion standard. *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th

Cir. 2001). The district court acted within its discretion by refusing to allow the amendment. Mr. Brooks had already amended the complaint twice and did not file a separate motion for leave to amend again. *See Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 706 (10th Cir. 2014) (holding that the district court did not abuse its discretion in denying leave to amend when the plaintiffs had not filed a motion to amend or a proposed amended complaint).

Mr. Brooks contends that his response brief should have been considered a request to amend the complaint. The district court has discretion to consider issues presented in the response as a request to amend the complaint. *See Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 790 n. 9 (10th Cir. 1998) ("Issues raised for the first time in a plaintiff's response to a motion for summary judgment may be considered a request to amend the complaint, pursuant to Fed. R. Civ. P. 15."). But the district court need not treat the response as a request to amend. *See Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (holding that the district court did not err in refusing to consider a claim raised for the first time in the plaintiff's response to a summary judgment motion).

The district court could have treated Mr. Brooks's response as a request to amend, but had no obligation to do so. Nothing in the response to the summary judgment motion would have alerted the district court to a desire to amend the complaint.

Mr. Brooks states that he "was going to ask leave to amend his complaint." Appellant's Opening Br. at 26. But the district court had no obligation to anticipate a future request to amend the complaint.[3]

## IV. In forma Pauperis

Mr. Brooks requests leave to appear in forma pauperis. We grant this request. This status will allow Mr. Brooks to avoid prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). But he remains obligated to pay all filing and docketing fees. *See Rachel v. Troutt*, 820 F.3d 390, 399 (10th Cir. 2016). These fees are to be paid to the Clerk of the District Court for the District of Colorado.

## V. Request for an Order to Restrict Access to Files

In addition, Mr. Brooks requests an order preventing the state department of corrections from reading and deleting his legal files. We deny this request.

## VI. Conclusion

We affirm the order striking Mr. Brooks's requests for partial summary judgment.

On the Title II claims, we affirm the dismissal of the individual-capacity claims and reverse the dismissal for the Colorado Department of

---

[3] In a single sentence, Mr. Brooks also asserts that he should have been allowed to add medical malpractice claims against Dr. Oba, Dr. Blake, Ms. Sicotte, and Ms. Turner. Appellant's Opening Br. at 28-29. But Mr. Brooks never alerted the district court to a desire to add these claims.

Corrections and the official capacities of Ms. Russell, Ms. Howell, and Mr. Tessiere.

On the Eighth Amendment claims, we affirm the award of summary judgment to Ms. Sicotte, Mr. Tessiere, Dr. Oba, Ms. Turner, and Corrections Corporation of America. But on the Eighth Amendment claims, we reverse the award of summary judgment to Ms. Russell and Dr. Blake. [4]

Entered for the Court

Robert E. Bacharach
Circuit Judge

[4] We note that Mr. Brooks is pro se and understandably may feel strongly about his appeal points. But we do not condone Mr. Brooks's personal criticisms of the magistrate judge. For example, Mr. Brooks asserts that the magistrate judge displayed "total incompetence" and engaged in an act of "lunacy." Appellant's Opening Br. at 31, 45. There is no place for such name-calling of anyone, least of all a respected member of the judiciary.

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

Chris Wolpert
Chief Deputy Clerk

October 24, 2017

Jason Brooks
FCF - Fremont Correctional Facility
P.O. Box 999
Canon City, CO 81215-0999
#150014

**RE: 16-1469, Brooks v. Colo. Dept. of Corrections, et al**
Dist/Ag docket: 1:13-CV-02894-CBS

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc: Christina S. Gunn
Matthew Hegarty
Andrew David Ringel
Joseph Sanchez
John Allen VanLandschoot

EAS/na