# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
JULIE RUSSELL,
KATHY HOWELL, and
DAVID TESSIER,

      Defendants.

---

## THE PARTIES' STIPULATED JURY INSTRUCTIONS

---

**INSTRUCTION NO. __**

**JURORS' CONDUCT DURING TRIAL – PROHIBITION ON OUTSIDE INFORMATION AND ELECTRONIC COMMUNICATIONS**

As jurors, your job is to decide this case based solely on evidence presented during the trial and the instructions that I will give you.  You are not investigators or researchers, so you must not read or use any other material of any kind to obtain information about the case or to help you decide the case.  This prohibition applies, for example, to: newspapers; magazines; television and radio broadcasts; dictionaries; medical, scientific, or technical publications; religious books or materials; law books; and the Internet. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking, Google, Wikipedia, blogs, and other web sites.

If you were to violate this rule by receiving outside information about the case, it could force me to declare a mistrial, meaning that the trial would have to start over before a different jury, and all of the parties' work, my work, and your work on this trial would be wasted.

Therefore, it is very important that you not receive outside information about this case, whether it comes from other people, from the media, from books or publications, or from the Internet.  You are free to use the Internet, but only for purposes unrelated to this case. Do not search for or receive any information about the parties, the lawyers, the witnesses, the judge, the evidence you will hear, or any place or location mentioned during the trial. Do not research the law.  Do not look up the meaning of any words or scientific or technical terms used during the trial. If necessary, I will give you definitions of words or terms before you begin your deliberations.

Also, you are not allowed to visit any place(s) involved in this case while it is underway. If you must visit any Colorado Department of Corrections facility during the trial, you must not attempt to gather any information from that location.

Until I tell you that your jury service is completed, do not communicate with anyone, including family and friends, about the evidence or the issues in this case. This prohibition applies to all forms of communication, including in-person conversations, written communications, telephone or cell phone calls, and electronic communications through any device. For example, you must not communicate about this case by email, text messages, Twitter, blogging, or social media like Facebook.

When court is not in session, you may communicate about anything other than this case. You may tell others that you are on a jury and that you cannot talk about the trial until it is over, and you may tell them the estimated schedule of the trial, but do not tell them anything else about the case.  If anyone tries to communicate with you about anything concerning the case, you must stop the communication immediately and report it to the Bailiff, who will notify me.

**Authority:** Instruction No. 1, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ____**

**STATEMENT OF CLAIMS AND DEFENSES**

The Court will now briefly explain the claims and defenses of each party to the case. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the allegations and the elements that Plaintiff Jason Brooks must prove to make his case.

Mr. Brooks brings a single claim under Title II of the Americans with Disabilities Act ("the ADA"), which places an affirmative obligation on the Colorado Department of Corrections and its employees to ensure that disabled inmates like Mr. Brooks receive reasonable accommodations to meaningfully access prison programs and services like meals, restrooms, recreation, work, and healthcare. Mr. Brooks claims that he has an extreme an incurable case of chronic ulcerative colitis, which qualifies as a disability under the ADA. Even when reasonably managed, Mr. Brooks says that his condition causes him intense pain from the sudden onset of fecal urgency, often resulting in fecal incontinence, and can require him to use the bathroom as often as thirty times a day. Mr. Brooks claims that, for six years, he tried to obtain reasonable accommodations from Defendants to plan his prison meals around his condition. According to Mr. Brooks, Defendants intentionally and repeatedly refused to provide him any reasonable accommodation for his disability—which he says led him being forced to: (1) unnecessarily endure pain while attempting to get his meals at the chow hall having to try withholding the onset bouts of fecal urgency; (2) soil himself if he could not withhold that urgency and/or; (3) miss meals entirely. As a result of having to choose between these options, Mr. Brooks missed hundreds of meals while incarcerated at the Fremont Correctional Facility.

In their defense, the Defendants (the Colorado Department of Corrections, Julie Russell, Kathy Howell, and David Tessier) assert that Mr. Brooks cannot establish a violation of the ADA because the Colorado Department of Corrections made reasonable accommodations to provide Mr. Brooks with access to meals while incarcerated.  They contend that the evidence shows that Mr. Brooks received numerous accommodations in various forms over the years. The CDOC says that it manages numerous offenders with ulcerative colitis and other incontinence issues through the issuance of adult undergarments, as well as treatment plans determined by medical staff.  The CDOC Defendants argue that they reasonably accommodated Mr. Brooks' incontinence by providing him with adult undergarments, which allowed him to access meals.  Mr. Brooks, however, refused this accommodation. The CDOC Defendants contend that Mr. Brooks may not agree that the undergarments were a reasonable accommodation, but the evidence will demonstrate that undergarments were an appropriate and reasonable means of accommodating Mr. Brooks' incontinence, and one that commonly is given to incontinent inmates.  Furthermore, the CDOC Defendants contend that there is no evidence of intentional discrimination against Mr. Brooks. Finally, they argue that Mr. Brooks refused to accept a reasonable accommodation, which defeats his ADA claim.

