**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
JULIE RUSSELL,
KATHY HOWELL, and
DAVID TESSIER,

    Defendants.

---

**PLAINTIFF JASON BROOKS'S PROPOSED JURY INSTRUCTIONS**

---

## INSTRUCTION NO. ___

## EQUAL STANDING

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar situations in life. All persons, including incarcerated persons, stand equal before the law and are to be treated as equals. You should not be influenced by who the parties are, or who the witnesses are—*i.e.*, whether they are rich or poor, young or old, well-educated or not.

The defendants in this case are Julie Russell, Kathy Howell, David Tessier, and the Colorado Department of Corrections. Defendant Colorado Department of Corrections and its employees are entitled to the same fair and unprejudiced treatment as an individual, and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

**Authority:** Instruction No. 9, KLM Civ. Model Jury Instructions (modified to fit the facts); Instruction No. 14 (modified to fit the facts), *Mackey v. Woodson*, No.17-cv-01341-CMA-STV, Document 277, 9/18/19.

**INSTRUCTION NO. \_\_\_\_**

**CLAIM 1 – FAILURE TO ACCOMMODATE - ELEMENTS**

For Mr. Brooks to establish his claim that a Defendant (Defendants Colorado Department of Corrections, Julie Russell, Kathy Howell, and David Tessier) intentionally failed to reasonably accommodate his disability, he must prove by a preponderance of evidence each of the following elements:

1. He had a disability;

2. Mr. Brooks was denied meaningful access to prison meals, services, or programs due to his disability;

3. The Defendant knew that it was substantially likely that Mr. Brooks was being denied meaningful access to prison meals, services, or programs due to his disability; and

4. The Defendant failed to take adequate steps to provide Mr. Brooks meaningful access to prison meals, services, or programs.

If you find that all four of these elements are met as to a Defendant, then you must return a verdict for Mr. Brooks and against that Defendant. If you find that one or more of the elements are not met as to a Defendant, then you must return a verdict for that Defendant.

!
!
!

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1168 (10th Cir. 2021) (setting forth the elements of a failure to accommodate claim); *Rogers v. Colorado Dep't of Corr.*, No. 16-CV-02733-STV, 2019 WL 4464036, at *17 (D. Colo. Sept. 18, 2019) (Varholak, M.J.) ("[I]ntentional discrimination *can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights*." (emphasis added)); *Freeman v. Colorado Dep't of Corr.,* No. 16-CV-02181-NRN, 2019 WL 1296631, at *5 (D. Colo. Mar. 21, 2019) (Neureiter, M.J.) ("Intentional discrimination does not require a showing of personal ill will or animosity toward the disabled person; rather, *intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights*." (emphasis added));

# INSTRUCTION NO. \_\_\_\_

## CLAIM 1 – DEFINITION – DENIAL OF MEANINGFUL ACCESS

The second element of Mr. Brooks's reasonable accommodation claim requires him to prove by a preponderance of the evidence that he was denied meaningful access to prison meals services, or programs due to his disability. To satisfy this element, Mr. Brooks is not required to show that he was completely prevented from accessing prison meals, services, or programs due to his disability. Instead, he need only show that he was deterred or discouraged from accessing prison meals, services, or programs due to his disability.

Meaningful access may require reasonable accommodations to be made. To be reasonable, such an accommodation must overcome structural impediments, dignitary interests, safety concerns, and non-trivial temporal delays that may have limited Mr. Brooks's access to prison meals. Ultimately, whether an accommodation offered or provided to Mr. Brooks was reasonable depends on whether it ensured Mr. Brooks meaningful access to prison meals, services, or programs, despite his disability.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167-68 (10th Cir. 2021) ("Nor is Brooks required to show a complete deprivation of access to food and nutrition to state a Title II reasonable accommodation claim."); *id.* at 1170 ("[A] reasonable juror could conclude dignitary and safety interests render diapers an inadequate accommodation of Brooks's ulcerative colitis to facilitate cafeteria access."); *Shotz v. Cates*, 256 F.3d 1077, 1080 (11th Cir. 2001) ("A violation of Title II, however, does not occur only when a disabled person is completely prevented from enjoying a service, program, or activity. The regulations . . . require that services, programs, and activities be readily accessible."); *Disabled in Action v. Bd of Elections in City of N.Y.*, 752 F.3d 189, 200 (2d Cir. 2014) ("[D]eterrence constitutes an injury under the ADA" (internal quotation marks omitted)); *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 73 (2d Cir. 2016) (finding a denial of meaningful access where the proposed accommodation "discourage[ed] [the plaintiff's] participation in prison activities").

INSTRUCTION NO. \_\_\_\_

CLAIM 1 – DEFINITION – STATE OF MIND

The third element of Mr. Brooks's reasonable accommodation claim requires him to prove by a preponderance of the evidence that the Defendant knew that it was substantially likely that he was being denied meaningful access to prison meals, services, or programs due to his disability. To satisfy this element, Mr. Brooks need not show that the Defendant knew he was actually denied meaningful access to prison meals, services, or programs due to his disability. It is sufficient that the Defendant had knowledge of a substantial risk that Mr. Brooks would be denied meaningful access to prison meals, services, or programs, or that the Defendant had knowledge of a substantial risk that the accommodations provided were ineffective at providing Mr. Brooks meaningful access to prison meals, services, or programs.

Whether the Defendant had the requisite knowledge of a substantial risk may be inferred from circumstantial evidence, and you may conclude that the Defendant knew of a substantial risk that Mr. Brooks would be denied meaningful access to prison meals, services, or programs due to his disability based on evidence that the risk was obvious. A risk may be obvious where it is longstanding, pervasive, well-documented, or expressly noted by CDOC employees in the past.

**Authority:** *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."); *id.* ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); *id.* ("[I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk."); *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1197 (10th Cir. 2007) ("That is, the entity will know of the individual's need for an accommodation because it is obvious.").

# INSTRUCTION NO. \_\_\_\_

## DAMAGES – COMPENSATORY DAMAGES

If you find for Mr. Brooks, you must determine his damages. Mr. Brooks has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Brooks for an intentional failure to reasonably accommodate his disability. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following types of compensatory damages:

1. The physical harm to Mr. Brooks, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which Mr. Brooks will, with reasonable certainty, suffer in the future.

2. The reasonable expense of medical or psychological care, treatment, and services required and received by Mr. Brooks in connection with his physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.

3. The extent and duration of the injuries, including their continuation into the future.

4. Mr. Brooks's physical or emotional pain, mental pain, embarrassment, and humiliation.

No evidence of the dollar value of physical, mental, or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Brooks for the injuries he sustained.

**Authority:** Federal Jury Practice & Instructions, § 165.70 (6th ed. Feb. 2020) (modified to reflect categories of claimed damages); 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.) (modified to remove language related to stock instructions already included); 7th Cir. Model Jury Instruction 7.26 as modified; *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990).