IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
JULIE RUSSELL,
KATHY HOWELL, and
DAVID TESSIER,

      Defendants.

---

**DEFENDANT'S <u>AMENDED</u> PROPOSED JURY INSTRUCTIONS**

**INSTRUCTION NO. \_\_\_**

**EQUAL STANDING**

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar situations in life. All persons, stand equal before the law and are to be dealt with as equals in a court of justice.

The defendant in this case is the Colorado Department of Corrections. Defendant Colorado Department of Corrections is entitled to the same fair and unprejudiced treatment as an individual, and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

**Authority:** Instruction No. 9, KLM Civ. Model Jury Instructions

INSTRUCTION NO. \_\_\_\_

**CLAIM 1 – FAILURE TO ACCOMMODATE - ELEMENTS**

To establish Mr. Brooks's claim that a defendant (the Colorado Department of Corrections) discriminated against him in violation of the ADA by failing to provide a reasonable accommodation, he must prove, by a preponderance of evidence, each of the following elements:

1. Mr. Brooks was a qualified individual with a disability; and

2. Mr. Brooks was excluded from participation in or denied the benefits of the Colorado Department of Corrections' services, programs, or activities; and

3. Such exclusion or denial was by reason of his disability; and

4. That the discrimination was intentional.

If you find that all of the above elements are met, then you must return a verdict for Mr. Brooks and against the Colorado Department of Corrections. If you find that one or more of the elements are not met as , then you must return a verdict for Colorado Department of Corrections.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1168 (10th Cir. 2021) (setting forth the elements of a failure to accommodate claim); *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th. Cir. 1999) (setting forth the requirement for a plaintiff to prove a claim under Title II of the ADA, and finding that the general standard "is plainly correct."); *Robertson v. Las Animas County Sheriff's Dept*, 500 F.3d 1185, 1195-96 (10th Cir. 2007) (stating essentially identical test); *Hamer v. City of Trinidad*, 924 F.3d 1093, 1108 (10th Cir. 2019) (holding that proof of intentional discrimination is required before a plaintiff can recover compensatory damages under section 504, and noting that the Tenth Circuit has suggested that as much is required under Title II of the ADA) (internal citations omitted).

# INSTRUCTION NO. \_\_\_\_

## CLAIM 1 – DEFINITION – REASONABLE ACCOMMODATIONS

The second element of Mr. Brooks's reasonable accommodation claim requires him to prove by a preponderance of the evidence that he was denied meaningful access to prison services, programs, or activities (here, prison meals).

While a covered entity must make reasonable accommodations, it does not have to provide a disabled individual with every accommodation he or she requests or the accommodation of his or her choice.

Furthermore, meaningful access and the question of whether accommodations are reasonable must be assessed through the prism of the prison setting, and prison officials have the obligation to consider security and other factors unique to the prison environment in their decision-making.

**Authority**: *Tennessee v. Lane*, 541 U.S. 509, 531-32 (1978) ("Title II does not require States to employ any and all makes to make [] services accessible to persons with disabilities…It requires only 'reasonable modifications' that would not fundamentally alter the nature of the service provided…"); *Nunes v. Massachusetts Dep't of Corr.*, 766 F.3d 136, 146 (1st Cir. 2014) (in the context of claims against a prison system, applicable law "entitle[s] [a disabled individual] to reasonable accommodations, not to optimal ones finely tuned to his preferences"); *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1269 (10th Cir. 2018) (finding that CDOC's security and access policies did not deprive disabled plaintiff of meaningful participation in prison's services and programs).

**INSTRUCTION NO. \_\_\_**

**CLAIM 1 – DEFINITION – STATE OF MIND**

The fourth element of Mr. Brooks's reasonable accommodation claim requires him to prove by a preponderance of the evidence that the Colorado Department of Corrections intentionally discriminated against him.

**Authority**: *Hamer v. City of Trinidad*, 924 F.3d 1093, 1108 (10th Cir. 2019) ("What's more, Title II and section 504 plaintiffs are able to recover damages in only the unusual case. Our circuit requires proof of intentional discrimination before a plaintiff can recover compensatory damages under section 504, and we have suggested that as much is required under Title II.") (internal citations omitted).

INSTRUCTION NO. \_\_\_\_

**DAMAGES – COMPENSATORY DAMAGES**

If you find for Mr. Brooks that the Colorado Department of Corrections engaged in intentional discrimination in violation of the ADA, you must determine his damages. Mr. Brooks has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Brooks for an intentional failure to reasonably accommodate his disability. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following types of compensatory damages:

1. The physical harm to Mr. Brooks, including ill health, physical pain (if applicable and/or authorized), disability, disfigurement, or discomfort, and any such physical pain (if applicable and/or authorized), disability, and discomfort (if applicable and/or authorized) which Mr. Brooks will, with reasonable certainty, suffer in the future.

2. The reasonable expense of medical or psychological care, treatment, and services required and received by Mr. Brooks in connection with his physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.

3. The extent and duration of the injuries, including their continuation into the future.

4. Mr. Brooks's physical or emotional pain, mental pain, embarrassment, and humiliation (if applicable and/or authorized).

No evidence of the dollar value of physical, mental, or emotional pain and suffering has been or needs to be introduced (if damages for such pain and suffering are applicable and/or authorized. There is no exact standard for setting the damages to be awarded on account of these factors if they are applicable and/or authorized. You are to determine an amount that will fairly compensate Mr. Brooks for the injuries he sustained.

**Authority:** Federal Jury Practice & Instructions, § 165.70 (6th ed. Feb. 2020) (modified to reflect categories of claimed damages); 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.) (modified to remove language related to stock instructions already included); 7th Cir. Model Jury Instruction 7.26 as modified; *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990); *Hamer v. City of Trinidad*, 924 F.3d 1093, 1108 (10th Cir. 2019) ("What's more, Title II and section 504 plaintiffs are able to recover damages in only the unusual case. Our circuit requires proof of intentional discrimination before a plaintiff can recover compensatory damages under section 504, and we have suggested that as much is required under Title II.") (internal citations omitted); 28 U.S.C. § 1997e(e) (addressing when damages are recoverable for mental or emotional injury).

INSTRUCTION NO. \_\_\_\_

**DAMAGES MUST BE REASONABLE**

Damages must be reasonable. If you find that Plaintiff is entitled to a verdict in his favor, you may only award damages that will reasonably compensate Plaintiff for the damages that you find, from a preponderance of the evidence, were caused by the Colorado Department of Corrections' alleged wrongful conduct.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**Authority:** Instruction No. 29, KLM Civ. Model Jury Instructions

INSTRUCTION NO. \_\_\_\_

NOMINAL DAMAGES

If you return a verdict for the Plaintiff, but find that the Plaintiff has failed to prove that he has suffered any recoverable compensatory damages, then you must award Plaintiff the nominal amount of $1.00.

**Authority:** Instruction No. 32, KLM Civ. Model Jury Instructions; 28 U.S.C. § 1997e(e) (addressing recoverability of damages for mental or emotional injury).