**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

___

**PLAINTIFF JASON BROOKS'S <u>AMENDED</u> PROPOSED JURY INSTRUCTIONS**
___

**INSTRUCTION NO. \_\_\_**

**EQUAL STANDING**

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar situations in life. All persons, including incarcerated persons, stand equal before the law and are to be treated as equals. You should not be influenced by who the parties are, or who the witnesses are—*i.e.*, whether they are rich or poor, young or old, well-educated or not.

    The sole defendant in this case is the Colorado Department of Corrections. The Colorado Department of Corrections and its employees are entitled to the same fair and unprejudiced treatment as an individual, and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

**Authority:** Instruction No. 9, KLM Civ. Model Jury Instructions (modified to fit the facts); Instruction No. 14 (modified to fit the facts), *Mackey v. Woodson*, No.17-cv-01341-CMA-STV, Document 277, 9/18/19; Instruction No. 4 (modified to fit the facts), *Epps v. City and County of Denver*, No. 20-cv-01922-RBJ-MEH, Document 430, 3/24/22.

INSTRUCTION NO. \_\_\_\_

## CLAIM 1 – FAILURE TO ACCOMMODATE - ELEMENTS

For Mr. Brooks to establish his claim that Defendant Colorado Department of Corrections intentionally failed to reasonably accommodate his disability, he must prove by a preponderance of evidence each of the following elements:

1. He had a disability;

2. The Department of Corrections either (i) had an official policy or informal custom of not providing meal passes as a reasonable accommodation for an inmate's disability, or (ii) failed to adequately train its employees that a meal pass is a reasonable accommodation for an inmate's disability;

3. Mr. Brooks was denied meaningful access to prison meals because of this official policy, informal custom, or training failure; and

4. The Department of Corrections either (i) acted with discriminatory animus, or (ii) was deliberately indifferent to the strong likelihood that this official policy, informal custom, or training failure would deny Mr. Brooks meaningful access to prison meals.

If you find that all four of these elements have been established by a preponderance of the evidence, then you must return a verdict for Mr. Brooks and against the Department of Corrections. If you find that one or more of the elements are not met by a preponderance of the evidence, then you must return a verdict for the Department of Corrections.

**Authority:** *Cropp v. Larimer Cnty., Colorado*, 793 F. App'x 771, 780 (10th Cir. 2019) ("[I]n determining whether [the plaintiff] made a sufficient showing of intentional discrimination, we ask only whether [he] presented evidence from which a reasonable jury could conclude that the [defendant] acted with deliberate indifference—*i.e.*, that it both knew a harm to a federally protected right was substantially likely and failed to act upon that likelihood." (brackets and ellipses omitted)); *Freeman v. Colorado Dep't of Corr.*, No. 16-CV-02181-NRN, 2019 WL 1296631, at *5 (D. Colo. Mar. 21, 2019) ("Intentional discrimination does not require a showing of personal ill will or animosity toward the disabled person," but can instead "be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights" (internal quotation marks and citations omitted)); *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020) (explaining that, to show *Monell* liability, a plaintiff must offer evidence of an official policy or custom, causation, and deliberate indifference); *A.V. through Hanson v. Douglas Cnty. Sch. Dist.*

3

*RE-1*, No. 21-CV-0704-WJM-SKC, 2022 WL 504138, at *9 (D. Colo. Feb. 18, 2022) ("[T]he District of Colorado has recognized a failure to train claim under the ADA."); *see also Partridge v. Smith*, 2020 WL 897653, at *12 (D. Colo. Feb. 25, 2020) (recognizing a failure to train claim under the ADA); *Buben v. City of Lone Tree*, 2010 WL 3894185, at *12 (D. Colo. Sept. 30, 2010) (same).

**INSTRUCTION NO. \_\_\_\_**

**CLAIM 1 – DEFINITION – NO INDIVIDUAL LIABILITY REQUIREMENT**

To prove the third element of his claim against the Colorado Department of Corrections, Mr. Brooks need not establish that the acts or omissions of a specific Department of Corrections employee deprived him of meaningful access to prison meals. Instead, it is sufficient for him to show, by a preponderance of the evidence, that the combined acts or omissions of several Department of Corrections employees or officials deprived him meaningful access to prison meals because of an official policy, informal custom, or training failure.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1172 n.13 (10th Cir. 2021) ("Defendants have not identified, and this court has not been able to find, any authority standing for the proposition that a state actor must be personally liable for a constitutional violation in order for the State's conduct to come within the parameters of the second part of *United States v. Georgia*."); *see id.* ("[I]n the somewhat related context of municipal liability under 42 U.S.C. § 1983, this court has made clear that even where the acts or omissions of no one employee may violate an individual's constitutional rights, *the combined acts or omissions of several employees acting under a governmental policy or custom may violate an individual's constitutional rights*." (internal quotation marks and citations omitted)).

