**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

     Defendant.
_____

**PLAINTIFF JASON BROOKS'S UNOPPOSED MOTION FOR WRIT OF
HABEAS CORPUS AD TESTIFICANDUM**
_____

Plaintiff Jason Brooks, by and through undersigned counsel, respectfully requests the Court issue a writ of *habeas corpus ad testificandum* pursuant to 28 U.S.C. § 2241(c)(5) for Troy Brownlow, a nonparty witness currently incarcerated at Trinidad Correctional Facility, to permit Mr. Brownlow's appearance and testimony at trial via remote videoconference on December 13, 2022.

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.Colo.L.Civ.R. 7.1(A), counsel for Mr. Brooks conferred with counsel for the Colorado Department of Corrections ("CDOC") regarding the Motion and counsel for CDOC stated as follows: "Without conceding that Mr. Brownlow would provide relevant testimony, CDOC does not oppose." As a result, this motion is unopposed.

## ARGUMENT

Under 28 U.S.C. § 2241(c)(5), the Court may issue a writ of *habeas corpus ad testificandum* if "[i]t is necessary to bring [the prisoner] into court to testify or for trial." Whether to issue the writ "rests in the sound discretion of the trial court." *Hawkins v. Maynard*, 89 F.3d 890, 1996 WL 335234, at *1 (10th Cir. June 18, 1996). In determining whether to issue such writ, the Court "weigh[s] the prisoner's need to be present against concerns of expense, security, logistics and docket control" and should consider whether the testimony will be "relevant, necessary, and non-cumulative." *Valdez v. Motyka*, No. 15-CV-0109-WJM-STV, 2021 WL 1216525, at *1 (D. Colo. Mar. 31, 2021) (citations and internal quotation marks omitted). When considering a writ under 28 U.S.C. § 2241(c)(5) "where the testimony of incarcerated nonparty witnesses is sought…a similar standard applies." *Hawkins* at *1.

First, a writ is necessary to secure Mr. Brownlow's remote appearance at trial. He is currently incarcerated at Trinidad Correctional Facility, 21000 US-350, Model, CO 81059.

Second, Mr. Brownlow's testimony is undoubtedly relevant. Mr. Brownlow was cellmates with Mr. Brooks at both Bent County Correctional Facility and Sterling Correctional Facility for a total of approximately sixteen months. Mr. Brownlow has direct knowledge of the symptoms Mr. Brooks endured due to his severe ulcerative colitis, including: (i) frequent need to use the restroom; (ii) multiple daily bowel movements with bloody diarrhea and painful cramping; and (iii) deteriorating physical appearance. Consistent with his deposition, he is expected to testify that he was personally aware of Mr. Brooks having soiled himself while incarcerated. Mr. Brownlow is also expected to testify regarding how Mr. Brooks's disease frequently interfered with his ability to carry out activities of daily living, including attending regularly scheduled meals. Mr. Brownlow

will also provide institutional information regarding chow pulls and offender movement during mealtimes.

Third, Mr. Brownlow's remote trial appearance would impose no significant expense, security risk, or logistics burden. This Court previously granted CDOC's unopposed motion to depose Mr. Brownlow on September 27, 2022 (ECF 372) and his deposition took place via videoconference on October 12, 2022, for approximately two hours. Mr. Brownlow's trial appearance would be conducted in the exact same manner as the deposition conducted by CDOC, without any increased burden or security risk on Mr. Brownlow, Court staff, or Trinidad Correctional Facility staff.

## CONCLUSION

For the reasons set forth above, Mr. Brooks respectfully requests that the Court direct the Clerk of the Court to issue the attached Writ of Habeas Corpus Ad Testificandum for Troy Brownlow, DOC ID Number 131992, so that he may be present via remote videoconference for trial in this matter beginning at 9:00 a.m. on December 13, 2022 and made available for examination through 5:00 p.m. on December 13, 2022. Undersigned counsel respectfully requests that the Court issue the writ ***by no later than November 25, 2022***, so that it can be provided to the Colorado Department of Corrections in time for Trinidad Correctional Facility staff to make the necessary arrangements to ensure Mr. Brownlow's remote appearance.

Dated: November 16, 2022.                Respectfully submitted,

                                         *s/ Kevin D. Homiak*
                                         Kevin D. Homiak
                                         HOMIAK LAW LLC
                                         1001 Bannock Street, Suite 238

4

Denver, Colorado 80204
(505) 385-2614
kevin@homiaklaw.com

and

Athul K. Acharya
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97293
503-383-9492
athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2022, I electronically served the foregoing **PLAINTIFF JASON BROOKS'S UNOPPOSED MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM** on the following individuals at the following email addresses:

- **Joshua G. Urquhart**
  joshua.urquhart@coag.gov

- **Rachel Lieb**
  rachel.lieb@coag.gov

- **Kelley Dziedzic**
  kelley.dziedzic@coag.gov


*s/ Jennifer Loadman*