**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**PLAINTIFF JASON BROOKS'S <u>OPPOSED</u> MOTION *IN LIMINE* NO. 1 RE: CRIMINAL HISTORIES OF TROY BROWNLOW AND RICHARD VAUGHN LITTRELL**

---

Plaintiff Jason Brooks submits his <u>first</u> motion *in limine* regarding the criminal histories of fact witnesses Troy Brownlow and Richard Vaughn Littrell. Mr. Brooks respectfully requests the Court preclude at trial any evidence, argument, or questioning regarding Mr. Brownlow's 2001 conviction for menacing as prohibited by Rules 609(b) and 403. With regard to Mr. Brownlow's 2006 conviction for murder and Mr. Littrell's 2006 convictions for vehicular homicide and vehicular assault, Mr. Brooks asks the Court to adopt the approach crafted by Judge Richard Posner in *Wilson v. City of Chicago*, 6 F.3d 1233, 1236–37 (7th Cir. 1993) and only permit the Colorado Department of Corrections to state that Mr. Brownlow was "convicted of a felony offense for which he is currently incarcerated," and Mr. Littrell was "convicted of a felony offense for which he was previously incarcerated." This approach avoids the likelihood of unfair prejudice from the jury hearing about the nature of underlying facts of these witnesses' convictions, which is barred under Rule 403.

1

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.Colo.L.Civ.R. 7.1(A), undersigned counsel certifies that he conferred with counsel for the CDOC regarding the relief requested herein. The CDOC opposes the Motion.

**INTRODUCTION**

There will be one straightforward issue for the jury to decide in this ADA case: Whether the CDOC intentionally discriminated against Mr. Brooks by repeatedly failing to provide him a reasonable accommodation for his disability while he was incarcerated at the Fremont Correctional Facility.

The CDOC has defended its decision not to issue Mr. Brooks a meal pass primarily by stating that it wasn't medically indicated. (*See, e.g.*, *Ex. A*, A. Sanchez Tr. (Nov. 3, 2022) at 85:6-8 ("He was denied because it was determined it wasn't needed by clinical; therefore, we denied it as being unreasonable and I stand by that decision."); *Ex. B*, S. Tiona Aff. (July 11, 2016) ¶ 17 ("[A]t no time did Plaintiff demonstrate a medical necessity for any other alternative meal access procedure.").) As a result, Mr. Brooks intends to call two of his former cellmates—Mr. Brownlow and Mr. Littrell—at trial to provide their firsthand observations regarding the severity and frequency of his symptoms while incarcerated, his repeated requests to the CDOC to provide reasonable accommodations for his disease, and his attempts to get his symptoms under control.

Despite the narrow scope of the testimony of these witnesses, the CDOC has indicated that they intend to introduce at trial evidence of prior convictions of Mr. Littrell and Mr. Brownlow dating back to 2006 and earlier. The CDOC has not provided any details of which convictions it intends to introduce, but Mr. Brooks expects the CDOC will attempt to introduce (i) Mr. Littrell's 2006 convictions for vehicular homicide and vehicular assault, (ii) Mr. Brownlow's 2006 conviction for murder, and (iii) Mr. Brownlow's 2001 conviction for menacing. The CDOC will

do so ostensibly in an effort to impeach these witnesses' credibility. But the CDOC has offered no evidence or argument as to why these convictions are relevant, or that they played any role in the events that gave rise to this case. Given the violent nature of these crimes, their admission would be extremely prejudicial to the jury and confuse the issues, as the witnesses will be forced to explain the nature of their crimes. This evidence has no probative value, and its admission at trial would serve only to improperly prejudice the jury. Mr. Brownlow's 2001 conviction should be excluded altogether, and the 2006 convictions of Mr. Brownlow and Mr. Littrell should only be discussed at trial subject to the limitations described by Judge Posner in *Wilson*.

