IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

_____

**PLAINTIFF JASON BROOKS'S <u>OPPOSED</u> MOTION *IN LIMINE* NO. 2 RE: THE UNDERLYING FACTS OF HIS 2010 CONVICTIONS AND HIS POST-CONVICTION MOTIONS AND CHALLENGES TO HIS CONVICTIONS**
_____

Plaintiff Jason Brooks submits his <u>second</u> motion *in limine* and respectfully asks the Court preclude at trial evidence, argument, or questioning regarding (i) the underlying facts of his 2010 convictions, and (ii) his post-conviction motions and collateral challenges to his convictions and restitution amount. These details are irrelevant to Mr. Brooks's claim under Title II of the Americans with Disabilities Act and will serve only to distract and confuse the jury, and to prejudice Mr. Brooks. They should therefore be excluded under Rules 401, 402, 403, and 404(b).

### <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to D.C.Colo.L.Civ.R. 7.1(A), undersigned counsel certifies that he has conferred with counsel for the CDOC regarding the relief requested herein. The CDOC opposes the Motion.

### <u>ARGUMENT</u>

**I.    The Court Should Preclude Any Argument, Questioning, or Evidence about the Underlying Facts of Mr. Brooks's Convictions or the Restitution Amount He Owes**

During the trial preparation depositions, the CDOC questioned several witnesses about the underlying facts of Mr. Brooks's 2010 convictions for securities fraud—including (i) whether his

1

family members were listed as victims of his crimes in the indictment, (ii) whether they consider themselves victims of Mr. Brooks's crimes, (iii) the underlying facts of his convictions, and (iv) his restitution amount. (*See, e.g.*, *Ex. A*, W. Updegraff Tr. (Nov. 10, 2022) at 60:24-63:15; *Ex. B*, K. Brooks Tr. (Nov. 14, 2022) at 23:24-25:8; *Ex. C*, R. Littrell Tr. (Oct. 13, 2022) at 12:4-13:9.)

To be sure, the CDOC is permitted to ask Mr. Brooks about his "number of prior convictions, the nature of each of the crimes charged, and the date and time of each conviction" under Rule 609. *United States v. Bray*, 445 F.2d 178, 182 (5th Cir. 1971). In other words, Mr. Brooks's "prior conviction, its general nature, and punishment of felony range [are] fair game for testing [his] credibility." *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996). But the CDOC cannot go beyond those basic details and into "the damaging facts underlying the prior conviction"—including the identity of his victims, the underlying facts of his conviction, or the substantial restitution amount he owes of more than $7 million. *Id.* "In short, the cross examination should be restricted to the fact of the convictions, and the circumstances and details of prior criminal conduct should not be explored by the [cross-examining party]." *United States v. Dow*, 457 F.2d 246, 250 (7th Cir. 1972).

The Tenth Circuit's ruling in *Albers* is instructive. There, the defendant testified in his own defense at trial, and the prosecution questioned him on cross-examination regarding the damaging underlying facts of his prior theft conviction:

> Q: And that conviction concerned you taking farmers' money for crop insurance and not sending the premiums or the applications back to the insurance company, didn't it?
>
> A: Yes.
>
> Q: And everything was all right until, of course, storm comes up and the farmers' crops are destroyed and you haven't sent in any insurance premiums, right?
>
> ****

2

> Q: That's what happened, wasn't it?
>
> A: Yes.

*Albers*, 93 F.3d at 1479. Although the defendant's attorney objected, the district court permitted the questioning under Rule 609. *See id.* In holding that the district court erred, the Tenth Circuit explained that the prosecutor could inquire into "the prior conviction, its general nature, and punishment of felony range," but "violated the limitations of Rule 609(a)(1)" when he asked about the underlying details of the theft conviction. *Id.*

Here, as in *Albers*, the CDOC should not be permitted to ask about any of the "inadmissible damaging facts underlying [Mr. Brooks's] prior conviction." *Id.* at 1480. Its questions should be limited to the "general nature" of Mr. Brooks's offenses, and his "punishment of felony range." *Id.* Any questioning regarding the identity of the victims of Mr. Brooks's crimes, the underlying facts of his convictions, whether his family members consider themselves victims of his offenses, or his restitution amount[1] would run afoul of Rule 609. *See id.*

These details have no relevance to the issues in this trial. Questioning about these topics would "serve no other purpose *but* as an impermissible attempt to inflame the jury" and increase

