IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**PLAINTIFF JASON BROOKS'S <u>OPPOSED</u> MOTION *IN LIMINE* NO. 3 RE: MR. BROOKS'S FORMER ATTORNEYS, DISMISSED CLAIMS AND DEFENDANTS, AND MR. BROOKS'S OTHER CIVIL LITIGATION**

---

Plaintiff Jason Brooks respectfully submits his <u>third</u> motion *in limine* and respectfully requests the Court preclude at trial any evidence, argument, or questioning about: (i) the claims and defendants that have been dismissed or the attorneys who previously represented or considered representing Mr. Brooks in this case; and (ii) Mr. Brooks's other civil litigation.  These issues have no relevance to the remaining claim under Title II of the Americans with Disabilities Act, would pose substantial prejudice to Mr. Brooks, confuse and distract the jury, constitute impermissible character evidence, and implicate inadmissible hearsay statements. As a result, they should be excluded under Rules 401, 402, 403, 404(b), 801, and 802.

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.Colo.L.Civ.R. 7.1(A), undersigned counsel certifies that he has conferred with counsel for the CDOC regarding the relief requested herein. The CDOC opposes the Motion.

## **INTRODUCTION**

This case was filed by Mr. Brooks *pro se* nearly a decade ago on October 23, 2013. The original complaint spanned nearly 200 pages with attachments, named over a dozen defendants, and asserted four claims: (i) Cruel and Unusual Punishment in violation of the Eighth Amendment (Count I), (ii) Denial of Due Process in violation of the Fourteenth Amendment (Count II), (iii) Intentional Discrimination in violation of the Americans with Disabilities Act (Count III), and (iv) Denial of Access to Courts in violation of the First Amendment (Count IV). (*See generally* ECF 1.) Over a dozen dispositive motions were filed and adjudicated, the decisions in this case were twice appealed to the Tenth Circuit (in 2016 and 2019), and the docket already contains nearly 400 entries—without ever having been tried before the Court or a jury. Although Mr. Brooks has largely proceeded *pro se* over the years, he consulted with or retained a half-dozen law firms, lawyers, and organizations since 2011 to assist him with pursuing his claims.

What remains after this byzantine procedural history is a single claim for violating Title II of the ADA against a single defendant—the Colorado Department of Corrections. The jury will have one straightforward issue to decide: Whether the CDOC intentionally discriminated against Mr. Brooks by repeatedly failing to provide him a reasonable accommodation for his disability to ensure he had equal access to prison meals while incarcerated at the Fremont Correctional Facility.

Based on questioning during the trial preparation depositions, Mr. Brooks anticipates that the CDOC will attempt to muddy the waters at trial by introducing exhibits, testimony, and argument regarding communications with (or about) attorneys who are no longer involved in this case, claims and defendants that were dismissed years ago, and other civil litigation that Mr. Brooks has filed related to his incarceration. These issues have no relevance to this straightforward intentional discrimination case; serve only to distract, confuse, and prejudice the jury; and

improperly paint Mr. Brooks as a litigious character who files frivolous claims. As a result, they are impermissible under Rules 401, 402, 403, 404(b), 801, and 802, and the Court should not allow the Colorado Department of Corrections to introduce such improper evidence and muddy the waters at trial.

I.  **The Court Should Preclude any Questions, Evidence, or Argument about Mr. Brooks's Former Attorneys or Claims and Defendants Who Have Been Dismissed**

In depositions, the CDOC has asked questions about communications with the attorneys Mr. Brooks and his mother (Wendy Updegraff) consulted with and retained in 2012 and early 2013, and about claims and defendants that have been dismissed. In particular, the CDOC has sought information regarding (i) the opinions of attorneys David Lane (of Kilmer Lane Newman, LLP) Allison Ruttenberg, and the Colorado Cross-Disability Coalition on the merits of Mr. Brooks's claims; (ii) Mr. Brooks's and his mother's summaries of (or responses to) those opinions; (iii) draft complaints exchanged between Ms. Updegraff, Mr. Brooks, and Ms. Ruttenberg; (iv) Congressional outreach efforts; and (v) Ms. Updegraff's handwritten notes regarding these dismissed claims and defendants and former attorneys.

For instance, the CDOC questioned Ms. Updegraff in her November 10, 2022 deposition about a draft complaint from March 2013. (*See generally Ex. A*, Email from W. Updegraff to J. Brooks (Mar. 26, 2013).) That draft complaint named as defendants Dr. Timothy Creany, Angel Medina, Tony Carochi, Debra Foster, "Dr. Franz," and "Dr. Oba." (*Id.* at 1.) It asserted a claim for declaratory and injunctive relief under the Eighth Amendment. (*See id.* at 4.) And it was initially going to be filed by Ms. Ruttenberg. (*See id.*) The CDOC also questioned Ms. Updegraff about an email that she sent Ms. Ruttenberg on October 3, 2012, about the Colorado Cross-Disability Coalition "working on a strategy to get Jason's transfer out of Fremont to Territorial." (*Ex. B*, Email from W. Updegraff to A. Ruttenberg (Oct. 3, 2012).)  And the CDOC questioned Ms.

