JASON BROOKS 150014 FF U8S  ID:52197261  [P 1/4]

**You have received a jpay letter, the fastest way to get mail**

From : Vayah Terra, CustomerID: 2569627
To (Inmate): JASON BROOKS, ID: 150014
Date : 3/26/2013 1:50:03 AM EST,    Letter ID: 52197261
Location : FF

EXHIBIT
18
Calderwood-Mackelprang
303 477 - 3500

Here is the edited corrections and additions I put in in red ink for alison..............
because I cannot attach it, the red ink will not show........I
I would have to underline it for you but its late at night and just want you to get it sooner......
whether you use this or not the facts still need to be corrected...

sorry, format does not copy correctly.....words are there. I missed the last numbers repeat of 19-20-21....
love
mom


FOR THE DISTRICT OF COLORADO


Civil Action No.  13-cv-

Jason BROOKS,

   Plaintiff,

v.

Timothy CREANY JR. (in his personal and official capacities), Angel MEDINA (in his official capacity), and Tony CAROCHI, Acting Executive Director of the Colorado Department of Corrections (in his official capacity), Debra Foster (in her official capacity), Dr. Franz (unknown?) Dr. Oba was at Bent County? (in his personal and official capacity).

Defendants.

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

The Plaintiff, Jason Brooks, by and through his attorney, Alison Ruttenberg, complains against the Defendants as follows:
JURISDICTION OF THE COURT
1. This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 USC §1983. Jurisdiction is conferred on this Court pursuant to Title 28 USC §1331.  Jurisdiction supporting the Plaintiff's claim for attorney fees and costs is conferred by 42 USC §1988.
2. Venue is proper in the District of Colorado pursuant to 28 USC §1391(b).  All of the events relevant to the claims set forth in this Complaint occurred within Bent and Fremont Counties, Colorado.
PARTIES
3. At all times material to this Complaint, the Plaintiff, was a citizen of the United States and a prisoner incarcerated in the Colorado Department of Corrections ("DOC"). He is currently incarcerated at the Fremont Correctional Facility. He was sentenced to four consecutive eight year sentences on April 27, 2010 after being convicted of securities fraud in Weld County Court case number 2009CR959.
4.  The individual Defendants are officers, employees or contractors of the Colorado Department of Corrections ("DOC"), and were acting under color of state law at all times material to this complaint.
  a.  Creany and Franz (Dr. Oba?) are medical doctors, however their actions are in violation of the AMA Code of Medical Ethics -- in particular Opinion 8.11 (Neglect of Patient), Opinion 2.03 (Allocation of Limited Medical Resources), Opinion 2.067 (Torture) and Opinion 2.095 (Adequate Medical Care). Creany allegedly graduated from the Georgetown University School of Medicine in 1996, is allegedly Internal Medicine Board Certified, and is the only medical doctor at the Fremont Correctional Facility.  He is responsible for the medical care of all inmates (Jason Brooks) at the Fremont Correctional Facility, and when he is not present at the Fremont Correctional Facility, there is

**jpay** Tell your friends and family to visit www.jpay.com to write letters and send BROOKS00 539

**PLAINTIFF'S MOTION IN LIMINE NO. 3 - EXHIBIT A**

JASON BROOKS 150014 FF U8S  ID:52197261  [P 2/4]

You have received a **JPAY** letter, the fastest way to get mail

From : Vayah Terra, CustomerID: 2569627
To (Inmate): JASON BROOKS, ID: 150014
Date : 3/26/2013 1:50:03 AM EST,   Letter ID: 52197261
Location : FF

