IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

## UNOPPOSED DEFENDANT'S MOTION TO ALLOW WITNESS KATHY HOWELL TO TESTIFY REMOTELY VIA VIDEOCONFERENCE

Defendant Colorado Department of Corrections ("CDOC"), through its counsel, by and through the Colorado Attorney General, hereby submit the following motion to allow witness Kathy Howell to testify during the trial remotely via videoconference. Defendant states the following in support thereof.

    1.    **Certificate of Conferral**, Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel discussed this matter with Plaintiff's counsel, and Mr. Homiak does not oppose this motion.

    2.    Plaintiff Jason Brooks was released from prison in August 2018. In 2013, when Brooks initiated this case, he was a Colorado-state inmate serving a lengthy prison sentence for securities fraud. During the relevant period, Brooks suffered from ulcerative colitis, a chronic autoimmune disease of the large intestine. Brooks claims that the CDOC Defendant violated his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA"), by failing to reasonably accommodate his medical condition.

3.  This case is scheduled for a five-day jury trial beginning on December 12, 2022.

4.  Defendant has disclosed former CDOC Regional Health Service Administrator Kathy Howell as a witness. ECF No. 368

5.  During trial preparation and communication with Ms. Howell, it is undecided whether Ms. Howell's testimony will be redundant to testimony of other Defendant's witnesses as to her testimony about Jason Brooks's health condition and medical care requested and/or provided during part of 2012.

6.  Nonetheless, in an abundance of caution, Defendant would want to schedule Ms. Howell's testimony for Thursday, December 15, 2022.

7.  However due to the following circumstances, remote videoconference is necessary for her testimony at trial. Ms. Howell is currently a supervisor of hospice care in Arkansas and her organization is not fully staffed. In her capacity as a supervisor, she has regular patients and on call with emergency situations. Ms. Howell consulted with her manager, and they both have concerns with patient care, even if Ms. Howell is out of pocket for only a 24–36-hour period of time.

8.  Defendant therefore respectfully request, that the Court permit Ms. Howell to provide testimony remotely via videoconference.

WHEREFORE, Defendant respectfully request that the Court permit remote testimony of Ms. Howell via videoconference, if Defendant determines that her testimony is necessary.

Respectfully submitted on November 28, 2022.

PHILIP J. WEISER
Attorney General

*s/ Joshua G. Urquhart*
JOSHUA G. URQUHART*
Senior Assistant Attorney Generals
KELLEY M. DZIEDZIC*
RACHEL M. LIEB*
Assistant Attorneys General
*Counsel of Record
Civil Litigation & Employment Law Section
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
Facsimile: 720-508-6032
E-mail: kelley.dziedzic@coag.gov,
rachel.lieb@coag.gov,
joshua.urquhart@coag.gov
*Attorneys for Defendants Colorado Department of Corrections.*

## CERTIFICATE OF SERVICE

This is to certify that on November 28, 2022, I have duly served the within UNOPPOSED DEFENDANT'S MOTION TO ALLOW WITNESS KATHY HOWELL TO TESTIFY REMOTELY VIA VIDEOCONFERENCE, addressed as follows:

Kevin D. Homiak
kevin@homiaklaw.com

Athul K. Acharya
athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*


Adrienne Sanchez, CDOC
Associate Director, Legal Services

s/ *Elle Di Muro*

3