IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

     Plaintiff,

v.

 COLORADO DEPARTMENT OF CORRECTIONS,

     Defendant.

---

**MOTION IN LIMINE RE: ADMISSIBILITY OF CRIMINAL CONVICTIONS OF PLAINTIFF JASON BROOKS AND CERTAIN WITNESSES PURSUANT TO RULE 609 AND 608(b), AND THE DETAILS OF AT LEAST SOME OF BROOKS'S SECURITY FRAUD CHARGES**

---

Defendant Colorado Department of Corrections ("CDOC"), by and through the Colorado Attorney General, respectfully files the within Motion in Limine in anticipation of the jury trial set in this action, which as of this writing is set to begin on December 12, 2022.

**Certificate of Conferral**. Pursuant to D.C.COLO.Civ.R. 7.1(b)(1), CDOC conferred with counsel for Plaintiff Jason Brooks.  Counsel for Brooks indicated that he does opposes the relief sought herein.

## STATEMENT OF THE CASE

Brooks is a paroled inmate who was formerly in the custody of CDOC.  He was charged with 24 counts of securities fraud in 2009.  In 2010, Brooks pleaded guilty to four of those counts (two counts of Securities Fraud – Making an Untrue Statement, and two counts of Securities Fraud – Fraud or Deceit); the remaining charges were dismissed as part of his plea deal.  Essentially, according to his plea, Brooks acknowledged that he deceived victims into

1

investing in a purported venture involving an exclusive distribution deal with a Japanese electronics manufacturer, when no such deal existed, and that he ultimately was able to defraud those investors out of more than $10 million. Brooks was sentenced to four consecutive eight-year sentences (for a total sentence of 32 years), and restitution in the amount of $5,131,760.95 was awarded. He was then taken into the custody of CDOC.

The sole live claim in the instant lawsuit involves a period of time from 2012 through 2018, in which Brooks was incarcerated at Fremont Correctional Facility ("Fremont"). Brooks contends that he suffers from ulcerative colitis, and by the time he was transferred to Fremont, the condition had progressed to the point where he was experiencing uncontrollable incontinence. Brooks claims that this ulcerative colitis constitutes a disability for the purposes of the Americans with Disabilities Act (the "ADA"), and that CDOC failed to accommodate that disability when it declined to provide him with a medline or movement pass[1] to allow him to access meals at the Fremont chow hall on a more flexible schedule. Brooks further contends that the failure to issue him such a pass caused him to miss numerous meals, and that as a result of those missed meals, he lost a significant amount of weight and otherwise had a deterioration in his physical health. CDOC will dispute that claim, arguing (among other things) that the evidence establishes that although Brooks appears to have been experiencing an ulcerative colitis flare-up upon arrival at Fremont, he was provided with appropriate medication shortly after

---

[1] A medline pass is a pass issued by clinical services that allows inmates who need medications on a set schedule and/or medications that must be taken with food to attend the first chow pull (also called the "medline pull"). A movement pass is a pass issued by an ADA inmate coordinator to disabled inmates to allow them otherwise restricted movement to accommodate their disabilities.

arrival, and his weight quickly rebounded and stabilized. As such, there was no indication that he needed a medline or movement pass.

In any event, in support of his ADA claim, Brooks may attempt to offer testimony of two former cellmates, Troy Brownlow and Vaughn Littrell. CDOC anticipates that these inmates will testify that Brooks was suffering from uncontrollable incontinence and weight loss, both while he was at Fremont (Littrell), and before and after he was incarcerated there (Brownlow). Brownlow is currently incarcerated at CDOC, serving a sentence of life with parole in connection with a conviction for the 1980 stabbing murder of a 15-year-old girl. Littrell was released from CDOC custody in 2013 after serving a sentence for vehicular homicide.[2]

As discussed more fully below, CDOC submits the instant Motion in Limine requesting that the Court rule on the admissibility of two types of evidence. First, pursuant to Rule 609 of the Federal Rules of Evidence, CDOC anticipates eliciting testimony from Brooks, Brownlow and Littrell concerning the basic facts concerning their criminal convictions – *i.e.*, the crimes for which they were convicted, the dates of their conviction and the underlying crime, and the sentence that they received for that conviction. Because all three individuals are either still serving a sentence (Brownlow and at least arguably Brooks, who is currently on parole), or they were serving their sentence within the past ten years (Littrell and also Brooks if his parole is not deemed to be a current sentence), application of Rule 609 should be straightforward.

---

[2] Littrell also was convicted for Sexual Assault of a Child – Position of Authority in 2004 in connection with an encounter with an underage minor; due to the time that has elapsed since that conviction, and the nature of the offense, CDOC is not seeking to introduce evidence involving that conviction at trial.

