IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

 COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**RESPONSE TO PLAINTIFF JASON BROOKS'S MOTION IN LIMINE #1 RE: CRIMINAL CONVICTIONS OF VARIOUS CURRENT AND FORMER CDOC INMATES**

---

Defendant Colorado Department of Corrections ("CDOC"), by and through the Colorado Attorney General, respectfully files the within Response to Plaintiff Jason Brooks's Motion in Limine #1 re: Criminal Histories of Troy Brownlow and Richard Vaughn Littrell ("Motion #1"). CDOC states the following in support thereof:

**INTRODUCTION**

The parties' various Motions in Limine and Trial Briefs in the above-captioned matter have discussed the background of, and facts surrounding, this case at length, and in the interest of brevity, CDOC will not rehash it in this Response.  As for the specific issue raised by Motion #1, by way of summary, as part of his case-in-chief at the upcoming trial, Brooks is expected to call two of his former cellmates, Troy Brownlow and Richard Vaughn Littrell, who likely will testify as to their observations of Brooks's health status when they were living with him. Brownlow currently is serving a sentence of life imprisonment with the possibility of parole in

1

connection with a 1980 stabbing murder of teenager in Adams County, Colorado. Littrell served a ten-year sentence in connection with a 2006 vehicular homicide conviction in Colorado Springs, and he was released on parole in 2013.[1] CDOC believes that it should be able to cross-examine Brownlow and Littrell concerning those convictions.

In his Motion #1, Brooks seems to acknowledge that evidence concerning Brownlow and Littrell's convictions should be presented under Rule 609 of the Federal Rules of Evidence, but he argues that the evidence should be limited to a vague statement that they were "convicted of a felony offense for which they are or were previously incarcerated." No specific reference to the crime committed, the sentence imposed, or date of conviction or offense would be permitted under that proposed approach. This would be wholly at odds with well-established, black letter Tenth Circuit law. Under precedent that is nearly a half a century old and has been cited and applied repeatedly by the appellate court and district courts within the circuit, the "essential facts" of a criminal conviction encompassed by Rule 609 are admissible. It is uncontroversial that this includes the nature of the crime, as well as the punishment imposed. In this case, at a minimum, that should include the crimes for which Brownlow and Littrell were convicted, the dates of their convictions and underlying crimes, and the sentences that were imposed.

The authorities cited by Brooks purportedly in support of his contention that the Court should depart from the well-established approach used in the Tenth Circuit and merely allow evidence that the two witnesses were incarcerated for an unspecified period for some unnamed

---

[1] Littrell also was convicted of sexual assault of a child (from a position of authority) in 2004; however, due to the age and nature of the conviction, CDOC does not seek to present evidence regarding it. He also apparently was convicted in 2004 of menacing, but CDOC does not seek to present evidence of that conviction, either.

felonies do not compel a different result. Setting aside the dispositive fact that they are non-precedential decisions that contradict black-and-white Tenth Circuit authorities, even on their face, they do not stand for the proposition that Brooks says they do. For example, in *Wilson v. City of Chicago*, which Brooks cites repeatedly and discusses at length, the Seventh Circuit expressly *rejected* the notion that the murder convictions in question should be concealed from the jury in the case. Instead, it merely held that the "sordid" or ugly details of the underlying crimes were generally inadmissible under Rule 609; this is an unremarkable proposition, and it is perfectly consistent with the law in the Tenth Circuit as well. But CDOC is not attempting to introduce evidence concerning those details, so that general principle is irrelevant here.

Therefore, for these reasons and those explained in detail below, the Court should deny Brooks's Motion #1. It should allow CDOC to produce evidence concerning the essential facts concerning the 2004 murder conviction of Brownlow and the 2006 conviction of Littrell, including the crimes for which they were committed, the dates of their convictions and underlying crimes, and the sentences imposed.

## ARGUMENT

I.   **Brooks's proposed application of Rule 609 is flatly contradicted with the "well-settled" law in the Tenth Circuit that the "essential facts" of a felony conviction encompassed by the rule are admissible.**

The analysis concerning Brooks's Motion #1 must begin with Rule 609. Subsection (a) of that evidentiary rule states in relevant part:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

> (A) *must* be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant.

Fed. R. Evid. 609(a) (emphasis added). Notably, there is no requirement in the rule that covered felony convictions constitute a crime of dishonesty; a felony conviction that falls within the scope of Rule 609 is presumptively admissible, subject to Rule 403 balancing.[2] *See Al-Turki v. Robinson*, No. 10-CV-02404-WJM-CBS, 2015 WL 6464411, at *6 (D. Colo. Oct. 27, 2015) ("As all of the felony convictions at issue here fall within the scope of Rule 609(a)(1), they are all presumptively admissible for purposes of impeachment."); *see also United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (characterizing the "essential facts" concerning a conviction encompassed by Rule 609 as "presumptively admissible").

