**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**PLAINTIFF JASON BROOKS'S SECOND AMENDED PROPOSED JURY INSTRUCTIONS**

---

**INSTRUCTION NO. \_\_\_**

**EQUAL STANDING**

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar situations in life. All persons, including incarcerated persons, stand equal before the law and are to be treated as equals. You should not be influenced by who the parties are, or who the witnesses are—*i.e.*, whether they are rich or poor, young or old, well-educated or not.

The sole defendant in this case is the Colorado Department of Corrections. The Colorado Department of Corrections and its employees are entitled to the same fair and unprejudiced treatment as an individual, and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

**Authority:** Instruction No. 9, KLM Civ. Model Jury Instructions (modified to fit the facts); Instruction No. 14 (modified to fit the facts), *Mackey v. Woodson*, No.17-cv-01341-CMA-STV, Document 277, 9/18/19; Instruction No. 4 (modified to fit the facts)*, Epps v. City and County of Denver*, No. 20-cv-01922-RBJ-MEH, Document 430, 3/24/22.

INSTRUCTION NO. \_\_\_\_

## CLAIM 1 – INTENTIONAL DISCRIMINATION - ELEMENTS

For Mr. Brooks to establish his claim that Defendant Colorado Department of Corrections intentionally failed to reasonably accommodate his disability, he must prove by a preponderance of evidence each of the following elements:

1. He is a qualified individual with a disability;

2. Mr. Brooks was excluded from participation in or denied the benefits of a Colorado Department of Corrections service, program, or activity;

3. This denial or exclusion was because of Mr. Brooks's disability; and

4. The Department of Corrections' discrimination was intentional.

If you find that all four of these elements have been established by a preponderance of the evidence, then you must return a verdict for Mr. Brooks and against the Department of Corrections. If you find that one or more of the elements are not met by a preponderance of the evidence, then you must return a verdict for the Department of Corrections.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1170 (10th Cir. 2021) ("[D]espite the district court's contrary conclusion, there exist genuine issues of material fact as to whether adult diapers gave Brooks *meaningful access* to meals." (emphasis added)); *id.* at 1172 ("[A] reasonable juror could find [that] . . . diapers did not give Brooks *meaningful access* to meals."); *id.* at 1173 ("[E]vidence in the record indicates adult diapers did not allow Brooks to *meaningfully access* the cafeteria because it is unacceptable to both Brooks and other inmates for him to remain in the cafeteria with feces in his diaper." (emphasis added)); *Alexander v. Choate*, 469 U.S. 287, 301–02 (1985) (recognizing accommodations for an individual's disability are not "reasonable" for purposes of the ADA if they do not provide "*meaningful access*"—not just physical access— to the facility's services, programs or activities (emphasis added)).

INSTRUCTION NO. \_\_\_\_

**CLAIM 1 – DEFINITION – NO INDIVIDUAL LIABILITY REQUIREMENT**

To prove the second element of his claim against the Colorado Department of Corrections, Mr. Brooks need not establish that the acts or omissions of a specific Department of Corrections employee deprived him of access to prison meals. Instead, it is sufficient for him to show, by a preponderance of the evidence, that the combined acts or omissions of multiple Department of Corrections employees or officials deprived him of access to prison meals.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1172 n.13 (10th Cir. 2021) ("Defendants have not identified, and this court has not been able to find, any authority standing for the proposition that a state actor must be personally liable for a constitutional violation in order for the State's conduct to come within the parameters of the second part of *United States v. Georgia*."); *see id.* ("[I]n the somewhat related context of municipal liability under 42 U.S.C. § 1983, this court has made clear that even where the acts or omissions of no one employee may violate an individual's constitutional rights, *the combined acts or omissions of several employees acting under a governmental policy or custom may violate an individual's constitutional rights*." (internal quotation marks and citations omitted)).

