IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**PLAINTIFF JASON BROOKS'S RESPONSE TO THE CDOC'S MOTION
*IN LIMINE* RE: ADMISSIBILITY OF CRIMINAL CONVICTIONS OF PLAINTIFF
JASON BROOKS AND CERTAIN WITNESSES PURSUANT TO RULE 609 AND
608(B), AND THE DETAILS OF MR. BROOKS'S FRAUD CHARGES**

---

    Mr. Brooks respectfully requests the Court preclude at trial any questioning by the CDOC regarding the counts to which he did not plead guilty and—at most—be permitted to point out that the government dropped several counts against him in exchange for his guilty plea. With regard to Mr. Brownlow's 2006 conviction for murder and Mr. Littrell's 2006 convictions for vehicular homicide and vehicular assault, Mr. Brooks asks the Court to only permit the CDOC to state that Mr. Brownlow was "convicted of a felony offense for which he is currently incarcerated," and Mr. Littrell was "convicted of a felony offense for which he was previously incarcerated" or, in the alternative, state that both witnesses were convicted of a felony offense and only identify their sentences. Either approach would strike the appropriate balance between Rules 609(a)(1)(A) and Rule 403.

1

**ARGUMENT**

I. **The CDOC Should Be Prohibited from Asking Mr. Brownlow and Mr. Littrell about the Crimes They Committed or Their Sentences**

First, the CDOC incorrectly argues that Mr. Brownlow's and Mr. Littrell's convictions "*must* be admitted pursuant to subsection (a)(1)(A)" of Rule 609 because "this is a civil case." (Mot. at 5 (citing *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 527 (1989)) (emphasis in Motion).) The CDOC misstates the law.

The CDOC correctly notes that the Supreme Court stated in *Green*: "In summary, we hold that Federal Rule of Evidence 609(a)(1) requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony." (Mot. at 5 (quoting *Green*, 490 U.S. at 527) (internal quotation marks omitted).) What the CDOC fails to note, however, is that the *Green* holding depended upon the Supreme Court's analysis that Rule 403's balancing test did not apply to Rule 609. *Green*, 490 U.S. at 524–26. This holding was abrogated when Congress revised Rule 609(a)(1) in 1990 in direct response to *Green*. *See* Advisory Committee Note to 1990 Amendment of Rule 609.[1] Rule 609(a)(1) was amended in January 26, 1990, and became effective in December 1, 1990—*i.e.*, after *Green* was decided in 1989. Rule 609(a)(1) now explicitly states that impeachment evidence under Rule 609(a)(1) is subject to Rule 403.

Courts have therefore held that *Green*'s interpretation of Rule 609(a)(1) is no longer good law, as it applies the old version of Rule 609. *See, e.g.*, *Tate v. Union Oil Co. of California*, 968 F. Supp. 308, 310 (E.D. La. 1997); *Earl v. Denny's, Inc.*, No. 01 C 5182, 2002 WL 31819021, at *1

---

[1] As the Advisory Committee notes to the 1990 amendment state: "The amendment reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403 . . . is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant."

(N.D. Ill. Dec. 13, 2002) (same); *Cook v. Greyhound Lines, Inc.*, 847 F. Supp. 725, 736 (D. Minn. 1994) (same); *Tabron v. Grace*, 898 F. Supp. 293, 297 (M.D. Pa. 1995) (same).

"Under the rule now in effect [since 1990], Rule 403 explicitly applies to Rule 609(a)(1)." *Tate*, 968 F. Supp. at 311. The CDOC's motion *in limine* fails to provide any explanation why Mr. Brownlow's and Mr. Littrell's convictions are probative—a requirement under Rule 609(a)(1)(A). The CDOC's motion conveniently emphasizes (and mischaracterizes) an obligatory requirement of admission under Rule 609(a)(1)(A) – "[evidence of a criminal conviction] *must* be admitted," but fails to emphasize (or elsewhere in its motion address) the very next caveat, "*subject to Rule 403*…" (Mot. at 4.) The CDOC's motion should be denied on this basis alone.

Courts have consistently held that a murder conviction is "not a crime of dishonesty," and does not "in any way reflect on [a witness's] truthfulness." *United States v. Flaharty*, 295 F.3d 182, 190–91 (2d Cir. 2002); *cf. Jolly v. Troisi*, No. 92 Civ. 5332 (DAB), 2000 WL 620304, at *2 (S.D.N.Y. May 11, 2000) ("Evidence of Plaintiff's prior convictions for disorderly conduct, murder, and burglary are not relevant to his claim that Defendants violated his constitutional rights."); *Somerville v. Saunders*, No. 9:11-cv-556, 2014 WL 272415, at *8 (N.D.N.Y. Jan. 24, 2014) ("Convictions for murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity"); *Gill v. Lashbrook*, Case No. 13-cv-802-SMY-PMF, 2015 WL 4481799, at *2 (S.D. Ill. July 22, 2015) ("[A] conviction for 'Murder/Intent to Kill/Injure,' the conviction for which Plaintiff is currently incarcerated according to the Illinois Department of Corrections' Offender Search, is not highly probative of credibility."). The CDOC has offered no argument to the contrary. That Mr. Brownlow was convicted of murder and Mr. Littrell was convicted of vehicular homicide and vehicular assault has no probative value to their credibility or any other issue in this case.

