**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Magistrate Judge S. Kato Crews

Civil Action No. 1:13-cv-02894-SKC

JASON BROOKS,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

     Defendant.

---

## ORDER ON PENDING MOTIONS IN LIMINE

---

This Order addresses multiple pending motions in limine filed by each party. The single claim and issue to be tried is whether Defendant failed to reasonably accommodate Plaintiff's disability in violation of 42 U.S.C. § 12101 *et seq.* while he was incarcerated at the Fremont Correctional Facility from 2012 to 2018.

### LEGAL STANDARDS ON MOTIONS IN LIMINE

Motions in limine exist outside of the Federal Rules of Civil Procedure and Federal Rules of Evidence. These motions enable the court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (quoting *Palmieri v. Defaria*, 88 F.3d

136, 141 (2d Cir. 1996)) (further citations omitted). Pre-trial rulings on motions in limine can save time during trial as well as cost and effort for the parties as they prepare their cases. That said, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998) (citing *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)) ("Unless evidence meets this high standard [of clearly inadmissible], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

## PLAINTIFF'S MOTIONS IN LIMINE

## 1.    Plaintiff's Motion in Limine No. 1

Plaintiff seeks to preclude evidence of testifying witness Brownlow's 2006 conviction for murder, and testifying witness Littrell's 2006 convictions for vehicular homicide and vehicular assault.[1] **This motion is DENIED.**

If he testifies at trial, the Court finds Brownlow's 2006 conviction for murder and for which he remains incarcerated is admissible under Rule 609(a)(1). In balancing Rule 403 considerations, the Court finds the specific details of the crime is inadmissible because their probative value is substantially outweighed by the danger of unfair prejudice. But consistent with Tenth Circuit precedent, Defendant may cross examine Brownlow on the nature of the specific crime for which he was convicted, the date of the conviction, and the sentence he received. *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) ("The well-settled rule in this circuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment.").

Likewise, if he testifies at trial, the Court finds Littrell's 2006 convictions for vehicular homicide and vehicular assault for which he was released from incarceration in 2013, are admissible under Rule 609(a)(1). In balancing Rule 403

---

[1] The motion does not seek the wholesale exclusion of reference to these convictions, but rather, asks the Court to adopt the approach Plaintiff claims was taken in *Wilson v. City of Chicago*, 6 F.3d 1233, 1236–37 (7th Cir. 1993). Because Tenth Circuit precedent is on point, the Court declines to stray from it. Additionally, the motion seeks to preclude evidence of Brownlow's prior conviction for menacing. While the parties reference a different year of conviction for this crime—Plaintiff states 2006 while Defendant states 2004—Defendant says it does not seek to present evidence of this conviction.

considerations, the Court finds the specific details of these crimes are inadmissible because their probative value is substantially outweighed by the danger of unfair prejudice. But consistent with Tenth Circuit precedent, Defendant may cross examine Littrell on the nature of the specific crimes for which he was convicted, the dates of conviction, and the sentence(s) he received. *Id.*

### 2. Plaintiff's Motion in Limine No. 2

Plaintiff seeks to preclude evidence regarding (1) the underlying facts of his four 2010 convictions, and (2) his post-conviction motions and collateral challenges to his convictions and restitution amount. **This motion is GRANTED insofar as evidence of the underlying facts of his four 2010 convictions and his post-conviction motions and collateral challenges to his convictions is concerned. It is DENIED concerning evidence of the restitution amount.**

The parties agree, and the Court finds, Plaintiff's four prior convictions for securities fraud are admissible under Rule 609(a)(1). Consistent with Tenth Circuit precedent, Defendant may cross examine Plaintiff on the nature of the specific crimes for which he was convicted, the date(s) of the conviction, and the sentence(s) he received. *Smalls*, 752 F.3d at 1240. The sentence he received may include evidence of the amount of restitution he was ordered to pay as part of his sentence. *United States v. Anthony*, 25 F.4th 792, 796 (10th Cir. 2022) ("We conclude that restitution is a component of a criminal sentence and therefore included in the judgment of

conviction. Our conclusion is based on the restitution statutes and Supreme Court precedent, both of which treat restitution as part of the defendant's sentence.")

