IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**PLAINTIFF JASON BROOKS'S <u>THIRD AMENDED</u> PROPOSED JURY INSTRUCTIONS**

---

Plaintiff Jason Brooks hereby submits the following third amended proposed jury instructions, which were rejected by the Court during the December 15, 2022 charging conference.

INSTRUCTION NO. \_\_\_
REASONABLE ACCOMMODATION – DEFINED

A reasonable accommodation to a service, program, or benefit under Title II of the ADA is one that affords the disabled person meaningful access to the service, program, or benefit. Meaningful access and the question of whether an accommodation is reasonable in this case must be assessed in light of the prison setting—prison officials have the obligation to consider security and other factors unique to the prison environment in their decision-making and they are afforded considerable discretion to do so. ==Whether an accommodation is reasonable in the prison setting may also take into account an inmate's dignitary and safety interests.==

A public entity is not required to provide the disabled person with the accommodation of the person's choice or an accommodation that would fundamentally alter the nature of the service, program, or benefit.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1170 (10th Cir. 2021) ("[A] reasonable juror could conclude *dignitary and safety interests* render diapers an inadequate accommodation of Brooks's ulcerative colitis to facilitate cafeteria access." (emphasis added)); *id.* at 1172 ("[A] reasonable juror could read the FSDMH as demonstrating this accommodation was, at the very least, just as effective at allowing Brooks to access the cafeteria and did so without any of the extremely negative implications for Brooks's *dignitary interests* and *his ability to avoid conflicts with other inmates*." (emphasis added)).

INSTRUCTION NO. \_\_\_\_

**CLAIM 1 – DEFINITION – DENIAL OF ACCESS TO PRISON MEALS**

To establish the second element of his intentional discrimination claim, Mr. Brooks is not required to show a complete deprivation of access to food and nutrition. Instead, he need only show he was deterred or discouraged from accessing prison meals, or that he did not receive access to meals that was equal to that of other non-disabled inmates. There is also no set or minimum number of meals that Mr. Brooks had to miss to satisfy this element.

**Authority:** *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167-68 (10th Cir. 2021) ("Nor is Brooks required to show a *complete deprivation* of access to food and nutrition to state a Title II reasonable accommodation claim."); *Shotz v. Cates*, 256 F.3d 1077, 1080 (11th Cir. 2001) ("A violation of Title II, however, does not occur only when a disabled person is *completely prevented* from enjoying a service, program, or activity. The regulations . . . require that services, programs, and activities be readily accessible."); *Disabled in Action v. Bd of Elections in City of N.Y.*, 752 F.3d 189, 200 (2d Cir. 2014) ("[D]eterrence constitutes an injury under the ADA" (internal quotation marks omitted)); *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 73 (2d Cir. 2016) (finding a denial of meaningful access where the proposed accommodation "discourage[ed] [the plaintiff's] participation in prison activities"); *Williams v. Pennsylvania Dep't of Corr.*, No. CV 19-101J, 2021 WL 5770223, at *4 (W.D. Pa. Dec. 3, 2021), *reconsideration denied sub nom.* 2022 WL 228279 (W.D. Pa. Jan. 26, 2022) (finding triable ADA claim based on the denial of meals over a period of two weeks); *Shaw v. Pennsylvania Dep't of Corr.*, No. CV 17-229, 2018 WL 6831148, at *7 (W.D. Pa. Dec. 28, 2018) (plaintiff missed most of her meals over seven months); *Freeman v. Colorado Dep't of Corr.*, No. 16-CV-02181-NRN, 2019 WL 1296631, at *7-8 (D. Colo. Mar. 21, 2019) (plaintiff missed only seven meals in thirty days).

INSTRUCTION NO. \_\_\_\_

**CLAIM 1 – DEFINITION – INTENTIONAL DISCRIMINATION**

Mr. Brooks may prove the fourth element—that the Department of Corrections intentionally discriminated against him—by showing either:

1. The Department of Corrections acted with personal ill will or animosity towards Mr. Brooks; or

2. The Department of Corrections knew that a harm to Mr. Brooks's federally protected rights under the ADA was substantially likely and failed to act upon that likelihood; or

3. The Department of Corrections was on notice that its failure to provide an accommodation to Mr. Brooks may violate Title II of the ADA and intentionally opted to provide a lesser accommodation.

**Authority:** *Bartlett v. New York State Bd. of L. Examiners*, 970 F. Supp. 1094, 1151 (S.D.N.Y. 1997) ("[W]hile defendants may have had the best of intentions, and while they may have believed themselves to be within the confines of the law, they nevertheless intentionally violated the ADA . . . by willfully withholding from plaintiff the reasonable accommodations to which she was entitled under the law."), *aff'd in part, vacated in part on other grounds*, 156 F.3d 321 (2d Cir. 1998), *cert. granted, judgment vacated*, 527 U.S. 1031 (1999), and *aff'd in part, vacated in part on other grounds*, 226 F.3d 69 (2d Cir. 2000); *cf. Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 829 (D. Md. 1998) (describing the deliberate indifference standard for compensatory damages under the Rehabilitation Act as, "where a public accommodation is on notice that its failure to provide an accommodation may violate the Rehabilitation Act and intentionally opts to provide a lesser accommodation"); *Innes v. Bd. of Regents of U. System of Maryland*, 29 F. Supp. 3d 566, 584 (D. Md. 2014) (same).

4

|  |  |
|---|---|
| Dated: December 15, 2022. | Respectfully submitted, |

*s/ Kevin D. Homiak*
Kevin D. Homiak
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, Colorado 80204
(505) 385-2614
kevin@homiaklaw.com

and

Athul K. Acharya
PUBLIC ACCOUNTABILITY
P.O. Box 14672
Portland, OR 97293
503-383-9492
athul@pubaccountability.org

*Attorneys for Plaintiff Jason Brooks*