IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.: 1:13-cv-02894-SKC

**JASON BROOKS**,

      Plaintiff,

v.

**COLORADO DEPARTMENT OF CORRECTIONS**,

      Defendant.

---

## FINAL JURY INSTRUCTIONS

**INSTRUCTION NO. 1**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case – for example, instructions about burden of proof and insights that may help you judge the believability of witnesses. Then I will give you specific rules of law that apply to this case. And finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. You will be allowed to take these instructions with you to the jury deliberation room, so you don't need to take notes as I read them to you.

**INSTRUCTION NO. 2**
**PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS**

These instructions contain the law that you must use in deciding the case. No single instruction states all the applicable law. All the instructions must be read and considered together.

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to what the facts are – it is your sworn duty to follow all of the rules of law that I explain to you.

You must not be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty if you were to base a verdict on any other view of the law other than what is provided in the instructions I give you.

By these instructions, the Court does not express any opinions as to what has or has not been proven in the case, or to what are or are not the facts of the case, except for the stipulations agreed to by the parties. And nothing in these instructions or in any verdict form or special interrogatories prepared for your use is meant to suggest or convey a verdict the Court thinks you should find. What verdict you reach shall be your sole prerogative and duty. Indeed, I have no opinion one way or the other regarding what verdict you reach.

## INSTRUCTION NO. 3
## ALL PERSONS EQUAL BEFORE THE LAW

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A public entity, such as Defendant Colorado Department of Corrections, is entitled to the same fair trial as a private individual. A formerly incarcerated person, such as Plaintiff Jason Brooks, is entitled to the same fair trial as an individual who was never incarcerated. All persons, including Plaintiff and the Defendant, stand equal before the law, and are to be treated as equals.

## INSTRUCTION NO. 4
## BURDEN OF PROOF AND
## PREPONDERANCE OF THE EVIDENCE – DEFINED

The Plaintiff, Jason Brooks, has the burden of proving his claim by a preponderance of the evidence.

To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.

"Burden of proof" means the obligation that party has to prove their claim by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

If a party fails to meet their burden of proof or if the evidence weighs so evenly that you are unable to say there is a preponderance on either side, you must reject that claim.

This means that no matter who produces the evidence, when you consider Plaintiff's claim in light of all the facts, you must believe that claim is more probably true than not true in order to find in his favor. To put it differently, if you were to put all the evidence in favor of Plaintiff and all the evidence in favor of Defendant on opposite sides of a scale, Plaintiff would have to make the scale tip to his side. If Plaintiff fails to meet this burden, your verdict must be for Defendant.

In evaluating whether a party has met their burden of proof, you should also know the law does not require the parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue. Nor does the law require the parties to produce as exhibits all documents or other things mentioned in the evidence in the case.

## INSTRUCTION NO. 5
## EVIDENCE – GENERAL

You must make your decision based only on the evidence the parties presented to you during the trial. That evidence consists of:

1.      The sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness;

2.      Documents and other things received into evidence as exhibits;  and

3.      Any facts on which the lawyers agree or which I instruct you to accept as true.

Nothing else is evidence. The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.      Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, during jury selection, in closing arguments, and at other times, was intended to help you interpret the evidence, but it was not evidence. If the facts as you remember them differ from the way the lawyers have described them, your memory of the facts controls.

2.      Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objections or by my rulings on them.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.      Anything you may see or hear when court was not in session is not evidence, even if what you saw or heard was done or said by one of the parties or by one of the witnesses. In addition, as I have previously told you, you are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books, the

Internet, or any material of any type or description in connection with your jury service. None of these materials are evidence.

5.      Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## INSTRUCTION NO. 6
## EVIDENCE – DIRECT AND CIRCUMSTANTIAL

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**INSTRUCTION NO. 7**
**EVIDENCE – INFERENCES**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any reasonable inference you make must be based on the evidence in the case.

**INSTRUCTION NO. 8**
**EVIDENCE - USE OF DEPOSITIONS AS EVIDENCE OR**
**WITNESSES TESTIFYING REMOTELY BY VIDEO**

During the trial, certain testimony has been presented by way of the reading of a deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in this fashion. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand. You should make no inferences regarding any testimony from the deposition that was not presented.

