IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:13-cv-02894-SKC

JASON BROOKS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

## ORDER REGARDING REMITTITUR

On December 16, 2022, a five-day jury trial concluded with the jury awarding Plaintiff Jason Brooks $3.5 million in compensatory damages for Defendant Colorado Department of Corrections' violation of Title II of the Americans with Disabilities Act (ADA). Dkt. 434, pp.1-3. [1] Approximately one month later, Defendant filed its Rule 59 Motion to Alter or Amend Judgment, or for a New Trial (Motion). Dkt. 440. The Motion seeks remittitur, arguing that the $3.5 million award is excessive and should be reduced by the Court, or alternatively, if Plaintiff rejects the Court's reduced award, the Court should order a new trial. *Id.* at p.16.

The Court carefully reviewed the Motion and associated briefing, and

---

[1] The Court uses "Dkt.__" to refer to specific docket entries in CM/ECF.

1

applicable law.² No hearing is necessary. Because the Court finds that Defendant has failed to meet its heavy burden of arguing the jury award shocks the judicial conscience, the Court DENIES the Motion. Further, because the Court rules on the Motion, the Court DENIES AS MOOT Defendant's Rule 62 Motion for a Stay of the Judgment Without Posting a Bond or Other Security (Rule 62 Motion), which sought a stay of the judgment pending the Court's ruling on the Motion. *See* Dkt. 474, p.1 ("Defendant Colorado Department of Corrections . . . respectfully files this Rule 62 Motion for a Stay of the Judgment while its Rule 59 Motion is Pending (ECF-440)").

## **LEGAL PRINCIPLES**

"[A]bsent an award so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the damages is considered inviolate." *O'Gilvie v. Int'l Playtex, Inc.*, 821 F.2d 1438, 1449 (10th Cir. 1987) (quoting *Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 703 F.2d 1152, 1168 (10th Cir. 1981)) (cleaned up). "The jury holds 'the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact.'" *Prager v. Campbell Cnty. Mem'l Hosp.*,

---

² The parties, having concluded a five-day jury trial, should be well familiar with the procedural history and the factual background of this case.

731 F.3d 1046, 1063 (10th Cir. 2013) (quoting *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000)).

Further, "the determination of the quantum of damages in civil cases is a [jury's] function. The [jury], who has the first-hand[ ] opportunity to hear the testimony and to observe the demeanor of the witnesses, is clothed with a wide latitude and discretion in fixing damages, pursuant to the court's instructions, deemed proper to fairly compensate the injured party." *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir. 1985) (citing *Rosen v. LTV Recreational Dev., Inc.*, 569 F.2d 1117, 1123 (10th Cir. 1962)). "[T]he amount of damages awarded by a jury can be supported by any competent evidence tending to sustain it." *Prager*, 731 F.3d at 1063 (quoting *Bennett*, 774 F.2d at 1028).

The decision to order a remittitur is within the discretion of the district court. *Prager*, 731 F.3d at 1061. But "[a] district court abuses its discretion in ordering a remittitur 'when the size of the verdict turns upon conflicting evidence and the credibility of witnesses.'" *Id.* (quoting *Palmer v. City of Monticello*, 31 F.3d 1499, 1508 (10th Cir. 1994)).

## ANALYSIS

Defendant argues the $3.5 million verdict is excessive because it is contrary to Defendant's understanding of the evidence, is only supported by Plaintiff's self-serving testimony, and is far greater than damages awarded in other similar cases. Defendant also argues, *for the first time*, that "it is far from clear that an Americans

3

with Disabilities Act (ADA) Title II plaintiff can even recover for" a mental or emotional injury, to which Defendant ascribes most of the damages award. Dkt. 440, p.12. None of these arguments are persuasive.

Taking the last argument first—that mental or emotional injury damages may not be available under Title II of the ADA—the Court finds that Defendant waived this argument by not raising it earlier. Defendant only now brings to the Court's attention the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 222-23 (2022), which held that emotional distress damages are not available under the Rehabilitation Act. Dkt. 440, pp.12-15. Defendant now (somewhat half-heartedly) argues this Court should extend *Cummings* to bar the recovery of mental and emotional damages under Title II of the ADA. *Id.* The Court need not undertake such an analysis, however.

The time for Defendant to have raised this argument was at any point prior to trial, such as in a trial brief, motion *in limine*, or during the jury instructions charging conference.[3] *See* Fed. R. Civ. P. 51(c) (when objections to jury instructions are timely). Indeed, not only did Defendant never object before trial, but it proffered jury instructions recognizing that the jury *could* award damages for "emotional pain [and/or] mental pain . . . ." *See* Dkt. 408, p.8 (Defendant's Amended Proposed Jury Instructions). Thus, if there was any error as Defendant now claims,

---

[3] The *Cummings* decision issued April 28, 2022. The trial of this matter did not start until December 16, 2022. Defendant had abundant time to raise this issue before trial.

4

Defendant invited it. *See Curtis Park Group, LLC v. Allied World Specialty Ins. Co.*, No. 20-cv-00552-CMA-NRN, 2022 WL 444375, at *1 (D. Colo. Feb. 14, 2022) ("The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error.") (quoting *United States v. Johnson*, 183 F.3d 1175, 1178 n.2 (10th Cir. 1999)).

And Defendant submitted its proposed jury instructions on December 2, 2022, *over seven months after* the Supreme Court issued its *Cummings* decision. *Compare* Dkt. 408 *with Cummings*, 596 U.S. at 212. Defendant's argument is now too late. *Cf. Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (When considering a motion for reconsideration, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").[4]

Defendant's other arguments that the jury's award is excessive are similarly unavailing. Defendant's arguments can be distilled to the following: Defendant believes the jury's damages award compensates Plaintiff for primarily mental and emotional damages, that the only evidence that Plaintiff suffered any damages for mental and emotional damages was Plaintiff's self-serving testimony, and that the award is excessive, particularly when compared to other civil rights cases.