It is your responsibility to decide whether Mr. Brooks has proven his claims against any of the CDOC Defendants by a preponderance of the evidence, as that standard is defined in these instructions.

**Authority:** Instruction No. 15, KLM Civ. Model Jury Instructions.

**INSTRUCTION NO. __**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate.  You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.  In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:** Instruction No. 2, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ___**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS
WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

There are rules you must follow when you go to the jury room to deliberate and return
with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak
for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.
You should try to reach agreement, if you can do this without going against what you believe to
be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the
evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your
fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But,
do not come to a decision just because other jurors think it is right, or just to reach a verdict.
Remember you are not for or against any party. You are judges - judges of the facts. Your only job
is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note
signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can,
either in writing or here in court. While you are deliberating, do not tell anyone - including
me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given
to you in my instructions. Nothing I have said or done was meant to suggest what I think your
verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. I will read you the verdict form after finishing with the instructions. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the bailiff that you are ready to return to the courtroom.

**Authority:** Instruction No. 3, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. \_\_\_**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of any witness;

2.  The exhibits which are received into evidence; and

3.  Any facts to which the lawyers have stipulated.

**Authority:** Instruction No. 4, KLM Civ. Model Jury Instructions

## INSTRUCTION NO. ___

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


**Authority:** Instruction No. 5, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ___**

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.  In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Authority:** Instruction No. 6, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ___**

**"DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true. As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Authority:** Instruction No. 7, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. _____**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. The Court has admitted these charts and summaries in place of the underlying documents they represent in order to save time and avoid unnecessary inconvenience.

**Authority**: Judge Christine M. Arguello, *Civil Final Jury Instructions*, No. 12.

**INSTRUCTION NO. ___**

**SYMPATHY – PREJUDICE**

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

**Authority:** Instruction No. 8, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ____**

**NOTE TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impressions of each juror about the testimony.

**Authority:** Instruction No. 10, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. \_\_\_\_**

**BURDEN OF PROOF**

This is a civil case. Therefore, the Plaintiff, Mr. Jason Brooks, has the burden of proving his claims by what is called a preponderance of the evidence. This means that no matter who produces the evidence, when you consider Mr. Brooks's claims in light of all the facts, you must believe those claims are more likely true than not true. To put it differently, if you were to put all the evidence in favor of Mr. Brooks and all the evidence in favor of the Defendants on opposite sides of the scale, Mr. Brooks would have to make the scale tip to his side.  If he fails to meet this burden, your decision must be for the Defendants.

As a defense to Mr. Brooks's claims, the Defendants have asserted affirmative defenses which will be described to you more fully later. In terms of applying the burden of proof, you should treat the Defendants' affirmative defenses in the same way you treat Mr. Brooks's claims. That is, the Defendants, as the asserting parties, have the burden of proving that an affirmative defense is more likely true than not true.

**Authority:** Instruction No. 11, KLM Civ. Model Jury Instructions (modified to fit the facts).

**INSTRUCTION NO. ___**

**CREDIBILITY OF WITNESSES**

In deciding this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, including any party to the case, you may take into account:

- the opportunity and ability of the witness to see, hear, or know the things testified to;

- the witness's memory;

- the witness's manner while testifying;

- the witness's interest in the outcome of the case and any bias or prejudice the witness may have;

- whether other evidence contradicted the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Authority:** Instruction No. 12, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ___**

**IMPEACHMENT**

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness, or by specific acts or wrongdoing of the witness. If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness the credit you believe it deserves.

**Authority:** Instruction No. 13, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. \_\_\_\_**

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Authority:** Instruction No. 14, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ____**

**STIPULATED FACTS**

The parties to this lawsuit have agreed to certain facts, and you must treat those facts as having been proved.

In this case, the parties have stipulated that:

1. Mr. Brooks suffers from ulcerative colitis, a chronic autoimmune disease of the large intestine.

2. Mr. Brooks's ulcerative colitis constitutes a disability under the Americans with Disabilities Act.

3. Defendant Colorado Department of Corrections is a public entity covered by the Americans with Disabilities Act.

4. At all times relevant to the subject matter of this litigation, Mr. Brooks was a citizen of the United States of America and domiciled in the State of Colorado.

5. At all times relevant to the subject matter of this litigation, Mr. Brooks was incarcerated within the Colorado Department of Corrections system.