INSTRUCTION NO. \_\_\_\_

## CLAIM 1 – DEFINITION – DENIAL OF MEANINGFUL ACCESS

To establish that he was "denied meaningful access to prison meals," Mr. Brooks is not required to show that he was completely prevented from accessing prison meals. Instead, he need only show he was deterred or discouraged from accessing prison meals.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167-68 (10th Cir. 2021) ("Nor is Brooks required to show a complete deprivation of access to food and nutrition to state a Title II reasonable accommodation claim."); *id.* at 1170 ("[A] reasonable juror could conclude dignitary and safety interests render diapers an inadequate accommodation of Brooks's ulcerative colitis to facilitate cafeteria access."); *Shotz v. Cates*, 256 F.3d 1077, 1080 (11th Cir. 2001) ("A violation of Title II, however, does not occur only when a disabled person is completely prevented from enjoying a service, program, or activity. The regulations . . . require that services, programs, and activities be readily accessible."); *Disabled in Action v. Bd of Elections in City of N.Y.*, 752 F.3d 189, 200 (2d Cir. 2014) ("[D]eterrence constitutes an injury under the ADA" (internal quotation marks omitted)); *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 73 (2d Cir. 2016) (finding a denial of meaningful access where the proposed accommodation "discourage[ed] [the plaintiff's] participation in prison activities").

INSTRUCTION NO. \_\_\_\_

CLAIM 1 – DEFINITION – VICARIOUS LIABILITY

The Colorado Department of Corrections is responsible for the acts and omissions of Department of Corrections employees and officials within the scope of their employment.

**Authority**: *A.V. through Hanson v. Douglas Cnty. Sch. Dist. RE-1*, No. 21-CV-0704-WJM-SKC, 2022 WL 504138, at *9 (D. Colo. Feb. 18, 2022) ("Title II of the ADA provides for *respondeat superior* liability."); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001) ("When a plaintiff brings a direct suit under . . . Title II of the ADA against a municipality (including a county), the public entity is liable for the vicarious acts of its employees."); *Rosen v. Montgomery Cty.*, 121 F.3d 154, 157 n. 3 (4th Cir. 1997) ("Under the ADA and similar statutes, liability may be imposed on a principal for the statutory violations of its agent."); *Delano-Pyle v. Victoria Cty.*, 302 F.3d 567, 574–75 (5th Cir. 2002) ("[W]hen a plaintiff asserts a cause of action against an employer-municipality, under either the ADA or the RA, the public entity is liable for the vicarious acts of any of its employees as specifically provided by the ADA."); *DeVito v. Chicago Park Dist.*, 83 F.3d 878, 881 (7th Cir. 1996) ("[T]he ADA imposes *respondeat superior* liability on an employer for the acts of its agents.").

INSTRUCTION NO. _____

DAMAGES – COMPENSATORY DAMAGES

If you find in favor of Mr. Brooks, then you must determine his damages. Mr. Brooks has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Brooks for the Colorado Department of Corrections' intentional failure to reasonably accommodate his disability. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following types of compensatory damages:

1. The physical harm to Mr. Brooks, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which Mr. Brooks will, with reasonable certainty, suffer in the future.

2. The reasonable expense of medical or psychological care, treatment, and services required and received by Mr. Brooks in connection with his physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.

3. The extent and duration of the injuries, including their continuation into the future.

4. Mr. Brooks's physical or emotional pain, mental pain, embarrassment, and humiliation.

No evidence of the dollar value of physical, mental, or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Brooks for the injuries he sustained.

**Authority:** Federal Jury Practice & Instructions, § 165.70 (6th ed. Feb. 2020) (modified to reflect categories of claimed damages); 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.) (modified to remove language related to stock instructions already included); 7th Cir. Model Jury Instruction 7.26 as modified; *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990).