## ARGUMENT

**I.     The Court Should Preclude any Evidence, Testimony, Questioning, or Argument regarding Mr. Brownlow's 2001 Conviction for Menacing**

On March 16, 2001, Mr. Brownlow pled guilty to the crime of menacing, Colo. Stat. Ann. § 18-3-206, and was sentenced to two years mandatory parole. Because this conviction (and the confinement arising from it) is nearly 20 years old, the CDOC must demonstrate that its relevance "substantially outweighs its prejudicial effect" to satisfy Rule 609(b)(1).[1] *See* Fed. R. Evid. 609(b)(1). Far from meeting this demanding burden, however, the CDOC has offered no evidence that this remote conviction has any probative value whatsoever.

"[C]onvictions over ten years old generally do not have much probative value," but "there may be exceptional circumstances under which the conviction substantially bears on the credibility of the witness." Advisory Committee Notes, Fed. R. Evid. 609(b). Convictions over ten years old should "be admitted very rarely and in exceptional circumstances," and a district court must make

---

[1] The CDOC is required to "give[] the adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b)(2). "[I]n order to give the adversary a fair opportunity to contest the use of the evidence, [the notice] will ordinarily include such information as the date of the conviction, the jurisdiction, and the offense or statute involved." Advisory Committee Notes, Fed. R. Evid. 609(b)(2). The CDOC has not done so. As a result, it should be precluded from offering any evidence of this 2001 conviction on this basis alone.

"specific findings on the record as to particular specific facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact." Advisory Committee Notes, Fed. R. Evid. 609(b). "Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *United States v. Rodriguez*, 409 F. App'x 866, 869-70 (6th Cir. 2011) (citation omitted) (affirming exclusion of 14-year-old conviction for theft). "With respect to a conviction more than ten years old, the general rule is one of inadmissibility." *Cox v. Wilson*, No. 15-CV-0128-WJM-NYW, 2016 WL 6803702, at *2 (D. Colo. Nov. 17, 2016).

"[T]here can be no doubt that admission of evidence of a prior felony conviction is inherently and significantly prejudicial." *Cox* at *2. The fact that Mr. Brownlow had a prior conviction more than two decades ago, without more, does not have any tendency to make the CDOC's actions more or less reasonable. *See* Fed. R. Evid. 401. The CDOC has offered no evidence to the contrary.

Nor is a nearly twenty-year-old conviction for menacing relevant to truthfulness. Convictions for violent crimes—like murder, conspiracy, robbery, and weapons possession—"are generally not particularly probative as to honesty or veracity." *Somerville v. Saunders*, No. 9:11-cv-556 (MAD/DEP), 2014 WL 272415, at *8 (N.D.N.Y. Jan. 24, 2014). Plus, as a general matter, "[s]tale convictions" like this one "often shed little light on the present tendency of the witness toward truthfulness and veracity." *United States v. Sims*, 588 F.2d 1145, 1148 (6th Cir. 1978). For these reasons, the CDOC should be precluded from offering any argument, evidence, or questioning regarding Mr. Brownlow's 2001 conviction for menacing.

## II. The Court Should Follow Judge Posner's Approach for Mr. Brownlow's 2006 Conviction for Murder

In June 2006, Mr. Brownlow was convicted of a murder committed in 1983 under Colo. Rev. Stat. Ann. § 18-3-102(1)(a). Because Mr. Brownlow is still incarcerated for this conviction, its admissibility is governed by Rule 609(a). Under Rules 609(a)(1)(A) and 403, the Court may exclude evidence of this conviction if its probative value is substantially outweighed by the danger of unfair prejudice or confusing the issues. This standard is easily met here.

Mr. Brownlow's murder conviction is from sixteen years ago for an incident that occurred in 1983. Although presumptively relevant under Rule 609(a)(1) because of its felony status, the conviction is not indicative of Mr. Brownlow's character for truthfulness. *See Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) ("Murder is not necessarily indicative of truthfulness."); *Somerville v. Saunders*, 2014 WL 272415, at *8 ("Convictions for murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity"); *Gill v. Lashbrook*, Case No. 13-cv-802-SMY-PMF, 2015 WL 4481799, at *2 (S.D. Ill. July 22, 2015) ("[A] conviction for 'Murder/Intent to Kill/Injure,' the conviction for which Plaintiff is currently incarcerated according to the Illinois Department of Corrections' Offender Search, is not highly probative of credibility."). And the conviction is certainly not probative to what happened to Mr. Brooks while he was in the custody of the CDOC.