---

[1] Mr. Brooks currently owes over $7 million in restitution from his 2010 convictions—of which approximately $5 million is the restitution award and approximately $2 million is interest. Undersigned counsel was unable to find a case where a court was faced with a motion to exclude evidence, argument, or questioning about a substantial restitution amount, but *Albers* strongly suggests that the specific amount should be excluded for two reasons. First, *Albers* did not say that any questions about any "punishment" generally were "fair game" under Rule 609 (*e.g.*, the length of the witness's incarceration, the length of the witness's parole, or the specific restitution amount), but instead cabined such questions to the fact that the punishment was "of felony range." *Id.* at 1480. Taken at face value, this limitation means that the CDOC can only ask about Mr. Brooks's sentence as in "felony range." *Id.* Second, *Albers* makes clear that evidence of a criminal conviction is only permitted under Rule 609 to impeach a witness's credibility, and the specific amount of Mr. Brooks's restitution is irrelevant to that issue. Put another way, a conviction may be admitted under Rule 609 *only* "to prove the witness's character for untruthfulness." Advisory Committee Notes, Fed. R. Evid. 609. While the fact that Mr. Brooks was convicted of securities fraud is relevant to his "character for untruthfulness," the specific restitution amount he owes is not. *Id.* And any probative value to this evidence (and there is none) is greatly outweighed by the likelihood that the jury would improperly consider Mr. Brooks's restitution amount as a motivation for filing this lawsuit. Thus, any questions, evidence or argument regarding the specific restitution amount should be prohibited.

the danger that the jury would find against Mr. Brooks solely because of the underlying facts of his offenses. *Johnson v. 21st Century Centennial Ins. Co.*, No. 1:15CV74-LG-RHW, 2016 WL 4471887, at *3 (S.D. Miss. Aug. 24, 2016) (emphasis in original). Simply put, the evidence is irrelevant, and even if it were marginally probative, the danger of unfair prejudice or confusing or misleading the jury is too great. It should therefore be excluded.

**II.     The Court Should Exclude Any Evidence, Questioning, or Argument Regarding Mr. Brooks's Challenges to His Convictions, and Whether He Has "Accepted Responsibility" for His Offenses**

The CDOC has also questioned witnesses regarding Mr. Brooks's post-trial motions and collateral challenges to his convictions and implied that those efforts somehow demonstrate that he has not "accepted . . . total responsibility for what happened in [his] life." (*Ex. C*, R. Littrell Tr. (Oct. 13, 2022) at 53:9-55:10.)

Of course, these questions go well beyond what *Albers* permits under Rule 609 and should be excluded on that basis alone. They also have no relevance to what happened to Mr. Brooks while incarcerated with the CDOC. The fact that Mr. Brooks filed various post-conviction motions and habeas petitions to challenge his convictions, sentence, and restitution amount has no bearing on his credibility or any of the issues in this case. Nor does it make any difference to the jury's evaluation of his ADA claim whether he has "accepted . . . total responsibility for what happened in [his] life," or for his offenses. *Id.*

Any probative value to this evidence (and there is none) is greatly outweighed by the danger that the jury will be distracted and confused. Mr. Brooks will be forced to explain why he initially pled guilty to these offenses, the technical bases of his post-conviction challenges, why he believes he received ineffective assistance of counsel in his criminal case, and why he thinks it was unconstitutional for him to be charged with offenses that lack a *mens rea* requirement. In

4

effect, it would lead to a "mini-trial" on the basis for his guilty plea, and the merits of his subsequent challenges. This evidence is therefore inadmissible under Rules 401, 402, and 403.

What's more, these questions would paint Mr. Brooks as an unrepentant, unapologetic, and unrehabilitated criminal—significantly increasing the risk that the jury would find against him simply because he is a "bad person." In other words, it may lead the jury to reject Mr. Brooks's ADA claim based on his purported "bad" character—and not the relevant testimony or evidence. This is plainly prohibited by Rule 404(b). The Advisory Committee Notes to Rule 404(b) explain why this type of evidence is so dangerous:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Advisory Committee Notes, Fed. R. Evid. 404 (internal quotation marks omitted).

Questions regarding Mr. Brooks's post-conviction challenges and acceptance of responsibility would "subtly permit the trier of fact" to "punish [him]" because of his character, "despite what the evidence in the case shows actually happened." *Id.* As a result, they constitute inadmissible character evidence and should be excluded from trial under Rule 404(b).

## **CONCLUSION**

For the reasons set forth above, Mr. Brooks respectfully asks the Court preclude at trial evidence, argument, or questioning regarding (i) the underlying facts of his 2010 convictions, and (ii) his post-conviction motions and collateral challenges to his convictions and restitution amount. These details are irrelevant to Mr. Brooks's claim under Title II of the Americans with Disabilities Act and will serve only to distract and confuse the jury, and to prejudice Mr. Brooks. They should therefore be excluded under Rules 401, 402, 403, and 404(b).

Dated: November 28, 2022.	Respectfully submitted,

*s/ Kevin D. Homiak*
Kevin D. Homiak
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, Colorado 80204
(505) 385-2614
kevin@homiaklaw.com

and

Athul K. Acharya
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97293
503-383-9492
athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2022, I electronically served the foregoing **PLAINTIFF JASON BROOKS'S OPPOSED MOTION IN LIMINE NO. 2 RE: THE UNDERLYING FACTS OF HIS 2010 CONVICTIONS AND HIS POST-CONVICTION MOTIONS AND COLLATERAL CHALLENGES TO HIS CONVICTIONS** on the following individuals at the following email addresses:

- **Joshua G. Urquhart**
  joshua.urquhart@coag.gov

- **Rachel Lieb**
  rachel.lieb@coag.gov

- **Kelley Dziedzic**
  kelley.dziedzic@coag.gov

*s/ Jennifer Loadman*