3

Updegraff about a March 21, 2013 email to Mr. Brooks in which she forwarded a letter from Ms. Ruttenberg, in which Ms. Ruttenberg identified "ten other issues" that she "want[s] injunctive relief on," for which she believed Mr. Brooks had not exhausted his administrative grievances. (*Ex. C*, Email from W. Updegraff to J. Brooks (Mar. 21, 2013).)

Neither Ms. Ruttenberg nor the Colorado Cross-Disability Coalition currently represents Mr. Brooks, and Ms. Ruttenberg has not represented him since early 2013 (*i.e.*, before this case was filed). Dr. Creany, Ms. Medina, Mr. Carochi, Ms. Foster, Dr. Franz, and Dr. Oba are not defendants in this case, and Dr. Franz, Ms. Medina, and Ms. Medina appear (based on the docket) to never have been named as defendants in this case. Mr. Brooks's Eighth Amendment claim was dismissed years ago. Exhaustion is not at issue at trial. Mr. Brooks has no remaining claims for injunctive relief. Mr. Brooks was never transferred to Territorial, nor does he currently have a claim for a violation of the ADA based on the CDOC's failure to transfer him from Fremont to Territorial. Any probative value from these communications (and there is none) is greatly outweighed by their substantial prejudice to Mr. Brooks, and by their potential to confuse and distract the jury.

With Mr. Brooks's remaining ADA claim, the jury will already have to digest testimony concerning the symptoms, presentation, and treatment of a complex medical condition; medical records regarding treatment from a half-dozen medical providers and specialists; lengthy records of Mr. Brooks's missed meals and snacks; and dozens of kites, grievances, and grievance responses spanning several years, over just a five-day trial. Injecting nine-year-old communications between Mr. Brooks, his mother, and his former attorneys (and attorneys who were evaluating whether to accept his case), and—more generally—communications about claims and defendants that have been dismissed, would serve only to confuse the issues at trial in violation of Rule 403. Mr. Brooks

4

would be forced to explain what happened to these claims, defendants, and attorneys, and why they are no longer involved in the case. It would turn this case into a series of "mini-trials" regarding those dismissed claims, defendants, and former attorneys, rather than maintaining focus on Mr. Brooks's remaining claim under the ADA.

Courts routinely exclude evidence and argument related to previously dismissed claims and defendants as irrelevant and prejudicial under Rules 401, 402, and 403. *See, e.g.*, *Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361 (VAB), 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017) ("[W]here claims have been dismissed on summary judgment, therefore, it is appropriate to preclude testimony in evidence regarding those same previously dismissed claims during a jury trial").[1] Simply put, the "case law does not support the admission of evidence related to dismissed parties and claims, [as] it lacks probative value." *Slappy v. City of Detroit*, Case No. 19-10171, 2021 WL 2986284, at *2 (E.D. Mich. July 15, 2021). Any communications with (or about) attorneys who no longer represent Mr. Brooks (or who declined to take his case) similarly have no probative value and should, likewise, be excluded.

---

[1] *See also Morales v. N.Y. Dep't of Labor*, No. 06-CV-899 (MAD), 2012 WL 2571292, at *4 (N.D.N.Y. July 3, 2012) (finding "that any testimony or evidence about plaintiff's previously dismissed discrimination claim is excluded" as irrelevant and prohibiting evidence regarding events prior to February 16, 2006 where a "prior Order narrowed the scope of plaintiff's retaliation claim to protected activities that occurred on or after February 16, 2006"); *Hamza v. Saks Fifth Ave., Inc.*, No. 07 CIV. 5974 (FPS), 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011) ("Any testimony and/or evidence relating to the plaintiff's previously dismissed disability discrimination claim is wholly irrelevant to any issue in contention in her current retaliatory discharge claim, and thus ... is hereby precluded from introduction at trial pursuant to Federal Rules of Evidence 401 and 402")); *Anderson v. Brown Indus.*, No. 4:11-cv-0225-HLM, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014) ("Generally, evidence concerning previously dismissed claims is not relevant and, consequently, is not admissible.") (citations omitted); *Andazola v. Logan's Roadhouse, Inc.*, No. CV-10-S-316-NW, 2013 WL 1834308, at *5 (N.D. Ala. Apr. 29, 2013) (granting motion in *limine* to exclude evidence relevant only to previously dismissed claims); *Williams v. Hooker*, No. 4:02CV01250 ERW, 2008 WL 2120771, at *3 (E.D. Mo. May 19, 2008) ("Plaintiff may not reference claims that were dismissed by the Court in the Summary Judgment Order"); *Bryce v. Trace, Inc.*, 2008 WL 906142, at *3 (W.D. Okla. Mar. 31, 2008) (excluding "all references to claims asserted in the Complaint that the Court has resolved by summary judgment" and noting that "shielding such matters from the jury is common practice"); *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. CIV.98-2364(RHK/AJB), 2003 WL 1610781, at *13 (D. Minn. Mar. 8, 2003) (granting motion *in limine* to exclude references to dismissed claims because "dismissal of certain claims has no relevance to the . . . claim the jury must decide").