no other medical doctor authorized to dispense care to Jason Brooks. Upon information and belief, he is responsible for the supervision and direction of Klenke (unkown?) and other staff at the Fremont Correctional Facility inmate clinic. He is a part time contractor with the DOC, and is also a shareholder of the Clear Creek Medical Group, P.C., with offices at 14062 Denver West Parkway Building 52, Suite 150, Lakewood CO 80401 and 4200 W Conejos Place Suite 300 Denver CO 80204. He is also associated with Centura Health-St Anthony Central Hospital at 4231 West 16th Ave. Denver CO 80204. He is sued in his official and personal capacities for injunctive and declaratory relief.
b. Mr. Angel Medina is the "Warden" at the Fremont Correctional Facility. He is sued in his official capacity for injunctive and declaratory relief.
c. Tom Clements, the Executive Director of the Colorado DOC, was murdered on March 19, 2013. Upon information and belief, Tony Carochi, the Director of Prisons is the acting interim Executive Director until a new Executive Director can be named. He is sued in his official capacity.
d. Debra Foster, the Clinical Services Administrative Head for Fremont Facility is sued in her official capacities for injunctive and declaratory relief.
FACTUAL BACKGROUND
5.   The Plaintiff suffers from severe gluten intolerance. ==If he ingests gluten, he will suffer from intestinal bleeding and explosive diarrhea==. Prior to his arrest on May 24, 2009, he was severely ill with chronic ulcerative colitis, in correlation to a lifetime of exposure to gluten. He was first hospitalized in September 2002, and was near death on two occasions prior to his arrest, from severe emaciation and dehydration. Due to the damage to his immune system by exposure to gluten, the Plaintiff has experienced increasing ulceration of his digestive tract. A colonoscopy was done June 20, 2007 before incarceration: ASA Grade Assessment PII; mild systemic disease with colitus-diffuse inflammation was noted. On August 26, 2010 an upper G.I. Endoscopy was done by Dr. Vahil; ASA Grade Assessment III: severe systemic disease: esophagitus, hiatus hernia, gastritis, colonoscopy recommended. Over one year later, the first prison colonoscopy was performed on September 9, 2011 and ulceration was noted as "active disease...colitis". In the very same report, ASA Classification was 1: "healthy, no medical problems." A contradiction of fact. On April 03, 2012 Dr Vahil, gastroenterologist, evaluated patient and noted chronic and recurrent relapses, pancolitis (complete ulceration) and gave a recommendation to refer for surgical evaluation.
6. Dr. Creany's solution to treat the pancolitis was to surgically remove the damaged portion of the Plaintiff's colon, and either leave him with a j-pouch (an internal bag) or an external bag instead of a colon. The surgeon would not be able to tell which procedure is indicated until the Plaintiff is actually cut open and can determine what if any portions of his colon could be saved. The Plaintiff refuses to consent to that radical surgery because the pancolitis can be reversed with the proper diet and medication regiment. However, the DOC refuses to pay for a special diet and the complement of appropriate medications necessary to reverse the damage to the intestinal lining. Additionally, until the Plaintiff is tested for Crohn's disease, surgery cannot be performed. If he has Crohn's disease, then he cannot have the j-pouch procedure. ==The Test for Crohn's was done on _____ and Crohn's is indicated==. Surgery is ruled out. The Test was first referred by Dr. Oba's evaluation on July 1, 2010.
==7. missed in numbering- add an issue here==.
8. (no longer an issue?) The j-pouch or colonoscopy bag can be reversed after three months of healing, but the DOC refuses to pay for this second surgery. Instead, it is the policy of the DOC that this second surgery is a "cosmetic" procedure. There is another inmate in the DOC who was forced to have a colonoscopy, and the DOC refuses to pay for the second surgery. Additionally, the DOC refuses to give this inmate gloves or anti-bacterial soap so he can keep his colonoscopy bag clean.
9. Plaintiff will agree to colonoscopy to determine how much of his colon is to be removed and which procedure he would qualify for under the following conditions:  (a) He is tested for Crohn's disease, and tests negative; (done) (b) the DOC agrees to fund the second surgery to reverse the procedure after his colon has healed; and (c) the DOC will agree to provide him gloves, anti-bacterial soap and other supplies so that he can keep his colonoscopy bag clean. The DOC refuses to comply with these three requests, and therefore, the Plaintiff seeks injunctive relief to compel compliance in the case of the bowel failing to heal by dietary and medication protocol.
The Priority remains, the Plaintiff seeks an injunction against the Defendants to compel them to provide him with Certified gluten-free diet, nutritional and dietary supplementation and the proper medications to control his ongoing gluten-intolerance damage so that surgery will not be necessary. The deliberate indifference to his medical needs; by refusing to supply proper nutrition and medication, the proper testing to insure that any surgical procedures are safe, as well as, refusing further testing that ensure other suspected and/or correlative Medical issues are not over-looked; violate the Plaintiff's Eight Amendment right to be free from cruel and unusual punishment.
10. The Defendants fail to provide the Plaintiff with sufficient toilet paper and bathroom access so that he can manage his explosive diarrhea without undue pain and hardship. A diaper was offered instead but refused as unreasonable and inappropriate accomodation. ==A Hall Pass was ordered by prior Clinic Administrator, Dorothy Montoya==. Present

**JPay** Tell your friends and family to visit www.jpay.com to write letters and send money!

BROOKS-001540

**PLAINTIFF'S MOTION IN LIMINE NO. 3 - EXHIBIT A**

JASON BROOKS 150014 FF U8S  ID:52197261  [P 3/4]