Additionally, as for Brooks, pursuant to Rule 608, CDOC seeks to elicit testimony concerning the details of the underlying conduct that led to him being charged with at least some of the 24 counts of securities fraud brought against him. The nature of that conduct – lying to potential investors about a fictitious business deal in order to defraud them out of their money – is the *quintessential* sort of conduct that is probative of Brooks's character for untruthfulness as contemplated by Rule 608. Put simply, when Brooks tells the jury his story in an effort to convince it to award him money, that jury is entitled to know that Brooks has an extensive, established history of lying to people so that they will give him money.

## ARGUMENT

**I.  The basic facts concerning Brooks, Brownlow and Littrell's convictions – crimes, dates, sentences, restitution, etc. – are admissible pursuant to Rule 609.**

First, as indicated above, CDOC should be allowed to ask Brooks, Brownlow and Littell about the basic facts surrounding their respective convictions for which that are serving, or have served within the past ten years, a criminal sentence. Rule 609(a) states in relevant part:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) *must* be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant.

*Id.* (emphasis added). Where Rule 609 operates to permit cross examination concerning a prior conviction, the party offering such evidence will be limited to "the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977); *accord United States v. Commanche*, 577 F.3d 1261, 1270-71 (10th Cir. 2009)

4

All of the foregoing requirements are met in this case as to each of the relevant witnesses. They all were convicted of a crime that involved a sentence longer than a year: Brooks was convicted of securities fraud and sentences to four consecutive eight-year sentences; Brownlow was convicted of murder and is serving a sentence of life with parole; and Littrell was convicted of vehicular homicide and received a ten-year sentence. Furthermore, this is a civil case, and thus evidence of the convictions *must* be admitted pursuant to subsection (a)(1)(A). Introducing this conviction against Brooks, Brownlow and Littrell for impeachment purposes is therefore proper and should be permitted. *See Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 527 (1989) ("In summary, we hold that Federal Rule of Evidence 609(a)(1) requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony.").

Finally, insofar as Brooks argues that Rule 609(b)'s ten-year time limitation precludes CDOC from cross-examining the relevant witnesses on their prior convictions due to fact that all of their convictions occurred prior to 2012, such limitation does not apply here because each of those witnesses were serving their sentences within the past decade. Specifically, Brownlow is still incarcerated, Brooks was serving his sentence as recently as 2021 and is currently on parole, and Littrell was serving his sentence as recently as 2013 and was on parole until 2017. Rule 609(b) states that "[t]his subdivision (b) applies if more than 10 years have passed since the witness's conviction *or release from confinement for it, whichever is later*." *Id.* (emphasis added). Accordingly, Rule 609(b)'s ten-year time limit does not apply. For these reasons, CDOC should be permitted to introduce evidence regarding the basic facts (crimes, dates, sentences, restitution, *etc.*) concerning Brooks, Brownlow and Littrell's previous convictions.

5

### II. The specific facts involved in at least some of Brooks's securities fraud charges are admissible under Rule 608 because they show conduct that suggests a character for untruthfulness.

Furthermore, in addition to the basic facts surrounding Brooks's securities fraud convictions, CDOC should be permitted to elicit testimony concerning the specific details of Brooks's conduct that led to him being charged for at least some of the 24 counts brought against him – *i.e.*, the actual fraudulent conduct in which he engaged. It is true, as noted above, that under Rule 609, such granular details generally will not be admissible. *See Wolf*, 561 F.2d 1376 at 1381; *Commanche*, 577 F.3d at 1270-71. However, under Rule 608, "the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness…." *Id.* at (b)(1).

Application of that provision in this case is nearly as straightforward as the foregoing Rule 609 analysis. As noted above, Brooks was charged with 24 counts (and pleaded guilty to four counts) of lying to investors to get them to invest in a venture is which he told them that he had an exclusive distributorship deal with a Japanese electronics manufacturer – and that deal did not exist. In other words, he lied to people so that they would give him money. Indeed, twelve of the 24 counts specifically were for Securities Fraud – Making an Untrue Statement. Fraud is one of the quintessential examples of conduct that will show a character for untruthfulness under Rule 608(b). *See, e.g., United States v. Skelton*, 514 F.3d 433, 444 (5th Cir. 2008) (citing authorities holding that fraud is conduct showing a character for untruthfulness under Rule 608(b)); *United States v. Leake*, 642 F.2d 715, 718 (4th Cir. 1981) ("Rule 608 authorizes inquiry only into instances of misconduct that are clearly probative of truthfulness or untruthfulness, such as perjury, *fraud*, swindling, forgery, bribery, and embezzlement" (internal quotations

6

omitted; emphasis added).); *United States v. Brown*, No. 07-CR-874 (KAM), 2009 WL 497606, at *3 (E.D.N.Y. Feb. 26, 2009) ("Assaults and murders do not directly reveal truthfulness in the way that forgery, perjury or fraud would."); *see also United States v. Girdner*, 773 F.2d 257, 261 (10th Cir. 1985) (allowing cross examination addressing the witness's prior ballot fraud under Rule 608(b)).