Despite the presumptive admissibility of certain convictions under Rule 609, that does not mean that any and all information concerning a criminal conviction under that rule will be admissible at trial: "[o]rdinarily, it is improper for the prosecution to examine into the details of the crime for which the accused was convicted." *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977); *accord United States v. Commanche*, 577 F.3d 1261, 1270-71 (10th Cir. 2009) (quoting *Wolf*). As the Seventh Circuit noted in the *Wilson* decision so heavily relied upon by Brooks, the "sordid details" of a crime like murder are – unless related to the credibility of a witness – simply too prejudicial to warrant admission. *See* 6 F.3d at 1236.

---

[2] Rule 609(b) exempts certain convictions for which the date of conviction or the period of incarceration – whichever is later – occurred more than ten years ago, except for crimes of dishonesty. As Brooks acknowledges (however begrudgingly), Brownlow is still serving his sentence of life with parole, and Littrell was serving his sentence as recently as nine years ago in 2013, so the older-than-ten-years exception in Rule 609(b) does not apply.

But contrary to Brooks's assertion, that does not mean that evidence of a criminal conviction admissible under Rule 609 is limited to vague testimony that the witness was incarcerated for an unspecified period of time in connection with a conviction for an unnamed crime. Instead, the Tenth Circuit has long been crystal clear that "[t]he *well-settled rule in this circuit* is that the permissible scope of cross-examination under Rule 609 extends to the *essential facts of convictions, the nature of the crimes, and the punishment*." *Smalls*, 752 F.3d at 1240 (citing *Commanche*, 577 F.3d at 1270-71 and *Wolf*, 561 F.2d at 1381); *accord United States v. Howell*, 285 F.3d 1263, 1267 (10th Cir. 2002) (holding same); *United States v. Albers*, 93 F.3d 1469, 1479-80 (10th Cir. 1996) (same). Indeed, as the Tenth Circuit recognized in *Smalls*, "the *failure* to include the names and nature of prior offenses may prejudice the defendant because the jury is left to speculate as to the essential facts of prior convictions." 752 F.3d at 1240 (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998) for the proposition that "[t]he implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number") (emphasis added).

Brooks's position – that the admissible evidence under Rule 609 should be limited to vague testimony that Brownlow and Littrell were incarcerated for an unspecified period of time for *something* – would run directly contrary to that well-settled and extensive line of Tenth Circuit authorities, which compel the conclusion that the essential facts of Brownlow and Littrell's convictions, the nature of their crimes, and the punishment that they received, are admissible under Rule 609. Based on this black letter law, CDOC believes that it should be allowed to cross-examine those witnesses to adduce the following: the specific crimes for which they were convicted, the dates of the convictions and underlying offenses, and the sentences that

5

they received.  To be sure, CDOC acknowledges that it should not be permitted to examine the witnesses on the "sordid details" concerning the convictions.  Presumably Brooks is concerned that CDOC might attempt to inquire into the more granular details of the convictions – *e.g.*, the sensational details of the crimes for which Brownlow and Littrell were convicted – in an effort to unfairly prejudice the jury into immediately disbelieving their testimony.  But CDOC will not do that; it will simply inquire into the essential facts specified above.

## II.     *If it even mattered (and it does not), Brooks significantly mischaracterizes the holding in* Wilson v. City of Chicago, *as well as certain other authorities that he cites.*

The fact that Tenth Circuit authorities are so clear and well-established that the essential facts of a criminal conviction encompassed by Rule 609 are admissible makes the non-precedential, out-of-circuit authorities cited by Brooks irrelevant.  Even if his characterization of their holdings in Motion #1 was accurate, it would simply mean that other courts have decided Rule 609 admissibility disputes in a way that is inconsistent with the Tenth Circuit's approach.  That sort of split in authorities across jurisdictions is hardly unprecedented.

But nearly as importantly, Brooks's characterization of many of the cited authorities is *not* accurate.  First and foremost, he asserts that *Wilson v. City of Chicago*, which he cites and discusses extensively, stands for the proposition that Rule 609 only permits testimony that a witness "was 'convicted of a felony offense for which he is [or was previously] incarcerated.'" (Mot. at p. 1).  But despite the curious use of quotation marks, there is no language in the Seventh Circuit opinion that actually says that – much less says it verbatim in the manner that Brooks appears to quote from the case.  Instead, *Wilson* stands for very nearly the *opposite* proposition.  In the case, a prison inmate convicted of the murders of two policemen brought a lawsuit pursuant to 42 U.S.C. § 1983 alleging that he had been tortured by the Chicago police in

retaliation for those murders.  *See* 6 F.3d at 1236.  The Seventh Circuit opinion noted that at trial, the district court allowed the municipal defendant "over heated objections by the plaintiff's counsel, to immerse the jury in the sordid details of [the plaintiff's] crimes."  *Id.*  The court concluded that admitting that evidence under Rule 609 was improper.  *Id.*

But it did not hold that the fact that the plaintiff had been convicted of murder was itself inadmissible.  To the contrary, the Seventh Circuit specified quite the opposite: "[w]e are not suggesting that the murder convictions should have been concealed from the jury.  *Not even the plaintiff sought that*."  *Id.* (emphasis added).  Indeed, the *Wilson* court was quite clear that the district court erred by permitting the defendant to cross-examine the plaintiff on the granular details of his crimes, holding that "[t]he cross-examiner should not however have been permitted to elicit the *details* of the crimes underlying Wilson's conviction unless the details bore directly on his credibility."  *Id.* (emphasis in original).  In other words, *Wilson* is perfectly consistent[3] with the approach employed by the Tenth Circuit – a witnesses can be cross-examined under Rule 609 about whether they were convicted for specific crimes, but the underlying details of the conduct leading to the convictions generally will be inadmissible, at least under that rule.  Brooks's characterization of *Wilson* as reaching virtually the opposite result is simply wrong.