# INSTRUCTION NO. \_\_\_\_

## CLAIM 1 – DEFINITION – DENIAL OF ACCESS TO PRISON MEALS

To establish the second element of his intentional discrimination claim, Mr. Brooks is not required to show that he was completely prevented from accessing prison meals. Instead, he need only show he was deterred or discouraged from accessing prison meals, or that he did not receive access to meals that was equal to that of other non-disabled inmates. There is also no set or minimum number of meals that Mr. Brooks had to miss to satisfy this element.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167-68 (10th Cir. 2021) ("Nor is Brooks required to show a complete deprivation of access to food and nutrition to state a Title II reasonable accommodation claim."); *id.* at 1170 ("[A] reasonable juror could conclude dignitary and safety interests render diapers an inadequate accommodation of Brooks's ulcerative colitis to facilitate cafeteria access."); *Shotz v. Cates*, 256 F.3d 1077, 1080 (11th Cir. 2001) ("A violation of Title II, however, does not occur only when a disabled person is completely prevented from enjoying a service, program, or activity. The regulations . . . require that services, programs, and activities be readily accessible."); *Disabled in Action v. Bd of Elections in City of N.Y.*, 752 F.3d 189, 200 (2d Cir. 2014) ("[D]eterrence constitutes an injury under the ADA" (internal quotation marks omitted)); *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 73 (2d Cir. 2016) (finding a denial of meaningful access where the proposed accommodation "discourage[ed] [the plaintiff's] participation in prison activities"); *Williams v. Pennsylvania Dep't of Corr.*, No. CV 19-101J, 2021 WL 5770223, at *4 (W.D. Pa. Dec. 3, 2021), *reconsideration denied sub nom.* 2022 WL 228279 (W.D. Pa. Jan. 26, 2022) (finding triable ADA claim based on the denial of meals over a period of two weeks); *Shaw v. Pennsylvania Dep't of Corr.*, No. CV 17-229, 2018 WL 6831148, at *7 (W.D. Pa. Dec. 28, 2018) (plaintiff missed most of her meals over seven months); *Freeman v. Colorado Dep't of Corr.*, No. 16-CV-02181-NRN, 2019 WL 1296631, at *7-8 (D. Colo. Mar. 21, 2019) (plaintiff missed only seven meals in thirty days).

# INSTRUCTION NO. \_\_\_\_

## CLAIM 1 – DEFINITION – INTENTIONAL DISCRIMINATION

Mr. Brooks may prove the fourth element—that the Department of Corrections intentionally discriminated against him—by showing either:

1. The Department of Corrections acted with personal ill will or animosity towards Mr. Brooks; or

2. The Department of Corrections knew that a harm to Mr. Brooks's federally protected rights under the ADA was substantially likely and failed to act upon that likelihood; or

3. The Department of Corrections was on notice that its failure to provide an accommodation to Mr. Brooks may violate Title II of the ADA and intentionally opted to provide a lesser accommodation.

**Authority:** *Cropp v. Larimer Cnty., Colorado*, 793 F. App'x 771, 780 (10th Cir. 2019) ("[I]n determining whether [the plaintiff] made a sufficient showing of intentional discrimination, we ask only whether [he] presented evidence from which a reasonable jury could conclude that the [defendant] acted with deliberate indifference—*i.e.*, *that it both knew a harm to a federally protected right was substantially likely and failed to act upon that likelihood*." (brackets and ellipses omitted)); *Freeman v. Colorado Dep't of Corr.*, No. 16-CV-02181-NRN, 2019 WL 1296631, at *5 (D. Colo. Mar. 21, 2019) ("Intentional discrimination does not require a showing of personal ill will or animosity toward the disabled person," but can instead "be inferred from a defendant's *deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights*" (internal quotation marks and citations omitted)); *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1298 (10th Cir. 2016) (holding that intentional discrimination for a failure-to-accommodate claim under Title II of the ADA can be shown by "a defendant's *deliberate indifference* to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights" (emphasis added)); *Bartlett v. New York State Bd. of L. Examiners*, 970 F. Supp. 1094, 1151 (S.D.N.Y. 1997) ("[W]hile defendants may have had the best of intentions, and while they may have believed themselves to be within the confines of the law, they nevertheless intentionally violated the ADA . . . by willfully withholding from plaintiff the reasonable accommodations to which she was entitled under the law."), *aff'd in part, vacated in part on other grounds*, 156 F.3d 321 (2d Cir. 1998), *cert. granted, judgment vacated*, 527 U.S. 1031 (1999), and *aff'd in part, vacated in part on other grounds*, 226 F.3d 69 (2d Cir. 2000); *cf. Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 829 (D. Md. 1998) (describing the deliberate indifference standard for compensatory damages under the Rehabilitation Act as, "where a public accommodation is on notice that its failure to provide an accommodation may violate the Rehabilitation Act and intentionally opts to provide a lesser accommodation"); *Innes v. Bd. of Regents of U. System of Maryland*, 29 F. Supp. 3d 566, 584 (D. Md. 2014) (same).