3

Weighed against the minimal probative value of these convictions is the substantial prejudicial effect of the jury hearing about the violent nature of Mr. Littrell's and Mr. Brownlow's crimes. "[T]he probative value of a murder conviction is substantially outweighed by the danger of unfair prejudice." *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (excluding evidence of the plaintiff's murder conviction under Rules 609(a)(1) and 403). This is precisely why courts often exclude such evidence:

> [a] murder conviction . . . has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired. Where a particular murder conviction is of little or no relevance to other issues in the underlying litigation, and there are other means available to undermine credibility, then it is a short step to find that the potential for prejudice from introducing the murder conviction will substantially outweigh its probative value.

*Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) (civil case) (excluding the murder conviction). Critically, all but one of these cases is a civil case, and all of these cases excluded the murder convictions in question of the witness or plaintiff in their entirety under a Rule 403 analysis.

At bottom, Mr. Brownlow's and Mr. Littrell's convictions "ha[ve] the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired," and their convictions are "of little or no relevance to other issues in the underlying litigation." *Id.* What crimes they committed have no bearing whatsoever on what accommodations were (or were not) provided to Mr. Brooks at the Fremont Correctional Facility for his ulcerative colitis from 2012 to 2018, the reasonableness of those accommodations, or whether Mr. Brooks was denied access to prison meals because of his disability. Applying the proper Rule 403 analysis (as Rule 609(a)(1)(A) requires) makes clear that these convictions should be excluded in their entirety from trial.

## II. The CDOC Should Be Prohibited from Asking Mr. Brownlow and Mr. Littrell about the Crimes They Committed or Their Sentences

Second, the "compromise approach" described in *Young* and *Pettiford* would prohibit the jury from hearing about the nature of Mr. Brownlow's and Mr. Littrell's convictions, while allowing the jury to hear that they are convicted felons and how long their sentences were.

In its response to Mr. Brooks's MIL No. 1 (which concerns the criminal histories of Mr. Brownlow and Mr. Littrell), the CDOC correctly notes that the Seventh Circuit's decision in *Wilson* did not involve a challenge to the admissibility of the nature of the plaintiff's criminal conviction. Undersigned counsel inaccurately characterized the holding of *Wilson* in his Motion in Limine No. 1 and apologizes to the Court for this oversight.

As described in *Young* and *Pettiford*, the "compromise approach" for introducing evidence of criminal convictions under Rule 609(a)(1)(A) is that the defendant may "cross-examine plaintiff concerning the fact that he is a convicted felon serving a sentence of twenty years to life, but . . . may not elicit any details as to the nature of the offense." *Young v. Calhoun*, No. 85 CIV. 7584 (SWK), 1995 WL 169020, at *4 (S.D.N.Y. Apr. 10, 1995). In other words, the inquiring party may "cross-examine [the witness] . . . concerning the fact that he is a convicted felon who was previously sentenced in 1991 to a term of seven to twenty-one years imprisonment, but . . . may not elicit any details as to the nature of the offense." *United States v. Pettiford*, 238 F.R.D. 33, 42 (D.D.C. 2006); *see also Lyles v. Gambino*, No. 14 C 1406, 2019 WL 5654227, at *4 (N.D. Ill. Oct. 31, 2019) ("[T]he Court believes admitting the fact of Plaintiff's three felony convictions, without reference to the specific crimes, strikes an appropriate balance in this case under Rule 609 and Rule 403."). Thus, properly understood (and properly characterized), the compromise approach would permit the CDOC to cross-examine Mr. Brownlow and Mr. Littrell about the fact that they have been convicted of felonies and the length of their sentences, but not about the specific

5

convictions themselves. Mr. Brooks has no objection to the Court adopting this approach, as he believes that it "strikes an appropriate balance in this case under Rule 609 and Rule 403." *Lyles*, 2019 WL 5654227, at *4.

### III. The Court Should Preclude Any Questioning about the Underlying Facts of Mr. Brooks's Twenty Securities Fraud Charges

Third, the Court should prohibit any questioning about the underlying facts of Mr. Brooks's securities fraud charges.