Evidence of Plaintiff's post-conviction motions or collateral challenges to his convictions is precluded under Fed. R. Evid. 403.

### 3.      Plaintiff's Motion in Limine No. 3

Plaintiff seeks to preclude evidence of (1) the claims and defendants that have been dismissed or the attorneys who previously represented or considered representing Plaintiff in this case, and (2) Plaintiff's other civil litigation. Defendant argues this evidence is relevant to Plaintiff's credibility and ultimately his motive for filing this lawsuit or positioning himself to file this lawsuit. The Court disagrees.

The sole issue in this case for the jury's consideration is straightforward: whether Defendant failed to reasonably accommodate Plaintiff's disability while he was incarcerated at the Fremont Correctional Facility from 2012 to 2018. The evidence Defendant seeks to introduce has no relevance to the issue the jury must decide. Even assuming it has some relevance, its probative value is substantially outweighed by a danger of confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403.

**This motion is GRANTED**. That said, this ruling does not preclude relevant evidence that may fall under Fed. R. Evid. 613, 801, or some other applicable rule of evidence. The Court will entertain the admissibility of any such evidence as it is offered at trial.

## DEFENDANT'S MOTIONS IN LIMINE

1.  **Motion in Limine Re: Inadmissibility of Testimony by Troy Brownlow Concerning [Plaintiff's] Incarceration At Bent County Correction Facility**

Defendant seeks to preclude Brownlow's testimony concerning Plaintiff's prior incarceration at the Bent County Correctional Facility. Brownlow was Plaintiff's cellmate at the Bent County facility for about ten months in 2011 and 2012 prior to Plaintiff's transfer to Fremont in February or March 2012. Plaintiff seeks to offer Brownlow's testimony regarding his observations of the severity and frequency of Plaintiff's symptoms a few months before Plaintiff's transfer to Fremont.

The Court agrees with Plaintiff that Brownlow's proposed testimony on these subjects is relevant to the issues the jury must decide. Moreover, his observations from 2011 and 2012 are not so far remote in time to make his observations irrelevant. The Court has considered Fed. R. Evid. 403 and finds no dangers presented by this testimony. **This motion is DENIED.**

2.  **Motion In Limine Re: Admissibility of Criminal Convictions of Plaintiff . . . and Certain Witnesses Pursuant to Rule 609 and 608(b), and the Details of at Least Some of [Plaintiff's] Security Fraud Charges**

Based on the Court's above-rulings regarding the admissibility of Plaintiff's, Brownlow's, and Littrell's respective criminal convictions, the only issue before the Court on this motion is the admissibility of the details of some of Plaintiff's other security fraud charges that were dismissed. Defendant seeks to elicit testimony concerning the details of the underlying conduct that led to Plaintiff being charged

6

with at least some of the 24 counts of securities fraud brought against him. Defendant argues this evidence is admissible under Fed. R. Evid. 608(b). Although Defendant is correct Fed. R. Evid. 608(b) generally permits "cross-examining [a witness] about specific instances of conduct not resulting in conviction if such conduct is probative of the witness' character for truthfulness or untruthfulness," *United States v. Morales–Quinones*, 812 F.2d 604, 613 (10th Cir. 1987), the Court concludes it is not permissible as offered here.

In the Tenth Circuit, under Fed. R. Evid. 609, "only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the [witness'] credibility. The further damaging details . . . [are] not." *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996). The Circuit is clear that eliciting these underlying facts runs afoul of the Rule. *Id*. Defendant has not specified the dismissed counts on which it seeks to elicit facts, but to the extent the facts underlying those dismissed charges are based on the same course of conduct underlying Plaintiff's convictions, it would result in the very prejudice to Plaintiff that Rule 609 and Tenth Circuit precedent seek to avoid.[2] Pursuant to Fed. R. Evid. 403, the Court will not permit Defendants to elicit such testimony. **The Motion is DENIED**.

---

[2] Defendant would have a stronger argument if the dismissed charges were to involve a course of conduct—probative of Plaintiff's character for truthfulness or untruthfulness—separate and apart from the fact underlying Plaintiff's convictions. But there has been no indication that is the case here.

DATED: December 6, 2022

BY THE COURT:

S. Kato Crews
United States Magistrate Judge