Further, some witnesses testified live by videoconference from a remote location. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand. You should make no inferences from the fact the witness testified under oath by videoconference from a remote location rather than in person.

## INSTRUCTION NO. 9
## HIGHLIGHTED OR REDACTED EXHIBITS

The lawyers may have highlighted certain parts of some exhibits. However, it is for you to determine the significance of the highlighted parts.

Also, the lawyers may have redacted (blacked out) portions of some exhibits. Those redactions are appropriate and are allowed by applicable law or rules. You should make no inferences based on any redactions you see in the exhibits.

**INSTRUCTION NO. 10**
**EVIDENCE - DEMONSTRATIVE EXHIBITS**

Certain timelines, diagrams, photographs and calculations may have been shown to you. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**INSTRUCTION NO. 11**
**EVIDENCE - CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial. The Court has admitted these charts and summaries, if any, in place of the underlying documents they represent in order to save time and avoid unnecessary inconvenience.

## INSTRUCTION NO. 12
## EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education, background, training, or experience, may have become knowledgeable in some technical, scientific, or very specialized area.

If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which they claim to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should judge expert testimony just as you would judge any other testimony. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, including that of other "expert witnesses," you may disregard the opinion in part or in its entirety.

## INSTRUCTION NO. 13
## DETERMINING CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony.  You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Based upon these considerations, you may believe all, part, or none of the testimony of a witness.

Further, a witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness, or by specific acts or wrongdoing of the witness. If you believe that any witness has been impeached or discredited, you are free to give the testimony of that witness the credit you believe it deserves.

## INSTRUCTION NO. 14
## EVIDENCE – NUMBER OF WITNESSES

The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact. You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**INSTRUCTION NO. 15**
**SYMPATHY**

You must not be influenced by sympathy, bias or prejudice for or against any party in this case.

## INSTRUCTION NO. 16
## SPECULATION

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

## INSTRUCTION NO. 17
## STATEMENT OF THE CASE

The Court will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law, as you are now instructed, to the facts as you find them to be.

The parties to this case are: Jason Brooks, the Plaintiff. And the Colorado Department of Corrections, the Defendant.

Mr. Brooks brings a single claim against the Colorado Department of Corrections (sometimes referred to as CDOC) under Title II of the Americans with Disabilities Act (ADA) for intentionally discriminating against him in failing to provide a reasonable accommodation for his disability. Mr. Brooks has a severe and incurable case of ulcerative colitis, which qualifies as a disability under the ADA. Even when reasonably managed, Mr. Brooks says that his condition causes him intense pain from the sudden onset of fecal urgency, often resulting in fecal incontinence, and can require him to use the bathroom upwards of fifteen times a day. Mr. Brooks claims that, for nearly five years, he tried to obtain reasonable accommodations from the Department of Corrections to receive his prison meals despite the unpredictable symptoms of his condition.

Mr. Brooks claims that the Department of Corrections violated the ADA by intentionally and repeatedly failing to provide him a reasonable accommodation for his ulcerative colitis and instead offering him an adult undergarment. Specifically, Mr. Brooks claims that (i) the Department of Corrections acted with personal ill will or animosity towards him; (ii) the Department of Corrections knew a harm to his federally protected rights under the ADA was substantially likely and it failed to act upon that likelihood; and (iii) the Department of Corrections was on notice that its failure to provide an accommodation to him might violate Title II of the ADA and intentionally opted to provide a lesser accommodation. Mr. Brooks says that the Department of Corrections intentional discrimination caused him to: (i) unnecessarily endure pain attempting to get his meals at the chow hall while trying to

19

withhold the onset of bouts of fecal urgency; (ii) defecate on himself if he could not withhold that urgency; and (iii) miss meals entirely. As a result of having to choose between these options, Mr. Brooks missed hundreds of meals while incarcerated at the Fremont Correctional Facility—including at least 91 days on which he missed all three of his meals.