---

[4] Because Defendant waived this argument, the Court does not consider Defendant's argument to extend the reasoning of *Cummings* to ADA Title II claims. Even if the Court were to consider the argument, the merits of the argument are not apparent from the short-shrift and equivocation Defendant gave the issue in its briefing.

First, Defendant did not cite the trial transcript at all in its Motion.[5] *See* Dkt. 440. Yet examining a jury's damages award to consider ordering remittitur requires a "factually-intensive" analysis of the trial record. *See Martinez v. Valdez*, 125 F. Supp. 3d 1190, 1196 (D. Colo. 2015). "It is the party's, and not the district court's function, to present the material facts to the court and then, in its analysis, apply those facts to the law." *Hill v. ITT Fed. Servs. Int'l Corp.*, No. 04-cv-02389-WDM-MEH, 2007 WL 951125, at *3 (D. Colo. Mar. 27, 2007) (quoting *Mitchell v. City of Wichita*, 140 F. App'x 767, 781 n.16 (10th Cir. 2005)). Sussing out testimony and other evidence to support a defendant's argument for remittitur is not the Court's responsibility. *Id.* And

> [i]t is not sufficient for counsel to present such a motion relying entirely on counsel's recollections and characterizations of the testimony, rather than by means of specific citations to and quotations from the trial record; such recollections and characterizations are often mistaken about the precise content of the testimony, skewed, conflated with statements made by witnesses outside of trial, or otherwise unreliable in a host of ways.

*Martinez*, 125 F. Supp. 3d at 1196-97.

Second, as Plaintiff points out with pinpoint citations, the jury did in fact hear evidence of not only mental or emotional distress but also (1) Plaintiff's physical pain, (2) Defendant's denial to Plaintiff of access to meals, and

---

[5] Defendant waited until its Reply to cite the trial transcript. But even then, it failed to cite the transcript with precision—*i.e.*, page and line numbers. It instead cited broad swaths of pages of testimony. *See, e.g.,* Dkt. 471, p.12 (citing to pages 133 through 152 of a particular trial day's transcript). Nevertheless, the Court did review each of Defendant's cited pages of trial transcript.

(3) Plaintiff's weight loss. *See, e.g.,* Dkt. 441, 148:21-25, 152:12-24, 155:13-18, 167:19-168:22, 186:14-25, 201:2-202:6, 206:18-21; Pl. Trial Exs. 2, 13, 18, 30. The Court thus finds that a preponderance of competent evidence supports the jury's award. *See Prager*, 731 F.3d at 1063; *see also Mathieu v. Gopher News Co.*, 273 F.3d 769, 783 (8th Cir. 2001) ("Certainly, another jury may have come out with a lower figure, but yet another may have awarded a higher amount."); *see also Martinez*, 125 F. Supp. 3d at 1204 ("The Court cannot say that these awards shock the judicial conscience. They are, to be sure, generous awards . . . [but] the Court cannot diminish the emotional distress that any citizen would feel when police officers forcibly entered one's residence without justification or consent.").

Third, the fact that much of the evidence supporting the jury's award came from Plaintiff's own testimony, which Defendant dismisses as self-serving, is not surprising or an anomaly. It was the jury's provenance as fact-finder to determine witness credibility, weigh the evidence, draw inferences, resolve conflicts, and ultimately determine the facts. *See Prager*, 731 F.3d at 1063. Indeed, Defendant teed up the very issue of Plaintiff's testimony and his credibility for the jury's consideration in its closing argument: "And the critical question you do have to ask is to what extent is Mr. Brooks a credible source of information when it comes to describing the circumstances of this particular case?" Dkt. 445, 930:12-931:3, 931:15-22.

This Court will not invade the province of the jury, whom it appears found

7

Plaintiff's testimony credible, by making a *post hoc* determination that his testimony was somehow "self-serving." *See Prager*, 731 F.3d at 1061-62; *see also Mathieu*, 273 F.3d at 783 (discounting argument that plaintiff's "self-serving testimony" by itself was inadequate evidence to support jury's award).

Fourth, the Tenth Circuit "discourage[s] comparisons to awards from other cases." *Hill v. J.B. Hunt Transp., Inc.*, 815 F.3d 651, 670 (10th Cir. 2016). "Such comparisons 'yield no insight into the evidence the jurors heard and saw or how they used it during their deliberations.'" *Id.* (quoting *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1252 (10th Cir. 2000)). While the Tenth Circuit does allow for comparisons, the comparison case must be "strikingly similar" in order "to serve as a meaningful benchmark." *Id.* at 671.

Defendant concedes "the relative paucity of Title II ADA cases involving analogous fact patterns . . . ." Dkt. 440, p.10. The Court has reviewed both Plaintiff's and Defendant's proffered comparison cases and finds that none are "strikingly similar" such that they could aid the Court in evaluating the jury's damages award here.

\* \* \*

Because the Court does not find that the jury's damages award "shock[s] the judicial conscience" and "raise[s] an irresistible inference that passion, prejudice, corruption or other improper cause" affected the jury's determination, the Court DENIES the Motion. Further, because the Court rules on the Motion, the Court

8

DENIES AS MOOT the Rule 62 Motion.

DATED: March 11, 2024.

BY THE COURT

_____
S. Kato Crews
United States District Judge

9