6. At all times relevant to the subject matter of this litigation, the Department of Corrections was responsible for the provision of medical services and reasonable accommodations to inmates with disabilities under the ADA.

**Authority:** Instruction No. 16, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. \_\_\_\_**

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

If Mr. Brooks has proven his claims against any of the Defendants by a preponderance of the evidence, you must determine the damages to which Mr. Brooks is entitled. You should not interpret the fact that I have given instructions about Mr. Brooks's damages as an indication in any way that I believe that Mr. Brooks should, or should not, win this case. It is your task first to decide whether a Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that a Defendant is liable, and that Mr. Brooks is entitled to recover money from a Defendant.

**Authority:** Instruction No. 27, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. _____**

**DEFINITION – PROXIMATE OR LEGAL CAUSE**

A proximate cause of damages is that which, in a natural and continuous sequence, produces the damages, and without which the damages would not have occurred. It need not be the only cause, the last cause, nor the nearest cause.  It is sufficient if it occurs with some other cause acting at the same time which causes the damages.

**Authority:** Instruction No. 28, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. _____**

**DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**Authority:** Instruction No.33, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ___**

**CLOSING ARGUMENTS**

After these instructions on the law governing the case, the lawyers may make closing arguments on the evidence and the law. These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully. You have to give them such weight as you think proper. However, neither of these final arguments nor any other remarks or arguments of the attorneys made during the course of trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

**Authority:** Instruction No. 34, KLM Civ. Model Jury Instructions

**INSTRUCTION NO. ____**

**VERDICT FORMS**

Upon retiring to the jury room, the first thing that you should do is select one of your numbers as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. In this case, Verdict Forms have been prepared for your convenience.

[Explain Verdict Forms]

You will take the Court's instructions and the Verdict Forms to the jury room and when you have reached unanimous agreement, your foreperson will write the unanimous answer of the jury in the space provided.  At the conclusion of your deliberations, the foreperson must sign and date the Verdict Form and notify the Court that you have completed your deliberations on the Verdict Form.

If you need to communicate with me during your deliberations, the foreperson should write the message on the note form provided to you in the jury room and pass the note to the bailiff, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by bringing you back into the court so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never reveal how the jury stands, numerically or otherwise, until after you have reached a unanimous decision.  Faithful performance by you of your duties is vital to the administration of justice.

**Authority:** Instruction No. 35, KLM Civ. Model Jury Instructions

## INSTRUCTION NO. ____

## EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. Witnesses generally must be people who have seen, heard, or otherwise perceived the events at issue. There is an exception to this rule for "expert witnesses," who are permitted to testify in the form of their opinions about certain matters. An expert witness is a person who by specialized training, education, or experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should not accept opinion testimony merely because I allow the witness to testify concerning his or her opinion. You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. As with any other witnesses, it is up to you to evaluate expert witnesses' testimony based on the instructions the court has previously given you, as well as your own reason, judgment, and common sense. You may believe all, part, or none of a witness' opinion testimony. If you should decide the opinion of an expert witness is not based upon sufficient training, education, or experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

**Authority:** Instruction No. 35, KLM Civ. Model Jury Instructions

## INSTRUCTION NO. ____

## NO DUPLICATIVE DAMAGES AWARDS

Plaintiff Jason Brooks may only recover damages once for a particular injury regardless of the number of Defendants against whom his ADA claim is asserted. You must assess appropriate damages against each Defendant for whom you find liability, but if you find that more than one Defendant caused the same injury, take care not to compensate Mr. Brooks for that same injury more than once.

**Authority:** *MidAmerica Federal Sav. & Loan Ass'n v. Shearson/American Exp., Inc.*, 962 F.2d 1470, 1473 (10th Cir. 1992); *Mason v. Okla. Turnpike Auth.*, 115 F.3d 1442, 1459 (10th Cir. 1999) (*rev'd on other grounds*).

**INSTRUCTION NO. \_\_\_\_**

**UNCERTAINTY AS TO AMOUNT OF DAMAGES**

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

**Authority**: Colo. Jury Instr., Civil 5:6; Jury Instruction No. 25 (modified to remove language stated elsewhere in other stock instructions), *McGill v. Corr. Healthcare Cos.*, No.13-cv-01080-RBJ-BNB, Document 184, 12/15/14.

**INSTRUCTION NO. \_\_\_\_**

**NO CONSIDERATION OF ATTORNEY'S FEES**

If you find for Mr. Brooks, you must not take into account any attorney's fees or court costs in deciding the amount of his damages. I will decide the matter of attorney's fees and court costs, if any, later.

**Authority**: Fed. R. Civ. P. 54