Moreover, even if Mr. Brownlow's 2006 conviction had any probative value (and it doesn't), that probative value is substantially outweighed by the danger of unfair prejudice. The conviction will undoubtedly paint Mr. Brownlow in an unfavorable light before the jury and admitting it at trial will increase the risk that the jury will disregard his testimony not based on his credibility, but because of his criminal history. This is precisely why courts often exclude such evidence:

5

> [a] murder conviction . . . has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired. Where a particular murder conviction is of little or no relevance to other issues in the underlying litigation, and there are other means available to undermine credibility, then it is a short step to find that the potential for prejudice from introducing the murder conviction will substantially outweigh its probative value.

*Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) (civil case) (excluding the murder conviction).

At bottom, the nature of Mr. Brownlow's offense "has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired," and his conviction "is of little or no relevance to other issues in the underlying litigation." *Id.* What Mr. Brownlow allegedly did in 1983 has no bearing on what accommodations were (or were not) provided to Mr. Brooks at the Fremont Correctional Facility for his ulcerative colitis.

The Court should instead follow the compromise approach crafted by Judge Richard A. Posner in *Wilson* and used by Judge Shirley Wohl Kram and Judge Colleen Constance Kollar-Kotelly. *See, e.g.*, *United States v. Pettiford*, 238 F.R.D. 33, 42 (D.D.C. 2006) (Kollar-Kotelly, J.); *Young v. Calhoun*, No. 95 CIV 7584, 1995 WL 169020, at *4 (S.D.N.Y. 1995) (Kram, J.). Under this approach, the CDOC can state only that Mr. Brownlow was "convicted of a felony offense for which he is currently incarcerated," but it may *not* describe, introduce, or elicit any details as to the crime for which he was convicted or the underlying facts of the offense. This approach "allows the [CDOC] to introduce relevant, probative evidence while at the same time cabining any possible unfair prejudice faced by" Mr. Brooks from the jury unfairly and inappropriately discounting Mr. Brownlow's testimony. *Id.*; *see also Venable v. Patel*, No. 1:17-cv-01519-BAM (PC), 2022 WL 902835, at *1 (E.D. Cal. 2022) ("Defendant is permitted to introduce evidence of the fact of Plaintiff's felony conviction and the fact that he is serving a state sentence related to that

6

conviction, *but is not permitted to refer to the nature of the crime or the length of sentence being served*." (emphasis added)).

### III.    The Court Should Follow Judge Posner's Approach for Mr. Littrell's February 2006 Convictions for Vehicular Homicide and Assault

In February 2006, Mr. Littrell pled guilty to vehicular homicide-DUI (Colo. Rev. Stat. Ann. § 18-3-101(1)(b)(I)) and vehicular assault-DUI (§ 18-3-205(1)(b)) that occurred in May 2005. He served a seven-year sentence of incarceration from 2006 to 2013, and a five-year parole from 2013 to 2018. Because Mr. Littrell was released from incarceration in 2013 for these convictions, they are just inside the ten-year window for Rule 609(a).[2] Under Rules 609(a)(1)(A) and 403, the Court may exclude evidence of this conviction if its probative value is substantially outweighed by the danger of unfair prejudice or confusing the issues.

Here, the CDOC has offered no evidence that Mr. Littrell's 2006 convictions are probative. Neither conviction qualifies as a crime "that involved dishonesty or false statement" that would be admissible for use as impeachment under Rule 609(a)(2). *See, e.g.*, *United States v. Flaharty*, 295 F.3d 182, 190–91 (2d Cir. 2002) ("[M]urder generally is not a crime of dishonesty," and noting that nothing about the murder in question "suggested that it would in any way reflect on [the cooperating witness's] truthfulness"); *United States v. Belt*, 514 F.2d 837, 845 (D.C.Cir.1975) (en banc ) (assaultive crimes generally do not involve dishonesty or false statement); *United States v. Millings*, 535 F.2d 121, 123–24 (D.C.Cir.1976) (holding that a conviction for carrying a pistol