Moreover, questioning and introducing evidence regarding these issues would constitute impermissible character evidence in violation of Rule 404(b). Rule 404(b) prohibits "evidence of any other crime, wrong, or act . . . to prove a person's character to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir.1988). "[A plaintiff's] litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." *Raysor v. Port Authority*, 768 F.2d 34, 40 (2d Cir.1985), *cert. denied*, 475 U.S. 1027 (1986). Indeed, the danger is that the jury will view the plaintiff "first and foremost as a bringer of nuisance lawsuits," and refuse to give his claims "a fair hearing" as a result. *Outley*, 837 F.2d at 592.

That's precisely what the CDOC is trying to do here. The CDOC wants to argue that, because Mr. Brooks has gone through several attorneys and the majority of the claims and defendants have been dismissed in this case, he has a litigious character and his remaining claim against the ADA is frivolous. This is textbook impermissible character evidence. *Cf. Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (excluding evidence of the plaintiff's other lawsuits because "it would potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity"). In other words, it would lead the jury to decide Mr. Brooks's ADA claim not on its merits, but based on his litigious character. As a result, the Court should exclude

6

any questions, argument, or evidence regarding Mr. Brooks's former attorneys or claims and defendants that have been dismissed.[2]

## II. The Court Should Preclude any Questions, Evidence, or Argument about Mr. Brooks's Civil Litigation History

The CDOC may also seek to introduce evidence of Mr. Brooks's other civil litigation history, in the hopes of portraying him to the jury as a serial litigant.

Courts have consistently excluded any such evidence under Rules 401, 402, 403, and 404(b). *See, e.g.*, *Edwards v. City of New York*, No. 08–2199 (TLM), 2011 WL 2748665, at *6 (E.D.N.Y. 2011) ("Evidence of plaintiff's litigation history will not be admitted under Federal Rule of Evidence 404(b)…, [and] any probative value of plaintiff's litigation history is outweighed by the prejudicial effect."); *Scully*, 146 F.R.D. at 79 (holding evidence of plaintiff's prior prisoner civil rights cases "would potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity"); *Seals v. Mitchell*, 2011 WL 1399245, at *5 (N.D. Cal. 2011) ("[E]vidence of Plaintiff's litigiousness is inadmissible character evidence."). "Evidence regarding [the plaintiff's] general aggressiveness and litigiousness is precisely the type of character evidence admitted to prove propensity that is prohibited by Rule 404." *Dupard v. Kringle*, 76 F.3d 385, 1996 WL 56098, *4–5 (9th Cir. 1996) (unpublished).

As with Mr. Brooks's dismissed claims, the danger of injecting Mr. Brooks's civil litigation history into the case is that the jury will view Mr. Brooks "first and foremost as a bringer of nuisance lawsuits," and refuse to give his ADA claim "a fair hearing" as a result. *Outley*, 837 F.2d at 592. The Court should therefore preclude any evidence, argument, or questioning regarding Mr. Brooks's civil litigation history.

---

[2] The CDOC has not identified the purpose for which it would be offering this evidence, but to the extent that the communications are being offered for the truth of the matter asserted therein, they also constitute inadmissible hearsay and would be prohibited by Rules 801 and 802.

## **CONCLUSION**

For the reasons set forth above, Mr. Brooks respectfully requests the Court preclude at trial any evidence, argument, or questioning about: (i) Mr. Brooks's former attorneys, dismissed claims, or dismissed defendants; and (ii) Mr. Brooks's other civil litigation. These issues have no relevance to the remaining claim under Title II of the Americans with Disabilities Act, would pose substantial prejudice to Mr. Brooks, confuse and distract the jury, constitute impermissible character evidence, and are inadmissible hearsay statements. As a result, they should be excluded under Rules 401, 402, 403, 404(b), 801, and 802.

Dated: November 28, 2022.                           Respectfully submitted,

<div style="margin-left:3em;">

*s/ Kevin D. Homiak*
Kevin D. Homiak
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, Colorado 80204
(505) 385-2614
kevin@homiaklaw.com

and

Athul K. Acharya
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97293
503-383-9492
athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2022, I electronically served the foregoing **PLAINTIFF JASON BROOKS'S <u>OPPOSED</u> MOTION IN LIMINE NO. 3 RE: MR. BROOKS'S FORMER ATTORNEYS, DISMISSED CLAIMS AND DEFENDANTS, AND MR. BROOKS'S OTHER CIVIL LITIGATION** on the following individuals at the following email addresses:

- **Joshua G. Urquhart**
  joshua.urquhart@coag.gov

- **Rachel Lieb**
  rachel.lieb@coag.gov

- **Kelley Dziedzic**
  kelley.dziedzic@coag.gov

*s/ Jennifer Loadman*