**You have received a jpay letter, the fastest way to get mail**

From : Vayah Terra, CustomerID: 2569627
To (Inmate):  JASON BROOKS, ID: 150014
Date : 3/26/2013 1:50:03 AM EST,    Letter ID: 52197261
Location : FF

Administrator, Ms. Foster, refuses to renew the Pass or allow extra toilet paper. The Plaintiff has been without sufficient toilet paper since being moved to another part of the Facility where his chronic medical condition is unknown by Staff. Without the Hall Pass, Plaintiff has been forced to miss many mealtimes, detained on the toilet instead. Additionally, without extra bathroom access during exercise yard times, it is an undue hardship to be forced to miss equal access for excercise times. It violates the Eighth Amendment to compel the Plaintiff to miss scheduled mealtimes and exercise or to experience the pain of holding back chronic diarrhea because bathroom access is denied, rather than afford him the bathroom access to meals and exercise that his Medical Condition requires.

11.  Resolved. Staffing Meeting of June 2012 ordered 1 Day Transports. Going well last I heard. Still, the process was undue torture while it lasted. Diet is still an issue during the transport day and may still need to be addressed. I think he still has to starve or miss meals that day?

The diet is LifeTime required and is to be provided at all times, including the one-day transports, including with any remission of symptoms, including any recovery from colitis. It is a lifetime condition treated by dietary avoidance of all gluten products and products containing gluten additives or gluten contamination.

When the Plaintiff has to see the gastroenterologist, a specialist outside the DOC, the transport process takes three days.  He has to starve himself because the DOC will not provide him gluten free food during the three day transport. He has been handcuffed for six hours at a time waiting to see a doctor, when he is too weak to do so.

12. The Plaintiff is forced to stand in line for thirty minutes at a time to obtain his medication and Ensure supplements. There are times when he is too weak to stand up for thirty minutes at a time or he needs bathroom access which is denied while in line.  If he is collapsed in his cell or needing to be relieved on the toilet, then he is written up for "refusing" his medication or being "non-compliant."  Another inmate who was too weak to stand to obtain his medications had to have the assistance of two other inmates to hold him up in line. The next day he was dead.

13. Ulcerative colitis causes the Plaintiff excruciating pain. However, the Defendants will not authorize the Plaintiff to receive pain medications to manage his pain appropriately. All they will allow is ibuprofen and aspirin, both of which cause gastro-intestinal bleeding and are contra- indicated for a patient with ulcerative colitis. Upon appropriate pain medication being ordered there has been routine and multiple interference and mis-management of this medication to make it unavailable to the Plantiff both in a consistent or appropriate manner. Pain is very high during and through the night but pain medication is not allowed for this time. Enforcing undue pain by withholding medication (whether intentionally by med-protocol or by failing to keep it in available supply) constitutes a hardship violating the 8th Amendment.

14. As a result of the ulcerative colitis, the Plaintiff is susceptible to low grade secondary infections in his gastro intestinal tract, and blood tests administered by the DOC show that he has in fact repeatedly suffered from these low grade infections.  However, the DOC refuses to prescribe Alinia, which is the medication known to most effectively treat this condition; especially when further testing to identify possible sources of chronic low-grade infections- such as parasites, are refused to be tested for.

15. The Plaintiff's pan colitis and/or ulcerative colitis can be managed, treated and even reversed if only the Defendants would give the Plaintiff a gluten free diet.  Instead, they stubbornly refuse to do so, and Creany claims that there is no specific dietary requirement for ulcerative colitis.  There is a direct cause and effect between the Plaintiff's consumption of gluten and his explosive diarrhea and intestinal bleeding that results in more damage to his intestines and colon.  DNA testing performed on both his parents, provides evidence of gluten-intolerant genes present in Plaintiff. A celiac gene present in the father may also be present in Plaintiff.