And it is hard to imagine a scenario more probative of a plaintiff's credibility than one in which that plaintiff has engaged in conduct involving lying to investors and potential investors and defrauding them of millions of dollars. Indeed, this is especially poignant given the circumstances of this case, in which Brooks effectively will be asking the jury to believe his story and award him a large sum of money. That jury should know his well-established history of financially motivated dishonesty when evaluating whether it believes him or not.

Finally, CDOC notes that there appears to be a circuit split on whether the details of an underlying criminal conviction covered by Rule 609 can be admissible under Rule 608(b) when they demonstrate a character for untruthfulness, or whether the fact that the conduct in question resulted in a criminal conviction means that any such line of questioning is confined to the limits of Rule 609. *See, e.g., United States v. Osazuwa*, 564 F.3d 1169, 1174 (9th Cir. 2009) ("[E]vidence relating to convictions falls within the exclusive purview of Rule 609."); *but compare Elcock v. Kmart Corp.*, 233 F.3d 734, 753-54 (3rd Cir. 2000) (suggesting that the excluded underlying details of an embezzlement conviction was within the discretion of the judge to admit under Rule 608(b)). CDOC further notes that there is language – which likely should be construed as *dicta* – in two Tenth Circuit authorities that some courts have construed as adopting the position that conduct resulting in a conviction can only be addressed through

7

Rule 609, and not Rule 608(b).  *See United States v. DeLeon*, 308 F. Supp. 3d 1229, 1235-39 (D.N.M. 2018) (citing and quoting language from *United States v. Morales-Quinones*, 812 F.2d 604, 613 (10th Cir. 1987) and *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996) for the proposition that conduct leading to a criminal conviction is only addressed through Rule 609, and Rule 608(b) does not conduct apply).

But in this case, it does not matter.  Even if the Court were to accept the proposition that a criminal conviction precludes cross examining a witness concerning Rule 608(b) conduct showing a character for untruthfulness, a substantial amount of Brooks's activity leading to his being charged with 24 counts of securities fraud would still be covered by Rule 608(b).  That is because – as detailed above – Brooks only pleaded guilty and was convicted on *four* of those counts.  *Twenty* counts of securities fraud were dismissed as part of his plea deal.  None of those twenty counts resulted in a criminal conviction, so Rule 609 would not apply, and the underlying details of Brooks's conduct leading to the ultimately dismissed fraud charges would be admissible on cross examination under Rule 608(b).

Therefore, for all of the foregoing reasons, while Rule 609 would limit CDOC from producing evidence or eliciting testimony concerning the basic facts surrounding Brooks's four convictions for securities fraud, the underlying details of his criminal conduct – at least for the twenty charged counts for which he was not subsequently convicted – are admissible through cross examination under Rule 608(b) to show his character for untruthfulness.  CDOC respectfully requests a ruling from the Court confirming that admissibility.

## CONCLUSION

WHEREFORE, for the foregoing reasons, CDOC respectfully request that the Court grant the instant Motion in Limine and hold that the basic details surrounding the criminal convictions of the foregoing individuals are admissible under Rule 609, and that the underlying details of Brooks's security fraud convictions – or at least those charges not resulting in conviction – are admissible under Rule 608(b).

Respectfully submitted this 28th day of November, 2022.

        PHILIP J. WEISER
        Attorney General

        /s/ *Joshua G. Urquhart*
        JOSHUA G. URQUHART*
        Senior Assistant Attorney General
        KELLEY M. DZIEDZIC*
        RACHEL M. LIEB*
        Assistant Attorney Generals
        *Counsel of Record
        Civil Litigation & Employment Law Section
        1300 Broadway, 10th Floor
        Denver, Colorado 80203
        Telephone: 720-508-6000
        Facsimile: 720-508-6032
        E-mail:
        joshua.urquhart@coag.gov
        kelley.dziedzic@coag.gov
        rachel.lieb@coag.gov
        *Attorneys for Colorado Department of Corrections*

**CERTIFICATE OF SERVICE**

  This is to certify that on November 28, 2022, I have duly served the within MOTION IN LIMINE RE: ADMISSIBILITY OF CRIMINAL CONVICTIONS OF PLAINTIFF JASON BROOKS AND CERTAIN WITNESSES PURSUANT TO 609 and 608(b), AND THE DETAILS OF AT LEAST SOME OF BROOKS'S SECURITY FRAUD CHARGES, addressed as follows:

  Kevin D. Homiak
  kevin@homiaklaw.com

  Athul K. Acharya
  athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*

  Adrienne Sanchez, CDOC
  Associate Director, Legal Services

                s/ *Elle Di Muro*