Brooks further mischaracterizes the holdings of a number of the other non-precedential, out-of-circuit decisions that he cites – albeit perhaps not as egregiously as he does with *Wilson*.  For example, although he at least implies that *United States v. Pettiford*, 238 F.R.D. 33 (D.D.C.

---

[3] In fact, *Wilson* even could be seen as *more* permissive than the foregoing Tenth Circuit authorities insofar as it allows the testimony of such granular details that bear directly on the witness's credibility.  However, while that caveat may be highly significant as to Brooks's securities fraud convictions (which obviously bear on his credibility), CDOC acknowledges that it does not apply to Brownlow or Littrell.

2006) and *Young v. Callahan*, No. 95 CIV 7584, 1995 WL 169020 (S.D.N.Y. Apr. 10, 1995) preclude cross-examining a witnesses concerning the length of a criminal sentence, in both cases, the court *allowed* that testimony. *See Pettiford*, 238 F.R.D. at 42[4] (permitting prosecutors to elicit the fact that the criminal defendant previously had been sentenced to seven to 21 years); *Young*, 1995 WL 169020, *4 (permitting same with respect to plaintiff's prior sentence of 20 years to life). This is especially notable given that the sentences in question in those cases were lengthy enough to at least imply to a jury that the witnesses in question had committed murder or a similarly serious offense.

Finally, even where Brooks does not mischaracterize the holdings of the cases that he cites, those decisions are inapposite and/or highly distinguishable. For example, in both *Wilson* and *Pettiford*, the cases involved criminal prosecutions, and the witnesses in question were the criminal defendants in question. It should go without saying that any due process or prejudice concerns are heightened in such a scenario. *See Howell*, 285 F.3d at 1267 (noting that Rule 609 has a heightened concern about potentially prejudicial evidence when the witness in question is the accused criminal defendant). That is especially true when compared to the matter before the Court, which involves a civil proceeding, and the witnesses in question are not even parties.

---

[4] Interestingly, the district court in *Pettiford* appears to have made the same mistake that Brooks does when reading *Wilson*. Like Brooks, the court erred by viewing *Wilson* as a "compromise" by the Seventh Circuit that would permit cross-examination of a witness concerning a previous felony conviction, but preclude questioning that would identify the specific crime for which the witness was convicted. *See Pettiford*, 248 F.R.D. at 42. As discussed at length above, however, this is gross misreading of the case, which specifically noted that Rule 609 *permitted* cross-examination as to a plaintiff's murder convictions, though it held the "sordid details" of those convictions to be inadmissible, at least under Rule 609. Perhaps *Pettiford* is the cause of Brooks's misreading of the case – *i.e.*, he read the district court's (mis)characterization of it and did not read the Seventh Circuit decision closely enough to realize that the *Pettiford* court's interpretation of it was flatly incorrect.

Finally, as for *Venable v. Patel*, No. 1:17-cv-01519-BAM (PC), 2022 WL 902835 (E.D. Cal. March 28, 2022), the cited court document is a terse order from yet another out-of-circuit district court that contains no reasoning, analysis or explanation. *Id.* at *1. It is hard to see how even Brooks could argue with a straight face that it somehow trumps the well-established line of Tenth Circuit authorities cited and discussed above.

## CONCLUSION

WHEREFORE, for the foregoing reasons, CDOC respectfully requests that the Court deny Brooks's Motion in Limine #1 and permit CDOC to cross-examine Brownlow and Littrell concerning the essential facts of their convictions encompassed by Rule 609 of the Federal Rules of Evidence.

Respectfully submitted this 2nd day of December, 2022.

PHILIP J. WEISER
Attorney General

/s/ *Joshua G. Urquhart*
JOSHUA G. URQUHART*
Senior Assistant Attorney General
KELLEY M. DZIEDZIC*
RACHEL M. LIEB*
Assistant Attorney Generals
*Counsel of Record
Civil Litigation & Employment Law Section
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
Facsimile: 720-508-6032
E-mail:
joshua.urquhart@coag.gov
kelley.dziedzic@coag.gov
rachel.lieb@coag.gov
*Attorneys for Colorado Department of Corrections*

## CERTIFICATE OF SERVICE

This is to certify that on December 2, 2022, I have duly served the within RESPONSE TO PLAINTIFF JASON BROOKS'S MOTION IN LIMINE #1 RE: CRIMINAL CONVICTIONS OF VARIOUS CURRENT AND FORMER CDOC INMATES, addressed as follows:

Kevin D. Homiak
kevin@homiaklaw.com

Athul K. Acharya
athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*


Adrienne Sanchez, CDOC
Associate Director, Legal Services

s/ *Elle Di Muro*