INSTRUCTION NO. \_\_\_\_

**CLAIM 1 – DEFINITION – KNOWLEDGE OF SUBSTANTIAL RISK OF HARM**

Whether the Department of Corrections knew of a substantial risk of harm to Mr. Brooks's federally protected rights under the ADA may be inferred from circumstantial evidence, and the jury may conclude that the Department of Corrections knew of such a substantial risk from the very fact that the risk was obvious to Department of Corrections employees. For example, if Mr. Brooks presents evidence showing that a substantial risk that his rights under the ADA would be harmed was longstanding, pervasive, well-documented, or expressly noted by a Department of Corrections employee in the past, and the circumstances suggest that the employee had been exposed to information concerning the risk, then such evidence could be sufficient to permit the jury to find that the Department of Corrections had actual knowledge of the risk. While Department of Corrections policies do not create statutory rights, a violation of such policies by a Department of Corrections employee may provide circumstantial evidence that the employee knew of—and disregarded—a substantial risk of harm to Mr. Brooks's federally protected rights under the ADA.

**Authority:** *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); *id.* at 842-43 ("For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk." (internal quotation marks omitted)); *Mata v Saiz*, 427 F.3d 745, 751-58 (10th Cir. 2005) ("While published requirements for health care do not create constitutional rights, such protocols certainly provide circumstantial evidence that a prison health care gatekeeper knew of a substantial risk of serious harm."); *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (*en banc*) (failure to "follow an existing protocol" provides "circumstantial evidence that a prison [official] knew of a substantial risk of serious harm").

INSTRUCTION NO. \_\_\_\_

**CLAIM 1 – DEFINITION – RESPONDEAT SUPERIOR LIABILITY**

The Colorado Department of Corrections is responsible for the acts and omissions of Department of Corrections employees and officials within the scope of their employment.

**Authority**: *A.V. through Hanson v. Douglas Cnty. Sch. Dist. RE-1*, No. 21-CV-0704-WJM-SKC, 2022 WL 504138, at *9 (D. Colo. Feb. 18, 2022) ("Title II of the ADA provides for *respondeat superior* liability."); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001) ("When a plaintiff brings a direct suit under . . . Title II of the ADA against a municipality (including a county), the public entity is liable for the vicarious acts of its employees."); *Rosen v. Montgomery Cty.*, 121 F.3d 154, 157 n. 3 (4th Cir. 1997) ("Under the ADA and similar statutes, liability may be imposed on a principal for the statutory violations of its agent."); *Delano-Pyle v. Victoria Cty.*, 302 F.3d 567, 574–75 (5th Cir. 2002) ("[W]hen a plaintiff asserts a cause of action against an employer-municipality, under either the ADA or the RA, the public entity is liable for the vicarious acts of any of its employees as specifically provided by the ADA."); *DeVito v. Chicago Park Dist.*, 83 F.3d 878, 881 (7th Cir. 1996) ("[T]he ADA imposes *respondeat superior* liability on an employer for the acts of its agents.").

INSTRUCTION NO. \_\_\_\_

DAMAGES – COMPENSATORY DAMAGES

If you find in favor of Mr. Brooks, then you must determine his damages. Mr. Brooks has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Brooks for the Colorado Department of Corrections' intentional failure to reasonably accommodate his disability. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following types of compensatory damages:

1.  The physical harm to Mr. Brooks, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which Mr. Brooks will, with reasonable certainty, suffer in the future.

2.  The reasonable expense of medical or psychological care, treatment, and services required and received by Mr. Brooks in connection with his physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.

3.  The extent and duration of the injuries, including their continuation into the future.

4.  Mr. Brooks's physical or emotional pain, mental pain, embarrassment, and humiliation.

No evidence of the dollar value of physical, mental, or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Brooks for the injuries he sustained.

**Authority:** Federal Jury Practice & Instructions, § 165.70 (6th ed. Feb. 2020) (modified to reflect categories of claimed damages); 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.) (modified to remove language related to stock instructions already included); 7th Cir. Model Jury Instruction 7.26 as modified; *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990).