"Although specific instances of conduct may, in the discretion of the court, be introduced for the purpose of attacking a witness' credibility, the probative value of such evidence must still outweigh the danger of unfair prejudice, confusion of the issues, or misleading the jury." *United States v. Saunders*, 166 F.3d 907, 920 (7th Cir. 1999); *see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("[T]he district court may under Rule 608(b) determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value."); *United States v. Alston*, 626 F.3d 397, 404 (8th Cir. 2010) ("The Rule 403 balancing of probative value versus prejudicial effect is an integral step toward a determination of admissibility under . . . Rule 608(b)."); *United States v. Bocra*, 623 F.2d 281, 288 (3d Cir. 1980) ("Rule 608(b) is meant to tie into Rule 403."). And, under Rule 608(b), the "cross-examiner may inquire into specific incidents of conduct, but does so at the peril of not being able to rebut the witness'[s] denials," because "[t]he purpose of this rule is to prohibit things from getting too far afield – to prevent the proverbial trial within a trial." *United States v. Bynum*, 3 F.3d 769, 772 (4th Cir. 1993).

"[O]ne factor to be considered" in determining whether certain questions are permissible under Rule 608 "is the extent to which the excluded question bears upon character traits that [are] otherwise sufficiently explored" at trial. *United States v. Fortes*, 619 F.2d 108, 118 (1st Cir. 1980).

"The court need not permit unending excursions into each and every matter touching upon veracity if a reasonably complete picture has already been developed." *Id.* Yet that's precisely what the CDOC seeks to do here.

The jury will be under no delusions that Mr. Brooks is "of unblemished character." *Eng*, 146 F.R.D. at 78. The CDOC will already be permitted—under Rule 609—to ask him about his conviction for four counts of securities fraud and their "punishment of felony range." *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996). The jury will also know that Mr. Brooks was incarcerated for several years for his crimes, as his six years at Fremont form the basis of his ADA claims. In short, the jury will already have more than "adequate information on which to evaluate the credibility" of Mr. Brooks's testimony, with what it will learn about his criminal convictions. *United States v. Armenta-Lopez*, 8 F.3d 30, 1993 WL 402954, at *1 (9th Cir. 1993) (unpublished).

Allowing the CDOC to go well beyond these facts and question Mr. Brooks at length in cross-examination about the remaining twenty counts to which he never pled guilty (and was never convicted) and allegedly "lying to investors to get them to invest in a venture is which he told them that he had an exclusive distributorship deal with a Japanese electronics manufacturer" unnecessarily piles on to the damaging details the jury will already know about Mr. Brooks's criminal history. (Mot. at 6.) It risks turning this case into a mini-trial about those charges, why Mr. Brooks wasn't convicted of them, and why he took a plea deal. In short, it risks distracting the jury from evaluating the straightforward elements of Mr. Brooks's ADA claim. For these reasons, the CDOC should be prohibited from cross-examining Mr. Brooks about the counts to which he did not plead guilty and should—at most—be permitted to "point out that the government . . . dropped numerous counts against [him] in exchange for [his] guilty plea." *Armenta-Lopez*, 1993

7

WL 402954 at *1. Any questioning about the counts to which Mr. Brooks did not plead guilty beyond this limitation would violate Rule 403.

## CONCLUSION

For the reasons set forth above, Mr. Brooks respectfully requests the Court preclude at trial any questioning by CDOC regarding the counts to which he did not plead guilty and—at most—be permitted to point out that the government dropped numerous counts against him in exchange for his guilty plea. With regard to Mr. Brownlow's 2006 conviction for murder and Mr. Littrell's 2006 convictions for vehicular homicide and vehicular assault, Mr. Brooks asks the Court to only permit the CDOC to state that Mr. Brownlow was "convicted of a felony offense for which he is currently incarcerated," and Mr. Littrell was "convicted of a felony offense for which he was previously incarcerated" or, in the alternative, state that both witnesses were convicted of a felony offense and only identify their sentences. Either approach would strike an appropriate balance between Rules 609(a)(1)(A) and Rule 403.

Dated: December 2, 2022.

Respectfully submitted,

*s/ Kevin D. Homiak*
Kevin D. Homiak
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, Colorado 80204
(505) 385-2614
kevin@homiaklaw.com

and

Athul K. Acharya
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97293
503-383-9492
athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2022, I electronically served the foregoing **PLAINTIFF JASON BROOKS'S RESPONSE TO THE CDOC'S MOTION *IN LIMINE* RE: ADMISSIBILITY OF CRIMINAL CONVICTIONS OF PLAINTIFF JASON BROOKS AND CERTAIN WITNESSES PURSUANT TO RULE 609 AND 608(B), AND THE DETAILS OF MR. BROOKS'S FRAUD CHARGES** on the following individuals at the following email addresses:

- **Joshua G. Urquhart**
  joshua.urquhart@coag.gov

- **Rachel Lieb**
  rachel.lieb@coag.gov

- **Kelley Dziedzic**
  kelley.dziedzic@coag.gov


*s/ Jennifer Loadman*