In its defense, the Colorado Department of Corrections asserts that Mr. Brooks cannot establish a violation of the ADA for a number of reasons. First, the particular proposed accommodation sought by Mr. Brooks was not necessary to accommodate his disability. To the contrary, at the time Mr. Brooks requested an accommodation in spring and fall 2013, his condition was well-managed, he reported feeling better than he had in years, and his weight had rebounded and remained stable and healthy since transferring to Fremont in early 2012 and receiving appropriate care. The only indications that the proposed accommodation was necessary were Mr. Brooks' own self-reports, which were inconsistent with the evidence that he was in a good health condition with a stable and healthy weight.

Second, even if additional accommodation was necessary to address Mr. Brooks' disability, CDOC offered to make reasonable accommodations to provide him with access to meals while incarcerated. CDOC manages numerous offenders with ulcerative colitis and other incontinence issues through the issuance of adult undergarments, as well as treatment plans determined by medical staff. CDOC argues that it offered to reasonably accommodate Mr. Brooks' alleged self-reported incontinence by providing him with adult undergarments, which would have allowed him to access meals without fear that he might have an embarrassing accident. Mr. Brooks, however, refused this offered accommodation. CDOC contends that Mr. Brooks may not agree that the undergarments were a reasonable accommodation, but undergarments were an appropriate and reasonable accommodation that have been provided to numerous incarcerated persons without objection.

Further, CDOC contends that there is no evidence that it intentionally discriminated against Mr. Brooks. In response to his request for the accommodation of a medical pass to allow him to access meals with the first chow pull, he was referred to the appropriate individuals in clinical services, his request was evaluated based on his medical condition and health status at that time, and it was denied based on the assessment that his medical condition and health status did not meet the criteria for such a pass. CDOC

argues that because this assessment was appropriate and undertaken in good faith, the denial of Mr. Brooks' request cannot constitute intentional discrimination regardless of whether he disagrees and believes he needed such a medical pass. Finally, CDOC argues that Mr. Brooks refused to accept a reasonable accommodation, which defeats his ADA claim.

It is your responsibility to decide whether Mr. Brooks has proven his claims against the Colorado Department of Corrections by a preponderance of the evidence, as that standard is defined in these instructions.

These are the issues you are to decide.

## INSTRUCTION NO. 18
## STIPULATED FACTS

The parties have stipulated or agreed to the facts listed below. You must now treat each of these facts as having been proved for the purpose of this case.

1. Mr. Brooks suffers from ulcerative colitis, a chronic autoimmune disease of the large intestine.

2. Mr. Brooks' ulcerative colitis constitutes a disability under the Americans with Disabilities Act.

3. Defendant Colorado Department of Corrections is a public entity covered by the Americans with Disabilities Act.

4. At all times relevant to the subject matter of this litigation, Mr. Brooks was a citizen of the United States of America and domiciled in the State of Colorado.

5. At all times relevant to the subject matter of this litigation, Mr. Brooks was incarcerated within the Colorado Department of Corrections system.

6. At all times relevant to the subject matter of this litigation, the Department of Corrections was responsible for the provision of medical services and reasonable accommodations to incarcerated persons with disabilities under the ADA.

**INSTRUCTION NO. 19**
**TITLE II – STATUTE INVOLVED**

Title II of the ADA makes it illegal for a public entity to discriminate against a qualified individual with a disability in the provision of government programs, activities, and services. State prisons are public entities for purposes of Title II of the ADA. The ADA protects qualified individuals with disabilities who, with or without reasonable modifications to rules, policies, or practices meet the essential eligibility requirements for the receipt of services or participation in programs or activities provided by a public entity. The law places an affirmative obligation on public entities to reasonably accommodate qualified individuals with disabilities to allow them to participate in its programs and services.

**INSTRUCTION NO. 20**
**CLAIM 1: TITLE II – FAILURE TO PROVIDE REASONABLE**
**ACCOMMODATION -  ELEMENTS OF LIABILITY**

To establish a Title II violation under a reasonable accommodation theory, Mr. Brooks must prove each of the following by a preponderance of the evidence:

1.  He is a qualified individual with a disability;

2.  He was excluded from participation in, or denied the benefits of, a service, program, or activity offered by the Colorado Department of Corrections;

3.  The exclusion or denial was because of Mr. Brooks' disability; and,

4.  The Colorado Department of Corrections' discrimination against Mr. Brooks was intentional.

If you find Mr. Brooks failed to prove one or more of these elements by a preponderance of the evidence, then you must return a verdict for the Colorado Department of Corrections.