---

[2] Any period of probation or parole Mr. Littrell served is irrelevant to the Rule 609 analysis because federal courts have consistently interpreted the phrase "release from confinement" in Rule 609(b) to mean "release from physical confinement," and not release from probation or parole. *See, e.g.*, *United States v. DeLeon*, 322 F. Supp. 3d 1189, 1194 (D.N.M. 2018) (Browning, J.) ("[T]he Court concludes that, when determining whether '10 years have passed since the witness's conviction or release from confinement for it,' the relevant date is *when the witness was released from prison*, even if the witness was released on probation or parole and even if that probation or parole is subsequently revoked." (emphasis added)); *United States v. Stoltz*, 683 F.3d 934, 939 (8th Cir. 2012) (same); *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (same). Thus, the relevant date is when Mr. Littrell was "release[d] from confinement" for these convictions—not when he was released from parole. Fed. R. Evid. 609(b).

7

without a license was not a crime involving dishonesty); *cf. Jolly v. Troisi*, No. 92 Civ. 5332 (DAB), 2000 WL 620304, at *2 (S.D.N.Y. May 11, 2000) ("Evidence of Plaintiff's prior convictions for disorderly conduct, murder, and burglary are not relevant to his claim that Defendants violated his constitutional rights."). In short, nothing that Mr. Littrell allegedly did seventeen years ago in 2005 has any bearing on what he witnessed Mr. Brooks experience at Fremont Correctional Facility in 2012 and 2013.

Weighed against the minimal probative value of Mr. Littrell's 2006 conviction is the substantial prejudicial effect of the jury hearing about the nature of Mr. Littrell's crimes. "[T]he probative value of a murder conviction is substantially outweighed by the danger of unfair prejudice." *Eng v. Scully*, 146 F.R.D. at 78 (excluding evidence of the plaintiff's murder conviction under Rules 609(a)(1) and 403). Plus, "[t]he jury will [already] have knowledge that [Mr. Littrell] is not of unblemished character," given that he will have to acknowledge on direct examination that he had a felony conviction and was incarcerated at Fremont to provide the necessary context for his testimony about his experience as Mr. Brooks's cellmate, and how he was able to witness Mr. Brooks's symptoms. *Id.*

As a result, Mr. Brooks asks the Court to adopt the same approach with Mr. Littrell's 2006 convictions as for Mr. Brownlow's 2006 conviction. Under this approach, the CDOC can state only that Mr. Littrell was "convicted of a felony offense for which he was previously incarcerated," but it may *not* describe, introduce, or elicit any details as to the crime for which he was convicted or the underlying facts of the offense. Those underlying facts and details of the crime are unduly prejudicial and should thus be excluded.

## **CONCLUSION**

For the reasons set forth above, Mr. Brooks respectfully requests the Court preclude at trial any evidence, argument, or questioning whatsoever regarding Mr. Brownlow's 2001 conviction for menacing as prohibited by Rules 609(b) and 403. With regard to Mr. Brownlow's 2006 conviction for murder and Mr. Littrell's 2006 convictions for vehicular homicide and vehicular assault, Mr. Brooks asks the Court to adopt the approach crafted by Judge Posner in *Wilson* and only permit the CDOC to state that Mr. Brownlow was "convicted of a felony offense for which he is currently incarcerated," and Mr. Littrell was "convicted of a felony offense for which he was previously incarcerated."

Dated: November 28, 2022.                    Respectfully submitted,

*s/ Kevin D. Homiak*
Kevin D. Homiak
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, Colorado 80204
(505) 385-2614
kevin@homiaklaw.com

and

Athul K. Acharya
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97293
503-383-9492
athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2022, I electronically served the foregoing **PLAINTIFF JASON BROOKS'S OPPOSED MOTION IN LIMINE NO. 1 RE: CRIMINAL HISTORIES OF TROY BROWNLOW AND RICHARD VAUGHN LITTRELL** on the following individuals at the following email addresses:

- **Joshua G. Urquhart**
  joshua.urquhart@coag.gov

- **Rachel Lieb**
  rachel.lieb@coag.gov

- **Kelley Dziedzic**
  kelley.dziedzic@coag.gov


*s/ Jennifer Loadman*