16. Prior to being incarcerated at Fremont County Correctional Facility, the Plaintiff was incarcerated at Bent County Correctional facility. After 15 months (must check on time, I think only 12 months)  at Bent County Correctional Facility, the Plaintiff was given a Certified gluten free diet and his symptoms greatly improved.  Then, on or about February 9, 2012 he was taken off the gluten free diet for five days while he was purportedly being transferred for Medical Needs and held in cellhouse five – which is a hold-over unit between Bent County and Fremont Correctional Facilities.  For five days every meal he was given was packed with bread, bread products or other food that had wheat/gluten additives.  If he had only been there three days, he could have starved himself; something he has been forced to do many times, but five or six days is too long to starve.  After nine days (will check on time- was months) at Fremont Correctional facility, the DOC started giving him a modified diet.  He receives what the other inmates eat, but just with the hamburger bun removed (for example).  This is insufficient to prevent the harm caused by gluten. He also receives insufficient calories with this protocol. He needs to be fed a nutritious diet with food that has never come into contact with gluten (Certified G.F.).  He also needs Ensure or other dietary supplement because he suffers from chronic dehydration, nutritional deficiencies and weight loss due to the diarrhea. The Plaintiff is six foot three inches but weighs less than 150 pounds.(? may be better to input a range, maybe lowest to highest or present weight?, as weight fluctuates and can change within days). Normal weight is around 185 pounds.

**jpay** Tell your friends and family to visit www.jpay.com to write letters and send money BROOKS 001541

**PLAINTIFF'S MOTION IN LIMINE NO. 3 - EXHIBIT A**

JASON BROOKS 150014 FF U8S ID:52197261 [P 4/4]

You have received a **jpay** letter, the fastest way to get mail

From : Vayah Terra, CustomerID: 2569627
To (Inmate): JASON BROOKS, ID: 150014
Date : 3/26/2013 1:50:03 AM EST,    Letter ID: 52197261
Location : FF

17. The Plaintiff has exhausted all reasonably available administrative remedies regarding a gluten free diet and dietary supplements so that he will not suffer from the explosive diarrhea and painful ulcerative colitis.

CLAIM FOR RELIEF FOR DECLARATORY AND INJUNCTIVE RELIEF
42 USC §1983 -- In violation of the 8th Amendment to the US Constitution for Cruel and Unusual Punishment against the Defendants

18. The Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

19. The Plaintiff has a constitutionally protected interest to be free from cruel and unusual punishment which the Defendants intentionally violated and/or acted with deliberate indifference to this right. The Plaintiff needs a Certified gluten free diet in order to be free from excruciating pain and explosive and difficult to control diarrhea and intestinal-tract damage.

20. The Defendants' actions, by deliberately ignoring the Plaintiff's gluten intolerance caused excruciating physical pain and injuries and emotional pain and suffering to the Plaintiff. This excruciating pain and suffering is ongoing due to the Defendants' deliberate indifference.

21. Any one of the Defendants could authorize the Plaintiff a nutritious and caloric balanced diet that is gluten free and/or has sufficient dietary supplements so that the Plaintiff does not have to choose between starving himself and avoiding the painful side effects of ingesting a food product that contains gluten or been contaminated with gluten. The diet is a LifeTime requirement and must be provided at all times, regardless of where Plaintiff is within the CDOC system as well as outside, not just inside, Medical Care. Plantiff requires the ability to provide proof of this dietary requirement at all times and without delay.

19. The Defendants are deliberately ignoring the Plaintiff's gluten intolerance.

20. The Plaintiff is entitled to a Declaration that the Defendants' actions violated the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. The Defendants' deliberate indifference has caused the Plaintiff to be physically tortured and is causing a severe breakdown in his mental health. The situation is sufficiently serious, and the Defendants have a Constitutional duty to provide for the medical needs for the Plaintiff because he cannot independently meet his own needs. The Defendants have refused to meet the Plaintiff's basic human needs (including food and medical care). The Plaintiff has been subjected to substantial harm and has been put at risk of death; as well has been caused unnecessary suffering by the Defendant's deliberate indifference to this serious situation.

21. The Plaintiff is entitled to a narrowly tailed injunction against the Defendants compelling them to provide him with reasonable relief from the consequences of being fed a diet that is not gluten free and does not have sufficient dietary supplementation.

22. The Plaintiff is entitled to attorney fees and costs pursuant to 42 USC §1988.

DATED March 28, 2013.

    Respectfully submitted,


    /s/ Alison Ruttenberg

    Alison Ruttenberg
        PO Box 19857
        Boulder, CO 80308
        (720) 317-3834
        Fax: (888) 573-3153
        Ruttenberg@me.com

        Attorney for Plaintiff

    Address of the Plaintiff:
    Jason Brooks
    DOC #150014
    Fremont Correctional Facility
    PO Box 999
    Canon City CO 81215

**jpay** Tell your friends and family to visit www.jpay.com to write letters and send money!

BROOKS_001542

**PLAINTIFF'S MOTION IN LIMINE NO. 3 - EXHIBIT A**