If, on the other hand, you find Mr. Brooks has proven all four of these elements by a preponderance of the evidence, then you must return a verdict for Mr. Brooks and against the Colorado Department of Corrections.

**INSTRUCTION NO. 21**
**REASONABLE ACCOMMODATION – DEFINED**

A public entity shall operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities.

A reasonable accommodation to a service, program, or benefit under Title II of the ADA is one that affords the disabled person meaningful access to the service, program, or benefit. Meaningful access and the question of whether an accommodation is reasonable in this case must be assessed in light of the prison setting—prison officials have the obligation to consider security and other factors unique to the prison environment in their decision-making and they are afforded considerable discretion to do so.

A public entity is not required to provide the disabled person with the accommodation of the person's choice or an accommodation that would fundamentally alter the nature of the service, program, or benefit.

## INSTRUCTION NO. 22
## INTENTIONAL DISCRIMINATION – DEFINED

Intentional discrimination does not require a showing of personal ill will or animosity toward the disabled person. Rather, intentional discrimination may be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of the plaintiff's federally protected rights.

Deliberate indifference requires both:

1. knowledge that a harm to a federally protected right is substantially likely, and,

2. a failure to act upon that likelihood.

Deliberate indifference requires actual knowledge; allegations that a defendant "would have" or "should have" known will not satisfy the knowledge prong (number 1, above) of deliberate indifference A factfinder may conclude that a defendant knew a harm to a federally protected right was substantially likely from the very fact that the risk was obvious. Evidence of obviousness may include showing the risk of harm to the federally protected right was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the public entity had been exposed to information concerning the risk and thus must have known about it.

A failure to act (number 2, above) is conduct that is more than negligent and involves an element of deliberateness. But a public entity does not "act" by offering or providing just any accommodation— it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable.

**INSTRUCTION NO. 23**
**RESPONDEAT SUPERIOR LIABILITY – DEFINITION**

Under the doctrine of respondeat superior, an employer is liable for the acts and omissions of its employees while acting within the scope of their employment.

**INSTRUCTION NO. 24**
**DAMAGES NOT TO BE INFERRED**

I will now instruct you on the law relating to damages.

The fact that an instruction on measure of damages is given to you does not mean the Court is instructing you to award or not award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

## INSTRUCTION NO. 25
## DAMAGES – COMPENSATORY DAMAGES

If you find in favor of Mr. Brooks, then you must determine his damages proximately caused by the Colorado Department of Corrections. Mr. Brooks has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Brooks for the Colorado Department of Corrections' intentional failure to reasonably accommodate his disability. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following types of compensatory damages:

1. The physical harm to Mr. Brooks, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which Mr. Brooks will, with reasonable certainty, suffer in the future.

2. The reasonable expense of medical or psychological care, treatment, and services required and received by Mr. Brooks in connection with his physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.

3. The extent and duration of the injuries, including their continuation into the future.

4. Any mental or emotional injury suffered while in custody but only if there has been a prior showing by Mr. Brooks of more than a minimal physical injury.

No evidence of the dollar value of physical, mental, or emotional injury has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Brooks for the injuries he sustained.

**INSTRUCTION NO. 26**
**DEFINITION – PROXIMATE CAUSE**

A proximate cause of damages is that which, in a natural and continuous sequence, produces the damages, and without which the damages would not have occurred. It need not be the only cause, the last cause, nor the nearest cause.  It is sufficient if it occurs with some other cause acting at the same time which causes the damages.

**INSTRUCTION NO. 27**
**UNCERTAINTY AS TO THE AMOUNT OF DAMAGES**

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. In that circumstance, you should use your best judgment based on the evidence.

On the other hand, damages may not be awarded where the fact of damages, as opposed to the amount, is uncertain.

**INSTRUCTION NO. 28**
**NOMINAL DAMAGES**

      If you return a verdict for the Plaintiff, but find he has failed to prove he suffered any damages, then you must award the Plaintiff the nominal amount of $1.00.

**INSTRUCTION NO. 29**
**NO CONSIDERATION OF ATTORNEY'S FEES**

If you find for Mr. Brooks, you must not consider any attorney's fees or court costs in deciding the amount of his damages. I will decide the matter of attorney's fees and court costs, if any, later.

## INSTRUCTION NO. 30
## APPLYING LAW TO EVIDENCE

In your deliberations, your duty is to apply the Court's instructions of law to the evidence that you have seen and heard in the courtroom. You are not allowed to look at, read, consult, or use any material of any kind, including newspapers, magazines, television and radio broadcasts, dictionaries, medical, scientific, technical, religious, or law books or materials, or the Internet in connection with your jury service. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking, Google, Wikipedia, Twitter, Facebook, blogs, and any other website. You are not allowed to do research of any kind about this case.

Do not use information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you. Do not do your own investigation about this case. You are not allowed to visit any places mentioned in the evidence. If this is an area that you normally go through, you should try to take an alternate route. If you are not able to take an alternate route, you should not gather any information from that location.

## INSTRUCTION NO. 31
## DUTIES UPON RETIRING

When I finish reading these instructions, the Court Security Officer will be sworn and will escort you to the jury room and will give you the original jury instructions and the original verdict forms. Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes with you and your copy of the jury instructions that I have just read. The original of the jury instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. ~~Your copy of the instructions may be marked or used in any way you see fit.~~

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions in their entirety before beginning your deliberations. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

You may deliberate only while all jurors are present together in the jury room. You must suspend your deliberations until and unless you are all present together in the jury room.

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply and follow the laws contained in these instructions whether you agree with them or not. Your decision is called a "verdict" and is reached by applying those laws to the facts as you find them. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies when reaching your verdict.

You must follow all of these instructions and not single out some and ignore others; they are all equally important.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

Any verdict you reach must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

Your verdict must be based solely on the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended, in any way, to suggest to you somehow what I think your verdict should be. Nothing said in these instructions and nothing in any verdict form or special interrogatories, which have been prepared for your convenience, is to suggest or convey to you in any way what verdict I think you should return. What the verdict shall be is your exclusive duty and responsibility. As I have told you many times, you are the sole judges of the evidence and the facts.

This is an important case. If you should fail to agree upon a verdict, the case is left open and it must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without doing violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

A Verdict Form has been prepared to help guide you through your deliberations. This form contains questions and directions for answering them. In answering these questions, you must apply the law in these instructions to the facts that were proved by the evidence in this case. You will note that the Verdict Form includes a question which calls for a "yes" or "no" answer. The answer to the question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided for each response. As you will note from the wording of the questions, it may not be necessary to consider or answer every question. You will be provided

with only one copy of the Verdict Form, so please do not write on the form or indicate your answer to any questions on it until you have all agreed on the answer.

Also, as you will note from the wording of the questions in the Verdict Form, it may be necessary for you to answer questions in another form called Special Interrogatories. Special interrogatories are written questions answered by the jury that inform the Court of certain of your factual findings. There are issues in this case that present a legal question for me to resolve, but I cannot resolve the legal question without first receiving your assistance in determining certain facts that are in dispute in this case that have a bearing on the legal question. To inform me of your factual findings, you will complete answers to these special interrogatories.

Your answer to these Special Interrogatories must be based solely on the evidence received during trial and on the law that I have given to you in my instructions and in the Special Interrogatories. Nothing I have said or done was meant to suggest what I think your answers should be to these questions. The answers are entirely up to you.

After you reach a verdict, your foreperson should ensure that the Verdict Form is complete and then you each must sign the Verdict Form and the form must be dated. Please double-check that the form has been filled out in its entirety and signed and dated. The foreperson should then advise the Court Security Officer that you have reached a verdict, but do not tell the Court Security Officer what your verdict is. The Court Security Officer will then inform me that you have reached a verdict. The foreperson should remain in possession of the Verdict Form until you return to the courtroom and I request that it be given to me.

**INSTRUCTION NO. 32**
**COMMUNICATING WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the Court Security Officer, signed by one of you. Do not disclose the content of your note to the Court Security Officer. No member of the jury should hereafter attempt to communicate with me except by signed writing and I will communicate with the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take time and effort. Before giving you an answer or direction, I must first notify the attorneys and bring them back to the court. I must confer with them, listen to their arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be questions that, under the law, I am not permitted to answer for you. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.